# In the United States Court of Federal Claims

No. 06-867C
Filed: July 3, 2007

******************************************
MORSE DIESEL INTERNATIONAL, INC., d/b/a AMEC CONSTRUCTION MANAGEMENT, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
******************************************

## PROTECTIVE ORDER

Defendant's June 29, 2007 Unopposed Motion For Entry Of Protective Order is, hereby, granted. Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims, and with the consent of the parties, the court enters the following Protective Order.

**(1) Designation of Confidential Information.**

**A. Production Of Information By The United States That May Be Subject To The Trade Secrets Act, 18 U.S.C. § 1905, The Procurement Integrity Act, 41 U.S.C. § 423, And Its Implementing Regulations, The Privacy Act, 5 U.S.C. § 552a, Or Other Privacy And Confidentiality Protections.** The United States may produce documents to Plaintiff that may contain certain individually identifiable information (defined as information that is connected to a person's name, address, Social Security number or other identifying number), pursuant to Plaintiff's discovery requests. The information and documents produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, and other privacy provisions. The United States may also produce documents to Plaintiff that may contain information subject to the Trade Secrets Act, 18 U.S.C. § 1905, the Procurement Integrity Act, 41 U.S.C. § 423, and its implementing regulations and other confidentiality provisions. The United States may produce such documents

unredacted to the Plaintiff. Upon producing these documents to the Plaintiff, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below.

B. **Plaintiff's Designation of Confidential Information.** Plaintiff may designate documents, deposition testimony, or other information as "confidential" in the manner set forth in this Order. Such designations may include Plaintiff's own non-public financial statements, financial information, underlying ledger books and similar materials, or other confidential business information or trade secret information of the Plaintiff, whether or not such material appears in a document generated by the Plaintiff.

**(2)** **Designation of Material Subject to the Protective Order.** To designate "confidential" material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." For example, when a disc contains any documents that contain confidential information, the parties may mark the entire disc as confidential to signify that the disc contains, in part, confidential information.

**(3)** **Use of Confidential Information.** Subject to paragraphs 11 and 12, the parties, including counsel and their personnel, may use information designated as confidential by the opposing party only for purposes of the litigation. Persons provided with access to information designated as confidential by the opposing party, including without limitation counsel for both parties, employees of counsel, any expert or non-expert witnesses or consultants in this litigation, or providers of copying, scanning, and similar services, must first be provided with a copy of this Order and sign and date the form of acknowledgment attached to this Order before receiving access to confidential information. Each party shall retain copies of all such executed acknowledgment forms. Each person receiving confidential information shall maintain such confidential information in his or her possession in a manner sufficient to protect such information against unauthorized disclosure. Neither party shall file documents designated confidential with or submit them to the court or reproduce their contents in any court filing unless the document or filing is placed under seal or the parties have agrees in a written stipulation upon a redacted version of the document to be filed with the court.

**(4)** **Confidential Information in Depositions.** Parties may show deponents designated confidential information. However, efforts should first be made, if practicable, to conceal confidential information by the parties agreeing in a written stipulation upon a redacted version of the documents to conceal the confidential information. During the course of the deposition, the parties may designate deposition testimony as

confidential. Additionally, the parties may, within thirty business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be kept under seal separate from the portions and exhibits not so marked or the entire deposition and exhibits shall be kept under seal. Each party and the court reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall thereafter be treated in accordance with this Order. If practicable, when confidential designations are made during the course of a deposition, the court reporter shall indicate the confidential portions in the written transcript.

**(5)** **Confidential Information in Open Court.** The procedures for use of the designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove confidential information, and requesting the court to submit such documents under seal or to seal any transcript of court proceedings No party shall disclose designated confidential documents in open court without prior consideration by the court.

**(6)** **Return and Destruction of Confidential Information.** Within 90 days of the final conclusion of this litigation, the parties shall return any documents designated confidential by the opposing party and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to the counsel of record for the opposing party, or shall destroy then and certify in writing to counsel of record for the opposing party that the documents have been destroyed. Counsel of record shall be entitled to retain (a) pleadings and other papers filed with the court, and (b) any attorney notes and other work product material for which counsel for the retaining party believes in good faith to be protected from disclosure by the attorney-client privilege or the work product doctrine, provided that the retaining party agrees to give prompt written notice to the designating party in the event that any such notes or materials are subpoenaed or made the subject of any discovery request in any future court action or proceeding and in advance of the return date of the discovery request or subpoena. All confidential information not embodied in documents or tangible materials, items or things, and all documents or tangible materials, items or things retained by counsel of record pursuant to the preceding sentence, shall remain subject to this Order.

(7) **Authority to File Documents Under Seal with the Court.** The Clerk shall accept for filing under seal any information so designated by the parties pursuant to this Order.

(8) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes otherwise improper. This Order may be modified only by an order of this court.

(9) **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order. Any party who inadvertently or unintentionally fails to designate information as confidential, or otherwise wishes to change the designation of confidentiality under this Order, may later do so, and such document/information shall be treated by the receiving party as being so designated with confidentiality from the time the receiving party is notified in writing of the inadvertent designation. Additionally, the inadvertent or unintentional disclosure of confidential information by any party, regardless of whether the information was designated as confidential information at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating party's claim of confidentiality, either as to specific information disclosed or as to any other information relating thereto or on the same or a related subject.

(10) **No Ruling on Discoverability Nor Admissibilty.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

(11) **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, documents designated as confidential by Plaintiff relating to any potential violation of law or regulation, or to any matter within the agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such documents designated as confidential by Plaintiff by an agency in any proceeding relating to any potential violation of law or regulation, or to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order. If the United States discloses any information designated as confidential pursuant to this provision, the United States will provide the Department, agency or division with a copy of the Protective Order.

**(12)** **Disclosures to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

**(13)** **Objection to Disclosure.** Consistent with the Government's obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4) and any other protections provided under Federal law, prior to disclosure of information designated as confidential by Plaintiff pursuant to this Protective Order, the United States will give Plaintiff advance notice as provided in 28 C.F.R. § 16.8.

**(14)** **Relief.** The Protective Order is without prejudice to the right of either party to seek relief from the court, upon good cause shown, from any of the terms provided above.

**(15)** **Definition of Party.** The term "party" shall include all affiliated companies and predecessors, successors or assigns of the party or parties receiving, producing or designating under this Order.

**(16)** **Clawback Agreement.** Production of any documents or materials without intent to waive any privilege or other work product protections is not a waiver as long as the producing party identifies the documents mistakenly produced. Any such documents identified by the producing party, and any copies will be returned to the producing party immediately.

**(17)** The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not business confidential, privileged, proprietary, or would not adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**