IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC. (f/k/a Morse Diesel International, Inc.), | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-867C (Judge Braden) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR ENLARGEMENT OF DISCOVERY

Defendant respectfully requests, pursuant to Rule 6(a) of the Rules of the Court of Federal Claims ("RCFC"), that the Court grant an enlargement of time of the discovery period of sixty-one days from August 1, 2008 to October 1, 2008, for defendant to complete its non-expert related discovery in this matter.[1] This is the first request for an enlargement of time for this purpose. Defendant's counsel has contacted plaintiff's counsel and understands that plaintiff opposes defendant's motion for an enlargement of the discovery period.

Defendant has invested the vast majority of its time and efforts in responding to the plaintiff's voluminous requests for the production of documents, the plaintiff's first set of interrogatories, dated April 23, 2008, and has produced the following witnesses for plaintiff's depositions: Terry Page (June 6, 2008 in Houston, TX) and Karen Poole (June 12-13, 2008 in Kansas City, MO). Plaintiff's deposition of Martin Hom is scheduled for June 25, 2008 in San Diego, California. On June 12, 2008, plaintiff's counsel noticed the depositions of Georgann Butler and Linda Phillips for July 22 and 23, 2008 in Kansas City, MO; in response, defendant's counsel has requested that those depositions be conducted on July 30 and August 1, 2008.

[1] The Court has not yet set a deadline for discovery regarding expert witnesses.

On September 14, 2007, defendant served its first request for production of documents in this case. On May 22, 2008, plaintiff first provided copies of documents in response to defendant's first request for production of documents.

On May 1, 2008, defendant served its second request for production of documents. On June 2, 2008, plaintiff served its formal response to defendant's second request for production of documents. Plaintiff stated in response to all of the defendant's requests for production of documents that: "Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request." To date, plaintiff has not produced any documents in response to defendant's second request for production of documents. Although plaintiff has indicated that it will provide an index of the documents that it is making available for defendant's inspection and copying, it has not yet done so.

Defendant's records indicate that, on May 13, 2008, defendant served its first set of interrogatories and request for production of documents in this case. That document contained defendant's interrogatories numbers one and two. On June 16, 2008, defendant's counsel inquired as to plaintiff's responses to defendant's first set of interrogatories and request for production of documents. In response, plaintiff's counsel first notified defendant's counsel that it had not received defendant's first set of interrogatories and request for production of documents; plaintiff's counsel also indicated that it had received defendant's second set of interrogatories and request for production of documents on May 24, 2008. Defendant's second set of interrogatories contained interrogatory number 3, because interrogatories numbers one and two were contained in defendant's first set of interrogatories. Upon plaintiff's receipt of defendant's second set of interrogatories on May 24, 2008, plaintiff's counsel did not notify defendant's counsel that it had not received defendant's first set of interrogatories.

On May 24, 2008, defendant served its second set of interrogatories and request for production of documents in this case. Plaintiff has not yet responded to this discovery request.

Defendant must review the documents that plaintiff is locating and making available in response to defendant's second request for production of documents, dated May 1, 2008. Defendant also needs to obtain complete answers to its two sets of interrogatories and requests for production of documents mentioned above. Defendant also needs to depose the following individuals at a minimum: (1) Graham Harwood, (2) Paul Laskowske, (3) William Keating of KPMG, and (4) a Rule 30(b)(6) deposition of KPMG. Defendant also may need to depose additional individuals depending upon the documents and information that plaintiff produces in response to defendant's pending discovery requests.[2] Defendant cannot both continue to respond to plaintiff's discovery requests and depositions, and complete defendant's own discovery by the August 1, 2008 discovery deadline and requires an enlargement of 61 days to complete discovery.

Accordingly, defendant respectfully requests that the Court grant this motion and allow a 61-day enlargement of time to and including October 1, 2008, for defendant to complete its discovery in this matter.

---

[2] In addition, defendant's counsel among other things is required to: (1) prepare and file a brief in Pete Geren, Secretary of the Army v. Tecom, Inc., Fed. Cir. No. 2008-1171, by June 20, 2008, (2) present oral argument in L-3 Communications Integrated Systems v. United States, Fed. Cl. No. 06-396C, on June 28, 2008, (3) prepare an appeal memorandum for the Solicitor General's office in another matter, and (4) prepare and file a dispositive motion in Morse Diesel Int'l v. United States, No. 99-279 et al. by September 5, 2008. Defendant's counsel also is required to take leave in both August and September 2008 to attend to personal matters.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Attorneys for Defendant

Of Counsel:
TRACY L. HILMER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

ERIC L. MILLER
Office of the Inspector General
General Services Administration

CATHERINE CROW
General Services Administration

June 16, 2008