# In the United States Court of Federal Claims

No. 06-867C
Filed: July 7, 2008
NOT FOR PUBLICATION

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a MORSE DIESEL INTERNATIONAL, INC., Plaintiff, v. THE UNITED STATES, Defendant. | Enlargement; Fed. R. Civ. P. 1; RCFC 1; RCFC 6(b). |

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S JUNE 16, 2008 MOTION FOR ENLARGEMENT OF DISCOVERY**

On June 16, 2008, the Government filed a Motion For Enlargement Of Discovery ("Gov't Mot."), pursuant to Rule of the Court of Federal Claims ("RCFC") 6(a) requesting "an enlargement of time of the discovery period of sixty-one days from August 1, 2008 to October 1, 2008, for [the Government] to complete its non-expert related discovery[.]" Gov't Mot. at 1.[1,2]

---

[1] United States Court of Federal Claims Rule 6(b) provides:

> *Enlargement*. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under RCFC 52(b), 54(d)(1), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

The Government contends that it cannot comply with Plaintiff's discovery requests, depositions, and complete the Government's discovery process by August 1, 2008. *Id* at 3. The Government contends that Plaintiff delayed the progress of discovery by taking over eight months, *i.e.*, September 14, 2007 through May 22, 2008, to respond to the Government's First Request For Production Of Documents. *See* Gov't Mot. at 2. Plaintiff also did not timely inform the Government that Plaintiff did not receive the Government's initial interrogatories. *See* Gov't Mot. at 2 (Plaintiff waited until the Government's June 16, 2008 inquiry as to Plaintiff's failure to respond to the Government's May 13, 2008 interrogatories and request for production of documents to inform the Government that neither document had been received, despite receiving a Second Set Of Interrogatories on May 24, 2008).

On June 27, 2008, Plaintiff filed a Response to Defendant's Motion For Enlargement Of Discovery ("Pl. Resp.") requesting that the court deny the Government's June 16, 2008 Motion, because "[t]he Government should not be rewarded with additional time that is only necessary as a result of the Government's own decision to delay this action." Pl. Resp. at 5-6 ("The Government's inordinate delay in initially asserting the overstated claim, its lengthy delay in revising the claim, and its delay in prosecuting the claim in this action demonstrates that laches and estoppel should preclude the Government's efforts to recover on its purported claim."). In addition, the Government waited five years to initiate claims for excess reprocurement costs, served only one discovery request within the first eight months of the discovery process, and delayed litigation with "ever-changing demands for excess reprocurement costs." Pl. Resp. at 3; *see also id.* at 1, 5.

Pursuant to RCFC 6(b), the court may exercise discretion when the request for enlargement is made prior to the expiration of the applicable deadline and there is "cause shown[.]" *See* RCFC 6(b); *see also Arkansas Game & Fish Comm'n* v. *United States*, 74 Fed. Cl. 426, 431 n.3 (2006) ("RCFC 6(b) establishes different requirements for an extension depending upon whether a request for enlargement is made before or after the expiration of the pertinent deadline."). When excusable events necessitate an enlargement, "counsel has a responsibility to file an enlargement motion as soon as the need therefor becomes apparent."

---

RCFC 6(b) (emphasis added). Accordingly, the court assumes the Government intended to request an enlargement thereto, instead of RCFC 6(a).

[2] The Government notes that "[t]he [c]ourt has not yet set a deadline for discovery regarding expert witnesses." Gov't Mot. at 1 n.1. On September 14, 2007, however, the parties filed a Joint Proposed Initial Scheduling Order stating: "No later than 60 days before the close of fact discovery, the parties will confer about whether an additional period is needed for expert discovery." On September 19, 2007, the court issued a Scheduling Order stating that "[f]act discovery will close on August, 1 2008" and "[d]ispositive motions will be filed no later than 90 days after the close of all discovery." Therefore, pursuant to this Order, discovery will close on October 1, 2008 and dispositive motions will be filed no later than January 2, 2009.

*Whorton* v. *United States*, 1 Cl. Ct. 41, 43 (1982). The court can grant an enlargement "in view of the circumstances of [the] case[,]" even when the requesting party's conduct is "not normally considered excusable[.]" *Loveladies Harbor, Inc.* v. *United States*, 15 Cl. Ct. 375, 381 (1988) (citing *Johnson Chem. Co.* v. *Condado Ctr.*, 453 F.2d 1044, 1047 (1st Cir. 1972) ("[Fed. R. Civ. P.] 6(b) should be construed liberally in light of [Fed. R. Civ. P.] 1)).[3]

The court has reviewed and considered the Government's June 16, 2008 Motion For Enlargement Of Discovery. The Government has demonstrated an adequate cause for enlargement of discovery. *See Loveladies Harbor, Inc.*, 15 Cl. Ct. at 381 (citing *Johnson Chem. Co.*, 453 F.2d at, 1047 (Fed. R. Civ. P. 6(b) should be construed liberally in light of Fed. R. Civ. P. 1)).

Accordingly, the Government's June 16, 2008 Motion is granted. Therefore, the Government must comply with this Order and complete non-expert related discovery on or before October 1, 2008. In the event that Plaintiff requires any extensions, they are advised that the court will afford Plaintiff only one extension if necessary. The Government, however, will receive *no* further discovery extensions, since this case is overdue for a final disposition of all issues. In the court's judgment, this case is overdue for a final disposition and order on which any appeal requested may be pursued to a final judgment.

**IT IS SO ORDERED.**

s/Susan G. Braden
SUSAN G. BRADEN
Judge

---

[3] The United States Court of Federal Claims Rule 1, based on Fed. R. Civ. P. 1, provides:

> Scope and Purpose of Rules. These rules govern the procedure in the United States Court of Federal Claims in all suits. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

RCFC 1.