IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC. (f/k/a Morse Diesel International, Inc.), | |
| Plaintiff, | |
| v. | No. 06-867C (Judge Braden) |
| UNITED STATES, | |
| Defendant. | |

DEFENDANT'S MOTION TO COMPEL AND REQUEST FOR THE COURT'S EXPEDITED CONSIDERATION

Pursuant to Rules 34, 37(a)(2), and 45 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that this Court issue an order (1) compelling plaintiff to respond to defendant's second request for production of documents, dated May 1, 2008, and produce by Thursday, July 24, 2008, copies of all of the indexes for plaintiffs' documents, and (2) compelling plaintiff to respond to defendant's subpoena duces tecum and attached request for production of documents directed to Paul Laskowske by producing copies of all of the requested documents by Friday, July 25, 2008, 9:00 am, all of which documents were formerly within the control and custody of Paul Laskowske, before he transferred them to plaintiff's counsel. Defendant also respectfully requests that the Court order the plaintiff to produce a privilege log for any documents it is withholding in response to defendant's second request for production of documents and the subpoena duces tecum by August 1, 2008. Defendant also respectfully requests that the Court expedite consideration of this motion and resolve this matter by Wednesday, July 23, 2008.[1]

---

[1] On Wednesday, June 23, 2008, plaintiff will be taking the deposition of GSA employee Linda Phillips in Kansas City, MO. On Monday and Tuesday, defendant's counsel will be in Kansas City preparing the witness for her deposition. Defendant's counsel may be reached in

Pursuant to RCFC 37(a), counsel for defendant certifies that she repeatedly has contacted plaintiff's counsel orally and in writing to attempt to resolve this matter in good faith without court action, but plaintiff still refuses to produce the complete indexes for its documents, and has failed to produce the documents requested in the subpoena duces tecum and attached request for production of documents directed to Paul Laskowske, notwithstanding that plaintiff has taken custody and control of such documents. Copies of the letters of defendant's counsel raising this issue and email correspondence also are attached in support of this motion. Since June 17, 2008, Paul Laskowske's deposition has been set for Thursday, July 31, 2008, in Chicago, IL.[2] Mr. Laskowske was personally served with the subpoena on June 23, 2008. Accordingly, defendant respectfully requests that the Court expedite its consideration of this matter and issue the requested order directing that (1) plaintiff produce prior to July 25, 2008 copies of all indexes for its documents, and (2) produce by July 25, 2008, 9:00 am, all of the documents requested in defendant's subpoena duces tecum and attached request for production of documents directed to Paul Laskowke, all of which documents are in the custody and control of the plaintiff.

**Statement of Facts**

1. **Defendant's Second Request For Production Of Documents**. Defendant's second request for production of documents was served on May 1, 2008. Plaintiff's response was served on June 2, 2008. Plaintiff produced no documents with its response. Plaintiff stated in response to all of the defendant's requests for production of documents that: "Subject to these objections,

Kansas City by telephoning agency counsel, Catherine Crow, on her cell phone at (202) 302-0197. Defendant's counsel will also check her voice-mail and email.

[2] Defendant's counsel also is informed that Mr. Laskowske begins his vacation on August 1, 2008.

plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request."

As stated in the defendant's June 16, 2008 motion for an enlargement of time for defendant to complete its discovery, plaintiff as of June 16, 2008 had not produced any documents in response to defendant's second request for production of documents, and had not provided any index of the documents that it stated it would make available for defendant's inspection and copying. By letter dated July 9, 2008, defendant's counsel again requested production of the indices for plaintiff's documents. By email dated July 17, 2008, plaintiff's counsel stated: "We unfortunately do not have a reliable index to the documents that we can share with you." By letter dated July 17, 2008, defendant's counsel again requested production of the indices for plaintiff's documents. By email dated July 17, 2008, defendant's counsel notified plaintiff's counsel, that absent production of all ACMI indices for its documents by noon Friday, July 18, 2008, defendant will move to compel.

It is essential that, prior to July 25, 2008, defendant obtain copies of all of the indexes for plaintiff's documents so that defendant may determine which documents it requires to review and copy so as to be adequately prepared for Mr. Laskowske's deposition in Chicago, IL, on July 31, 2008. There is no justifiable basis for the Plaintiff's continued refusal to provide such indices notwithstanding that they are all within the control and custody of plaintiff's counsel. On July 17, 2008, plaintiff's counsel represented that the indices are not reliable; notwithstanding that assertion, all of the indices should be produced to defendant to enable its review of plaintiff's documents. Defendant also was informed verbally by plaintiff that there are approximately 600 to 800 boxes of plaintiff documents. It is essential that the indices be provided to enable defendant's review of such materials.

On July 18, 2008, plaintiff provided a partial index consisting of the boxes that it would produce on Friday, July 25, 2008 for defendant's inspection and review. However, such partial production is insufficient because defendant is entitled to the indices for all of the plaintiff boxes so that the defendant can reasonably determine which boxes it wishes to review. Defendant also is entitled to a privilege log identifying any documents that the plaintiff refuses to produce. Plaintiff has yet to produce such a privilege log. Defendant respectfully also requests that the Court order plaintiff to produce its privilege log by August 1, 2008.

Defendant is entitled to determine which plaintiff boxes it will review. There is simply no basis for plaintiff to continue to withhold all the indices of its 600 to 800 boxes. Indeed, the partial index provided on July 18, 2008, apparently indicates that there are more than 981 boxes of plaintiff documents. Per the Court's order, dated July 7, 2008, defendant's fact-based discovery closes on October 1, 2008. By letter dated July 18, 2008, defendant's counsel notified plaintiff's counsel that it would file a motion to compel. Defendant's counsel also left telephone messages for plaintiff's counsel Kirby Behre. Accordingly, defendant respectfully requests this Court's expedited assistance in resolving this matter. Defendant respectfully requests that this Court resolve this matter by Wednesday, July 23, 2008, so that defendant's counsel can review all the plaintiff indices for documents on Thursday, July 24, 2008, prior to the plaintiff's production of documents on Friday, July 25, 2008.

2. **Defendant's Subpoena Duces Tecum To Paul Laskowske**. Defendant's subpoena duces tecum directed to Mr. Laskowske was served on plaintiff on June 17, 2008. Mr. Laskowske was personally served with the subpoena on June 23, 2008. Pursuant to RCFC 45(c)(2)(B), Mr. Laskowske's response time for stating objections expired on July 7, 2008.

The Government's subpoena duces tecum required the production of documents on or before July 18, 2008. In addition, defendant's counsel repeatedly requested the production of these materials by the close of business on July 18, 2008. By letter dated July 9, 2008, defendant's counsel requested provision of these documents and stated that the Government's subpoena required their production "by July 18, 2008, at the latest." By letter dated July 11, 2008, plaintiff's counsel responded: "We have received documents from Mr. Laskowske, but it is unlikely that we can produce all responsive materials by July 18th." By letter dated July 14, 2008, defendant's counsel replied and stated: "With regard to Mr. Laskowske's deposition on July 31, 2008, you state that you have received Mr. Laskowske's documents but that it is unlikely that you can produce all of the responsive documents by July 18, 2009. Please explain why that is the case, and also ensure that all of the documents that can be produced by that date are in fact produced at my offices by close of business on July 18, 1008."

On July 17, 2008, plaintiff's counsel, on behalf of Mr. Laskowske, served a written response to the subpoena duces tecum and failed to produce any documents. On July 17, 2008, defendant's counsel responded by email and stated: "I expect to receive copies of the majority, if not all, of the documents requested tomorrow. When do you expect to send them?" On July 18, 2008, defendant's counsel discussed this matter orally with plaintiff's counsel Candice Shepherd and was informed that she had no information on the plaintiff's production of the Laskowske documents in response to our subpoena duces tecum. Ms. Shepherd stated that she would determine who had such information, but nothing further was provided.

Defendant's counsel is informed that Mr. Laskowske had several boxes of documents in his house in addition to electronic documents on his laptop, all of which are responsive to defendant's subpoena duces tecum. Mr. Laskowske transferred those documents to the custody

and control of plaintiff's counsel. Plaintiff's counsel has had an opportunity to review such documents. The documents should be produced by Friday, July 25, 2008, 9:00 am, for defendant's inspection and review. These Laskowske documents should be produced in addition to the documents that plaintiff is voluntarily producing on July 25, 2008, per its letter dated July 18, 2008.

Mr. Laskowske's deposition is scheduled for Thursday, July 31, 2008, in Chicago, IL. Per the Court's order, dated July 7, 2008, defendant's fact-based discovery closes on October 1, 2008. Accordingly, defendant respectfully requests this Court's expedited assistance in resolving this matter also by Wednesday, July 23, 2008.

Accordingly, defendant respectfully requests that the Court grant this motion and issue an order (1) compelling plaintiff to respond to defendant's second request for production of documents, and produce by July 24, 2008 copies of all indices for the plaintiffs' documents, and (2) compelling plaintiff to respond to defendant's subpoena duces tecum and attached request for production of documents directed to Paul Laskowke by producing copies of all of the requested documents by July 25, 2008, all of which documents were formerly in the control and custody of Paul Laskowske, before being transferred to plaintiff's counsel, and (3) directing plaintiff to produce a privilege log of any documents it is withholding by August 1, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Attorneys for Defendant

Of Counsel:
TRACY L. HILMER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

ERIC L. MILLER
Office of the Inspector General
General Services Administration

CATHERINE CROW
General Services Administration

July 18, 2008

Table of Contents of Appendix


Page

June 2, 2008 Plaintiff's Responses To Defendant's Second Request For Production Of Documents....................1

June 17, 2008 Government's Subpoena Duces Tecum to Paul Laskowske....................35

July 9, 2008 Defendant's counsel's letter to plaintiff's counsel....................52

July 11, 2008 Plaintiff's counsel's letter to Defendant's counsel....................54

July 14, 2008 Defendant's counsel's letter to Plaintiff's counsel....................56

July 17, 2008 Defendant's counsel's letter to Plaintiff's counsel....................58

July 16, 2008 Plaintiff's counsel's email to Defendant's counsel....................60

July 16, 2008 Plaintiff's counsel's email to Defendant's counsel....................62

July 17, 2008 Plaintiff's counsel's email to Defendant's counsel....................64

July 17, 2008 Defendant's counsel's email to Plaintiff's counsel....................66

July 17, 2008 Paul Laskowske's Response To Defendant's Subpoena....................67

July 17, 2008 Defendant's counsel's email to Plaintiff's counsel....................90

July 18, 2008 Plaintiff's counsel's letter to Defendant's counsel....................91

July 18, 2008 Defendant's counsel's letter to Plaintiff's counsel....................94