UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc., Plaintiff, v. THE UNITED STATES, Defendant. | ) | Case No. 06-867 |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

In accordance with Rule 34 of the Rules of the Court of Federal Claims ("RCFC"), Amec Construction Management, Inc. ("ACMI") provides the following responses to defendant's request for production of documents dated May 1, 2008.

**General Objections To Requests For Production**

1. These Responses are made without waiver of:

   a. Any and all objections on the grounds of competency, relevancy, materiality, privilege, work product, admissibility as evidence, for any purpose of the subject matter thereof;

   b. The right to object to the use of any documents produced hereunder in any subsequent proceeding or in the trial of this or any other litigation or arbitration;

   c. The right to object on any ground at any time to a demand for further response to these or any other document requests in this arbitration or litigation.

2. The production of any document in response to these Requests shall not constitute an admission of the authenticity, relevance, materiality, or admissibility of such



6/2/2008

document, and Plaintiff hereby expressly preserves all objections to the use of documents or to further production.

3. Plaintiff has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to Defendant's Requests. The following responses are based on Plaintiff's knowledge, information and belief at this time and are complete as to Plaintiff's best knowledge at this time. Plaintiff reserves the right to supplement these responses in accordance with Rule 26(e) of the Rules of the Court of Federal Claims ("RCFC"). Furthermore, these responses were prepared based on Plaintiff's good faith interpretation and understanding of the individual Requests and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revision or supplementation based upon any information, evidence and documentation that hereinafter may be discovered. Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.

4. Plaintiff objects generally to the Requests to the extent that any Request seeks documents which will or have already been produced by either Plaintiff or Defendant or which have been identified as exhibits to any depositions in this action, Plaintiff declines to produce or identify such documents.

5. Plaintiff objects generally to each Request to the extent each calls for the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, the protection provided by RCFC 26(b)(4)(B), or any other applicable privilege, protection, or immunity.

6. Plaintiff objects generally to the Requests to the extent they seek disclosure of matters that are not relevant to the subject matter of the pending action and are not reasonably calculated to lead to relevant evidence.

7. Plaintiff objects generally to the Requests on the grounds that they are vague, ambiguous, lacking in particularity, over broad and unduly burdensome.

8. Plaintiff objects generally to the Requests to the extent they call for the production of documents that are not within the possession, custody or control of ACMI/MDI or that are equally available or accessible to Defendant.

9. Plaintiff objects generally to the Requests to the extent that they seek to impose upon Plaintiff any requirements beyond those established by the RCFC.

10. Plaintiff objects generally to the Requests to the extent that they seek metadata for electronic documents as such a production would be overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. In addition, Plaintiff objects to the instruction to "produce all electronic documents and emails in electronic format with all original metadata preserved and intact as originally created." Plaintiff will produce documents as they have been kept in the usual course of business by ACMI, which, for the most part, is in paper format. Moreover, due to the defendant's inordinate delay in stating its claims and due to changes in computer

technology, plaintiff is not able to readily produce historic electronic materials and metadata without undue burden or expense.

11. Plaintiff reserves the right to amend or supplement these responses through and including the time of trial or arbitration.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

Request No. 1: All documents relating or referring to the Phase II contract.

Response to Request No. 1: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the U.S. General Services Administrations ("GSA") and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 2: All documents provided to any employee or official of ACMI relating or referring to the Phase II contract.

Response to Request No. 2: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are

responsive to this request.

Request No. 3: All documents relating or referring to ACMI's bid for the Phase II contract, including but not limited to, all work sheets, estimates, take-off sheets, bid forms, memorandum, notations, inter-office communications, and/or notes.

Response to Request No. 3: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 4: All documents relating or referring to ACMI's bid for Option 8 of the Phase II contract, including but not limited to, all work sheets, estimates, take-off sheets, bid forms, memorandum, notations, inter-office communications, and/or notes.

Response to Request No. 4: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 5: All documents relating to correspondence or communications within ACMI relating to the Phase II contract.

Response to Request No. 5: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 6: All documents relating to correspondence between ACMI and the Government relating to the Phase II contract, including but not limited to drafts, redlines, meeting notes, and edits.

Response to Request No. 6: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 7: All documents relating or referring to correspondence or communications between ACMI and AMEC plc's sureties relating or referring to the Phase II contract.

Response to Request No. 7: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because

the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. In addition, plaintiff reiterates that communications with its parent entity and its sureties may be protected by the common interest and joint defense doctrines. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 8: All correspondence or communications between ACMI and American Home Assurance Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response to Request No. 8: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. In addition, plaintiff reiterates that communications with American Home Assurance Company may be protected by the common interest and joint defense doctrines. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 9: All correspondence or communications between ACMI and Seaboard Surety Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response to Request No. 9: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because

the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. In addition, plaintiff reiterates that communications with Seaboard Surety Company may be protected by the common interest and joint defense doctrines. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 10: All correspondence or communications between ACMI and St. Paul Fire Marine Insurance Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response to Request No. 10: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. In addition, plaintiff reiterates that communications with St. Paul Fire Marine Insurance Company may be protected by the common interest and joint defense doctrines. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 11: All correspondence or communications between ACMI and AON Risk Services relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response to Request No. 11: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to

lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. In addition, plaintiff reiterates that communications with AON Risk Services may be protected by the common interest and joint defense doctrines. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 12: All correspondence or communications between ACMI and its employees or representatives and Warner Construction Consultants, Inc. relating or referring to the Phase II contract, and any documents relating or referring to such correspondence or communications.

Response to Request No. 12: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request..

Request No. 13: All documents relating or referring to ACMI's payments to its subcontractors and suppliers on the Phase II contract, including pay application files, correspondence files, change order files, wire transfers, canceled checks, books of accounts, ledgers, databases, bank statements, or other files and documents.

Response to Request No. 13: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects

because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 14: All correspondence or communications between ACMI and its subcontractors and suppliers on the Phase II contract, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, and any documents relating or referring to such correspondence or communications.

Response to Request No. 14: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request..

Request No. 15: All correspondence and communications of any form, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, between or among ACMI and its subcontractors after the June 16, 1999 termination for default.

Response to Request No. 15: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at

the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 16: All documents relating or referring to meetings between and among ACMI and its subcontractors.

Response to Request No. 16: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 17: All ACMI documents relating or referring to disputes between ACMI and its subcontractors or suppliers regarding Phase II work on the project.

Response to Request No. 17: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 18: All documents relating to proposed change orders for Phase II work between ACMI and GSA or ACMI and its subcontractors or suppliers that were unresolved as of the date of the termination for default, June 16, 1999.

Response to Request No. 18: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 19: All documents relating or referring to claims made, threatened, or filed by ACMI against it subcontractors or suppliers on the Phase II contract.

Response to Request No. 19: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 20: All documents relating or referring to claims made, threatened, or filed against ACMI by any of its subcontractor or suppliers on the Phase II contract.

Response to Request No. 20: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to

lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request..

Request No. 21: All documents relating or referring to requests for additional time to complete work from any of ACMI's subcontractors or suppliers performing work on the Phase II contract.

Response to Request No. 21: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 22: All documents relating or referring to extensions of the completion dates for work performed or to be performed by any of ACMI's subcontractors or suppliers performing work on the Phase II contract.

Response to Request No. 22: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and

this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 23: All documents relating to extensions of the completion dates for work performed or to be performed on the Phase II contract.

Response to Request No. 23: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 24: All documents relating to correspondence or communications between ACMI and its subcontractors or suppliers relating to the Phase II contract, including but not limited to drafts, redlines, meeting notes, and edits.

Response to Request No. 24: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 25: All contracts, change orders, and modifications issued by ACMI to its subcontractors and suppliers on the Phase II contract, including but not limited to those extending the completion date or modifying the scope of work on the Phase II contract.

Response to Request No. 25: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 26: All requests for change orders made by ACMI's subcontractors and suppliers on the Phase II contract, including but not limited to those extending the completion date or modifying the scope of work relating to the Phase II contract.

Response to Request No. 26: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 27: All liquidating and stand-still agreements betweens and ACMI and its subcontractor and suppliers on the Phase II contract.

Response to Request No. 27: Plaintiff incorporates the general objections stated above.

Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 28: All complaints, answers, counterclaims, motions to dismiss, motions for summary judgment, judgments, stipulations, and settlement agreements in any civil actions or arbitrations involving ACMI and its subcontractors for the Phase II contract.

Response to Request No. 28: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 29: All deposition or trial testimony and exhibits in litigation between ACMI and its subcontractors or suppliers for the Phase II contract.

Response to Request No. 29: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such

documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 30: All documents relating to ACMI's determination of the amounts that it owed to its subcontractors and suppliers for work they performed relating to the Phase II contract.

Response to Request No. 30: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 31: All correspondence and communications of any form, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, between or among ACMI and its subcontractors after the June 16, 1999 termination for default.

Response to Request No. 31: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate

that are responsive to this request.

Request No. 32: All job cost reports for the Phase II contract.

Response to Request No. 32: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 33: All monthly or other periodic status reports, or other reports on the Phase II contract prepared for ACMI management, including Graham Harwood.

Response to Request No. 33: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 34: All daily or other periodic construction reports of ACMI and its subcontractors and suppliers on the Phase II contract.

Response to Request No. 34: Plaintiff incorporates the general objections stated above.

Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request..

Request No. 35: All documents relating or referring to work performed or proposed or represented to be performed on the Phase II contract by ACMI or its subcontractors and suppliers.

Response to Request No. 35: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 36: All documents relating or referring to the scope or extent of work performed by ACMI and its subcontractors and suppliers on the Phase II contract.

Response to Request No. 36: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such

documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 37: All documents relating or referring to fan terminal units (FTU) failure and the estimated costs associated with that failure on the Phase II contract.

Response to Request No. 37: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 38: All documents relating or referring to work that GSA or its representatives or employees alleged was defective, incomplete, or missing on the Phase II contract as of the date of the termination for default, or thereafter.

Response to Request No. 38: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate

that are responsive to this request.

Request No. 39: All documents relating or referring to inventory for the Phase II contract that ACMI stored on Government property as of the date of the termination, including but not limited to documents related to payment for such inventory.

Response to Request No. 39: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 40: All documents relating or referring to ACMI's planned or anticipated substantial completion date(s) for the Phase II contract.

Response to Request No. 40: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 41: All documents relating or referring to the condition of the St. Louis Courthouse project at or about the time of the termination for default.

Response to Request No. 41: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 42: All documents relating or referring to the status of the building enclosure at or about the time of the termination for default.

Response to Request No. 42: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 43: All documents relating or referring to GSA's deletion of wall fabrics from the judge's chambers from the Phase II contract.

Response to Request No. 43: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such

documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 44: All documents relating to cost and/or time estimates to complete the Phase II contract.

Response to Request No. 44: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 45: All documents relating or referring to post-ACMI termination cost evaluations and cost compilations relating or referring to the Phase II contract.

Response to Request No. 45: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 46: All schedules for Phase II contract work, irrespective of whether ACMI conveyed such documents to GSA, and all documents relating to such schedules.

Response to Request No. 46: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 47: All time impact or schedule analysis or fragnet analysis concerning alleged delay measurable through the Phase II East Lobby, tenant fit-out drawings, and change orders, irrespective of whether ACMI conveyed such documents to GSA.

Response to Request No. 47: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 48: All documents relating or referring to GSA drawings for tenant fit-out work on the Phase II contract.

Response to Request No. 48: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to

lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 49: All documents relating or referring to alleged defects in GSA drawings for tenant fit-out work on the Phase II contract.

Response to Request No. 49: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 50: All documents relating or referring to alleged untimeliness of GSA drawings for the tenant fit-out on the Phase II contract.

Response to Request No. 50: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these

objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No.52: All documents relating or referring to GSA drawings for the Lobby and East Lobby on the Phase II contract.

Response to Request No. 52.: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 53: ACMI's agreement with Nicholas Petschek relating to work on the east rotunda lobby, any amendments or modifications thereto, and any documents relating or referring to that agreement and any amendments or modifications thereto, including payment applications and payments.

Response to Request No. 53: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request..

Request No. 54: Copies of any drawings created by or on behalf of Nicholas Petschek for the St. Louis Courthouse or the Phase II contract.

Response to Request No. 54: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 55: All correspondence or communications with Nicholas Petschek relating or referring to the St. Louis Courthouse or the Phase II contract.

Response to Request No. 55: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 56: All manpower reports, analysis, or records relating to ACMI and its subcontractors on the Phase II contract.

Response to Request No. 56: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to

lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 57: All documents relating or referring to ACMI's allegation that, on June 16, 1999, its work force on the St. Louis Courthouse project consisted of approximately 320 personnel.

Response to Request No. 57: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 58: All reports of any witness from any person whom plaintiff intends to elicit opinion testimony should this matter proceed to trial.

Response to Request No. 58: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at

the GSA and this Request has made such a production even more burdensome. To the extent that this request seeks information pertaining to non-testifying experts, plaintiff further objects and invokes the protection of RCFC 26(b)(4)(B). Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 59: All statements obtained from any person regarding any of the facts alleged in ACMI's complaint.

Response to Request No. 59: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 60: All reports or other documents prepared by a person who has reviewed or investigated the allegations in ACMI's complaint.

Response to Request No. 60.: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. To the extent that this request seeks information pertaining to non-testifying experts, plaintiff further objects

and invokes the protection of RCFC 26(b)(4)(B). Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 61: All reviews, reports, investigations or other documents which ACMI relies, or intends to rely, upon in this litigation.

Response to Request No. 61: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 62: All documents relating or referring to any oral statements between ACMI and GSA or any employees of the United States relating or referring to the St. Louis Courthouse, or the Phase II contract or any amendments or modifications to such contract.

Response to Request No. 62: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 63: All documents relating to offsetting excess reprocurement costs with forfeiture amounts relating to ACMI's claims, including but not limited to any assessment, review, analysis, report, and communication.

Response to Request No. 63: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No.64: All documents relating to the merits and likelihood of success of ACMI's claims on the Phase II contract, including but not limited to any assessment, review, analysis, report, and communications.

Response to Request No. 64: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. To the extent that this request seeks information pertaining to non-testifying experts, plaintiff further objects and invokes the protection of RCFC 26(b)(4)(B). Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Request No. 65: All documents relating to the merits and likelihood of success of claims of any

of ACMI's subcontractors or suppliers on the Phase II contract, including but not limited to any assessment, review, analysis, report, and communications.

Response to Request No. 65: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. To the extent that this request seeks information pertaining to non-testifying experts, plaintiff further objects and invokes the protection of RCFC 26(b)(4)(B). Subject to these objections, plaintiff will produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

There is no Request No. 66.

Request No. 67: All photographs relating or referring to the Phase II contract work, and any documents relating or referring to such photographs.

Response to Request No. 67: Plaintiff incorporates the general objections stated above. Plaintiff also objects because this Request is ambiguous, overbroad, not reasonably calculated to lead to discovery of relevant evidence, and unduly burdensome. Additionally, plaintiff objects because the extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the GSA and this Request has made such a production even more burdensome. To the extent that this request seeks information pertaining to non-testifying experts, plaintiff further objects and invokes the protection of RCFC 26(b)(4)(B).. Subject to these objections, plaintiff will

produce those non-privileged documents, if any, that it is able to locate that are responsive to this request.

Respectfully submitted,

James D. Wareham by permission Danielle W. Pierce

James D. Wareham, Attorney of Record
for Plaintiff
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Date: June 2, 2008
LEGAL USE 79305290.2

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by email and mail this 2d day of June 2008 a copy of the foregoing Plaintiff's Responses to Defendant's Second Request for Production of Documents upon

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. DEPARTMENT OF JUSTICE
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

Danielle Pierce

# UNITED STATES COURT OF FEDERAL CLAIMS

**AMEC CONSTRUCTION MANAGEMENT, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

**SUBPOENA**

**No. 06-867c**
**(Judge Braden)**

To: **Mr. Paul Laskowske**
**633 East Tahoe Trail**
**Palatine, IL, 60067**
**847-458-3958**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY: | COURTROOM |
|---|---|
| | DATE AND TIME |

✘ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: GSA Office of Inspector General, 230 S. Dearborn St., Room 408 Chicago, Il 60604 | DATE AND TIME: Thursday, July 31, 2008 at 9:15 am |
|---|---|

✘ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Defendant's Notice of Deposition and Request for Production of Documents

| PLACE 1100 L. Street N.W. Room 12046 Washington, D.C. 20005 | DATE AND TIME: July 18, 2008, 5:30 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

~~Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on~~ its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) Domenique Kirchner, Attorney for the Defendant | DATE June 17, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

1100 L. Street N.W. Washington, D.C. 20005, (202) 307-1111

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

PROOF OF SERVICE

| | Date | Place | |
|---|---|---|---|
| SERVED | 06-23-08 @ 6:29 pm | | 633 E. Tahoe Trail<br>Palatine, IL 60067. |
| SERVED ON (Print Name) | Paul Laskowske | MANNER OF SERVICE | Personal |
| SERVED BY (Print Name) | Ryan Flaska | TITLE | Private Process Server |

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 06-23-08
Date

Signature of Server [signature]

Address of Server Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.