IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-867C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Braden) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF DEPOSITION
AND REQUEST FOR PRODUCTION OF DOCUMENTS

Please take notice that, pursuant to Rule 30 of the United States Court of Federal Claims, defendant will take the deposition of Paul Laskowske, upon oral examination before a court reporter authorized to administer oaths, at the offices of GSA Office of Inspector General, 230 S. Dearborn St., Rm. 408, Chicago, Ill. 60604, on Thursday, July 31, 2008, at 9:15 a.m.

Mr. Laskowske is requested to provide by July 18, 2008, close of business, 5:30 p.m., to defendant's counsel copies of any documents requested in the attachment and the attached subpoena duces tecum. Please find enclosed a FedEx label to be used in mailing documents in response to the subpoena duces tecum by FedEx to defendant's counsel.

37

I. DEFINITIONS

The following definitions apply to these document requests:

A. "AMEC Construction Management Inc." ("ACMI"): The term "ACMI" refers to plaintiff AMEC Construction Management, Inc. and any employees or agents of ACMI and all predecessors (including Morse Diesel International, Inc. ("MDI")) and successors, and includes any entity owned in whole or in part or controlled by ACMI, and all owners, employees, contractors, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities, acting or purporting to act on ACMI's behalf.

B. "complaint": The term "complaint" means the complaint and any amended complaint filed in Case No. 06-867C by plaintiff in the United States Court of Federal Claims.

C. "contract": The term "contract" means GSA contract no. GS-6P95GZC0501 (St. Louis U.S. Courthouse, "the Phase II contract", awarded to MDI on or about September 28, 1995), and all amendments, modifications, and changes thereto.

D. "contractor": The term "contractor" refers to ACMI.

E. "document": The term "document" is to be defined in the broadest terms currently recognized pursuant to the RCFC, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The term shall include, without limitation, all "writings" and "recordings," as defined by Federal Rule of Evidence 1001(1), and shall specifically include any written or other compilation of information, whether printed, handwritten, recorded, encoded, produced, reproduced or reproducible by any other process, drafts, revisions or finals, original or preliminary notes, and documents summarizing other documents, inter-company, inter-agency,

intra-company or intra-agency communications of any type, computer tapes, and computer files and all of their contents and any other form of data compilation. The term also includes, but is not limited to: correspondence, memoranda, contractual documents, specifications, drawings, affidavits, agreements, analysis, appointment books, appointment calendars, bank checks, bills, blueprints, bookkeeping entries, calculations, canceled checks, cashiers' checks, charts, checks, check stubs, communications, computer printouts, contracts, correspondence, court filings, day books, declarations, depositions, desk calendars, diagrams, diaries, drafts, drawings, electronic mail messages, expense reports, files, forecasts, graphs, invoices, interview notes, ledgers, letters, lists, log books, mailgrams, memoranda, minutes, motion pictures, notebooks, note pads, notes, papers, photographs, plans, projections, proposals, receipts, records, reports, sketches, sound recordings, statements, studies, summaries, surveys, tape recordings, telefax, telegrams, telephone logs, time records, time sheets, transcripts, travel vouchers, videotapes, vouchers, working papers, work sheets, and all other papers, writings, drawings, recordings, or physical things containing information and any other items of any kind or nature, using any digital or analog recording medium or instrumentality, including computers, laptops, PDA, hard drives, floppy disks, CDs, DVDs, memory sticks or cards, flash drives, pen or thumb drives, portable scanners or copiers, cell phones, SIM cards, digital cameras, or any other digital or analog recording device from which information can be obtained or translated into usable form, including all original and amended versions of the documents, preliminary and subsequent drafts or marginal notes appearing on any documents, however denominated or described by the parties to whom the particular Request for Production of Documents is directed. "Document" shall further collectively include the original, duplicate original and any or all copies or reproductions

of the original document, to the extent that any or all copies are different in any way from the original document, whether by interlineation, receipt stamps, notation, post-it notes, indication of copies sent or received or otherwise, which are within your possession, custody or control.

F. "Government" refers to the General Services Administration ("GSA").

G. "Identify" means:

(1) with respect to a natural person, to provide (a) the person's full name; (b) the name of the person's current or last known employer; (c) the person's title and position, if known; and (d) the person's current or last known business and home addresses and telephone numbers;

(2) with respect to a corporation, partnership, joint venture or other entity, to provide (a) the full name of the entity and (b) the addresses and telephone numbers of its principal office; and

(3) with respect to documents, to provide the following information in your response:

(a) The date of the document;

(b) A description of the type of document;

(c) A summary of the document's contents;

(d) The present location of the original and all existing copies of the document;

(e) A list of all intended recipients of the document, including but not limited to all addressees, and all persons who were supposed to receive a copy of the document (i.e., through "cc" or "bcc"); and

(f) The identity of the author and a list of all persons who participated in the creation of the document.

H. "person": The term "person" refers to a natural person, firm, association, organization, partnership, joint venture, business, trust, corporation, or government body, commission, board, agency, branch, department, component, or element thereof, and every other form and kind of public or private entity, whether domestic or foreign. Reference herein to any "person" includes officials, representatives, agents and employees of such "person."

I. "plaintiff," "you," and "your": The term "plaintiff" and the pronouns "you" or "your" include plaintiff ACMI and all predecessors and successors, any entity owned in whole or in part or controlled by plaintiff, all present and past employees, contractors, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities acting or purporting to act on plaintiff's behalf, who could reasonably be expected to have personal knowledge that would effect the completeness and accuracy of responses made to these document requests.

DOCUMENT REQUESTS

1. All documents relating or referring to the Phase II contract.

2. All documents provided to any employee or official of ACMI relating or referring to the Phase II contract.

3. All documents relating or referring to ACMI's bid for the Phase II contract, including but not limited to, all work sheets, estimates, take-off sheets, bid forms, memorandum, notations, inter-office communications, and/or notes.

4. All documents relating or referring to ACMI's bid for Option 8 of the Phase II contract, including but not limited to, all work sheets, estimates, take-off sheets, bid forms, memorandum, notations, inter-office communications, and/or notes

5. All documents relating to correspondence or communications within ACMI relating to the Phase II contract.

6. All documents relating to correspondence or communications between ACMI and the Government relating to the Phase II contract, including but not limited to drafts, redlines, meeting notes, and edits.

7. All documents relating or referring to correspondence or communications between ACMI and AMEC plc's sureties relating or referring to the Phase II contract.

8. All correspondence or communications between ACMI and American Home Assurance Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

9. All correspondence or communications between ACMI and Seaboard Surety Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

10. All correspondence or communications between ACMI and St. Paul Fire Marine Insurance Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

11. All correspondence or communications between ACMI and AON Risk Services relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

12. All correspondence or communications between ACMI and its employees or representatives and Warner Construction Consultants, Inc. relating or referring to the Phase II contract, and any documents relating or referring to such correspondence or communications.

13. All document relating or referring to ACMI's payments to its subcontractors and suppliers on the Phase II contract, including pay application files, correspondence files, change order files, wire transfers, canceled checks, books of accounts, ledgers, databases, bank statements, or other files and documents.

14. All correspondence or communications between ACMI and its subcontractors and suppliers on the Phase II contract, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, and any documents relating or referring to such correspondence or communications.

15. All correspondence and communications of any form, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, between or among ACMI and its subcontractors after the June 16, 1999 termination for default.

16. All documents relating or referring to meetings between and among ACMI and its subcontractors.

17. All documents relating or referring to disputes between ACMI and its subcontractors or suppliers regarding Phase II work on the project.

18. All documents relating to proposed change orders for Phase II work between ACMI and GSA or ACMI and its subcontractors or suppliers that were unresolved as of the date of the termination for default, June 16, 1999.

19. All documents relating or referring to claims made, threatened, or filed by ACMI against its subcontractors or suppliers on the Phase II contract.

20. All documents relating or referring to claims made, threatened, or filed against ACMI by any of its subcontractor or suppliers on the Phase II contract.

21. All documents relating or referring to requests for additional time to complete work from any of ACMI's subcontractors or suppliers performing work on the Phase II contract.

22. All documents relating or referring to extensions of the completion dates for work performed or to be perform by any of ACMI's subcontractors or suppliers performing work on the Phase II contract.

23. All documents relating to extensions of the completion dates for work performed or to be performed on the Phase II contract.

24. All documents relating to correspondence or communications between ACMI and its subcontractors or suppliers relating to the Phase II contract, including but not limited to drafts, redlines, meeting notes, and edits.

25. All contracts, change orders, and modifications issued by ACMI to its subcontractors and suppliers on the Phase II contract, including but not limited to those extending the completion date or modifying the scope of work on the Phase II contract.

26. All requests for change orders made by ACMI's subcontractors and suppliers on the Phase II contract, including but not limited to those extending the completion date or modifying the scope of work relating to the Phase II contract.

27. All liquidating and stand-still agreements between ACMI and its subcontractors and supplies on the Phase II contract.

28. All complaints, answers, counterclaims, motions to dismiss, motions for summary judgment, judgments, stipulations, and settlement agreements in any civil actions or arbitrations involving ACMI and its subcontractors or suppliers for the Phase II contract.

29. All deposition or trial testimony and exhibits in litigation between ACMI and its subcontractors or suppliers for the Phase II contract.

30. All documents relating to ACMI's determination of the amounts that it owed to its subcontractors and suppliers for work they performed relating to the Phase II contract.

31. All correspondence and communications of any form, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, between or among ACMI and its subcontractors after the June 16, 1999 termination for default.

32. All job cost reports for the Phase II contract.

33. All monthly or other periodic status reports, or other reports on the Phase II contract prepared for ACMI management, including Graham Harwood.

34. All daily or other periodic construction reports of ACMI and its subcontractors and suppliers on the Phase II contract.

35. All documents relating or referring to work performed or proposed or represented to be performed on the Phase II contract by ACMI or its subcontractors and suppliers.

36. All documents relating or referring to the scope or extent of work performed by ACMI and its subcontractors and suppliers on the Phase II contract.

37. All documents relating or referring to fan terminal units (FTU) failure and the estimated costs associated with that failure on the Phase II contract.

38. All documents relating or referring to work that GSA or its representatives or employees alleged was defective, incomplete, or missing on the Phase II contract as of the date of the termination for default, or thereafter.

39. All documents relating or referring to inventory for the Phase II contract that ACMI stored on Government property as of the date of the termination for default, including but not limited to all documents relating to payment for such inventory.

40. All documents relating or referring to ACMI's planned or anticipated substantial completion date(s) for the Phase II contract.

41. All documents relating or referring to the condition of the St. Louis Courthouse project at or about the time of the termination for default.

42. All documents relating or referring to the status of the building enclosure at or about the time of the termination for default.

43. All documents relating or referring to GSA's deletion of wall fabrics from the judge's chambers from the Phase II contract.

44. All documents relating to cost and/or time estimates to complete the Phase II contract.

45. All documents relating or referring to post-ACMI termination cost evaluations and cost compilations relating or referring to the Phase II contract.

46. All schedules for Phase II contract work, irrespective of whether ACMI conveyed such documents to GSA, and all documents relating or referring to such schedules.

47. All time impact or schedule analyses or fragnet analysis concerning alleged delay measurable through the Phase II East Lobby, tenant fit-out drawings, and change orders, irrespective of whether ACMI conveyed such documents to GSA.

48. All documents relating or referring to GSA drawings for tenant fit-out work on the Phase II contract.

49. All documents relating or referring to alleged defects in GSA drawings for tenant fit-out work on the Phase II contract.

50. All documents relating or referring to alleged untimeliness of GSA drawings for tenant fit-out on the Phase II contract.

51. All documents relating or referring to GSA drawings for the Lobby and East Lobby on the Phase II contract.

52. All documents relating or referring to alleged defects in GSA drawings for the Lobby and East Lobby on the Phase II contract.

53. ACMI's agreement with Nicholas Petschek relating to work on the east rotunda lobby, any amendments or modifications thereto, and any documents relating or referring to that agreement and any amendments or modifications thereto, including payment applications and payments.

54. Copies of any drawings created by or on behalf of Nicholas Petschek for the St. Louis Courthouse or the Phase II contract.

55. All correspondence or communications with Nicholas Petschek relating or referring to the St. Louis Courthouse or the Phase II contract.

56. All manpower reports, analyses, or records relating to ACMI and its subcontractors on the Phase II contract.

57. All documents relating or referring to ACMI's allegation that, on June 16, 1999, its work force on the St. Louis Courthouse project consisted of approximately 320 personnel.

58. All reports of any witnesses from whom plaintiff intends to elicit opinion testimony should this matter proceed to trial.

59. All statements obtained from any person regarding any of the facts alleged in ACMI's complaint.

60. All reports or other documents prepared by a person who has reviewed or investigated the allegations in ACMI's complaint.

61. All reviews, reports, investigations or other documents which ACMI relies, or intends to rely, upon in this litigation.

62. All documents relating or referring to any oral statements between ACMI and GSA or any employees of the United States relating or referring to the St. Louis Courthouse, or the Phase II contract or any amendments or modifications to such contract.

63. All documents relating to offsetting excess reprocurement costs with forfeiture amounts relating to ACMI's claims, including but not limited to any assessment, review, analysis, report, and communications.

64. All documents relating to the merits and likelihood of success of ACMI's claims on the Phase II contract, including but not limited to any assessment, review, analysis, report, and communications.

65. All documents relating to the merits and likelihood of success of claims of any of ACMI's subcontractors or suppliers on the Phase II contract, including but not limited to any assessment, review, analysis, report, and communications.

67. All photographs relating or referring to the Phase II contract work, and any documents relating or referring to such photographs.

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8624
Attorneys for Defendant

June 17, 2008

CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on this 17th day of June, 2008, I caused to be hand delivered copies of the foregoing "DEFENDANT'S NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

James D. Wareham
Paul, Hastings, Janofsky & Walker
875 Fifteenth St. N.W.
Washington, D.C. 20005



51

U. S. Department of Justice

Civil Division

JED:DKirchner
154-06-867

Tele: (202) 307-1111
Fax: (202) 514-8624

*Washington, D.C. 20530*

July 9, 2008

Kirby Behre
Paul, Hastings, Janofsky & Walker LLP
875 15th Street N.W.
Washington, D.C. 20005
Tele: (202) 551-1779
Fax: (202) 551-0119
By email and regular mail

Re: AMEC Construction Management, Inc. v. United States, Fed. Cl. No. 06-867C

Dear Mr. Behre:

This responds to your July 9, 2008 letter with regard to the discovery schedule in this matter. Our discussion was held without the benefit of the Court's order, dated July 7, 2008, granting defendant's motion for an enlargement of time for defendant's fact-based discovery to and including October 1, 2008.

With regard to Georgann Butler's medical condition, I should have more information next Wednesday, July 16, 2008. While we hope that there will be further improvement, we cannot say that her condition will continue to improve. At the same time, I have not been informed that her condition is expected to worsen. We are unable to conduct these depositions in Washington, D.C.

With regard to your taking two days for Ms. Butler's deposition, please hold all three days, July 23-25, 2008, for Linda Phillips, followed by Georgann Butler's deposition. I will call you on July 16, 2008 to discuss this matter further.

With regard to Paul Laskowske's deposition on Thursday, July 31, 2008, and Graham Harwood's deposition on Friday, August 1, 2008, we are going forward with those two depositions at the dates, times, and places indicated in our subpoenas. I did not state that I was not going forward with those two depositions. In our conversation on July 7, 2008, you informed me for the first time that your firm would represent Mr. Laskowke and Mr. Harwood. I informed you that Mr. Laskowske had contacted me, that he informed me that he had documents that were responsive to our document request, and that he stated that he would send them to us, but that we had not yet received anything. Mr. Laskowske did not state that he was represented by any counsel. His sole concern was getting the documents to our offices. Our subpoenas require that Mr. Laskowske and Mr. Harwood produce the requested documents at my offices by July 18,

52

2008, at the latest. Mr. Laskowske also stated specifically that he had electronic documents, including emails, stored on his laptop that were responsive to the subpoena. Those electronic documents also need to be produced in response to our subpoena by July 18, 2008, at the latest. I am requesting that you ensure that all of Mr. Laskowske's documents are produced by July 15, 2008. It is essential that I review them prior to the depositions.

With regard to our deposition to Bearing Point, formerly KPMG Consulting Inc., formerly KPMG LLP, scheduled for Monday, July 28, 2008, Bearing Point's attorney has requested that I postpone that deposition, and in view of the Court's order, dated July 7, 2008, I have agreed to his request. We have not yet agreed upon a new date for that deposition. I will let you know as soon as I hear from Bearing Point's attorney with the new date.

With regard to our notice of deposition of ACMI for Tuesday, July 29, 2008, I need to know whom ACMI is designating and where and when ACMI's designees will be available for their deposition. You stated that it might be necessary to conduct this deposition outside of Washington, D.C. Please let me know as soon as possible so that we can firmly schedule this deposition. I need to schedule the deposition in early September 2008.

Finally, I still have not received an index for the boxes of documents that ACMI intends to make available in response to our request for production of documents. I also have not yet been informed when and where we may review ACMI's documents. Please ensure that this issue is immediately resolved.

Very truly yours,

Domenique Kirchner

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch

Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(202) 551-1779
daniellepierce@paulhastings.com

**VIA EMAIL AND U.S. MAIL** 37903.00006

July 11, 2008

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit – 8th Floor
1100 L Street N.W.
Washington, DC 20530

Re: AMEC Construction Management, Inc.,
f/k/a *Morse Diesel International, Inc. v. United States*, Case No. 06-867

Dear Domenique:

We have received your letter of July 9, 2008 regarding deposition scheduling issues, and we are concerned about your proposed scheduling. Based on your representation regarding Ms. Butler's health, we will take Georgann Butler's deposition on August 20th and 21st. We will depose Linda Phillips on July 23, 2008, as was previously scheduled.

As to the depositions of Paul Laskowske and Graham Harwood, we understood the Government's position is, and always has been, that Phase II of the construction is irrelevant to the reprocurement case. We gather however, that the Government has reevaluated its position since Laskowske and Harwood were not on the site during Phase III and obviously played no role in the calculation of the excess reprocurement costs. With that understanding, we are working towards arranging dates and times for those depositions. We have received documents from Mr. Laskowske, but it is unlikely that we can produce all responsive materials by July 18th.

Our prior letter of July 9, 2008 indicated that you may not contact former or current employees of MDI without our permission or without communicating with the lawyer who represented that person in the past. In the case of Mr. Laskowske, who was represented by counsel for MDI/ACMI at the time of his prior depositions, you should have contacted us before having any communications with him directly. As for Mr. Harwood, who had his own counsel when he was previously deposed, we are in the process of determining whether his prior counsel will continue to represent him at this time. We will update you as soon as we can, but we cannot say now that his deposition will definitely occur on the date that you noticed.

PaulHastings

Domenique Kirchner
VIA EMAIL AND U.S. MAIL

July 11, 2008
Page 2

As you know, we have already provided you with access to more than 120 boxes of documents of materials related to the Warner Consulting Company's report. The great majority of those boxes contain copies of historical documents from MDI/ACMI's Phase II; thus you already have access to a large amount of documents from ACMI's files. We are continuing to work on creating an index as to the rest of the MDI/ACMI documents, and we intend to update you on that issue next week.

Please let us know as soon as possible whether Georgann Butler will be available on August 19th and 20th and when you would like to schedule the ACMI deposition.

Sincerely,

Danielle W. Pierce
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_E # 80163889.1 37903.00006

U. S. Department of Justice

Civil Division

JED:DKirchner
154-06-867

Tele: (202) 307-1111
Fax: (202) 514-8624

*Washington, D.C. 20530*

July 14, 2008

Kirby Behre
Danielle Pierce
Paul, Hastings, Janofsky & Walker LLP
875 15th Street N.W.
Washington, D.C. 20005
Tele: (202) 551-1779
Fax: (202) 551-0119
By email and regular mail

Re: AMEC Construction Management, Inc. v. United States, Fed. Cl. No. 06-867C

Dear Mr. Behre and Ms. Pierce:

This responds to your letter dated July 11, 2008. We appreciate your concern for Georgann Butler. Based upon your decision not to go forward with her deposition on July 24 and 25, 2008, Ms. Butler now has scheduled necessary medical appointments for that week and is unavailable that week.

With regard to your request to take Ms. Butler's deposition on August 20 and 21, or on August 19 and 20, 2008, Ms. Butler is not available the week of August 18-22, 2008. I also am not available.

In addition, plaintiff's discovery closes on August 1, 2008. Plaintiff is required to request an enlargement of time from the Court before proceeding with discovery after August 1, 2008. Please let me know your intentions in that regard. Please keep in mind that I am largely unavailable in August 2008, and that the soonest Ms. Butler may be deposed now is on mutually agreeable dates in September 2008.

With regard to Mr. Laskowske's deposition on July 31, 2008, you state that you have received Mr. Laskowske's documents but that it is unlikely that you can produce all of the responsive documents by July 18, 2008. Please explain why that is the case, and also ensure that all of the documents that can be produced by that date are in fact produced at my offices by close of business on July 18, 2008.

With regard to ACMI's deposition, I need to know the identities of the person(s) that plaintiff will produce for deposition, and also the location at which they will be produced. Once you provide the necessary information, we can set the date(s) for those depositions.

56

With regard to plaintiff's production of its documents in response to our request for production of documents, we believe that plaintiff has unnecessarily delayed the production of its documents. We look forward to your speedy resolution of this matter. In addition, plaintiff's response to defendant's second set of interrogatories and request for production of documents is completely inadequate. Absent complete responses to our second set of interrogatories and related document request, defendant will file a motion to compel.

Very truly yours,

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch

**U. S. Department of Justice**

Civil Division

JED:DKirchner
154-06-867

Tele: (202) 307-1111
Fax: (202) 514-8624

*Washington, D.C. 20530*

July 17, 2008

Kirby Behre
Paul, Hastings, Janofsky & Walker LLP
875 15th Street N.W.
Washington, D.C. 20005
Tele: (202) 551-1779
Fax: (202) 551-0119
By email and regular mail

Re: AMEC Construction Management, Inc. v. United States, Fed. Cl. No. 06-867C

Dear Mr. Behre:

This responds to your emails dated July 16, 2008, copies attached. The Court's order dated July 7, 2008, granted defendant's motion for an enlargement of time to October 1, 2008 for defendant to complete its discovery. Defendant's motion, dated June 16, 2008, sought an enlargement of time only for the Government to complete its discovery. On June 26, 2008, plaintiff opposed our motion for an enlargement of time for defendant to complete its discovery and also did not request any additional time beyond August 1, 2008, for plaintiff to complete its own discovery. In response, the Court granted the Government's motion, dated June 16, 2008, and directed that the Government complete its non-expert related discovery on or before October 1, 2008.

The Court further stated that, "[i]n the event Plaintiff requires any extensions, they are advised that the court will afford Plaintiff only one extension if necessary." The Court has stated that plaintiff may obtain "one extension if necessary." Thus, plaintiff should inform the Court that it also needs an extension of the August 1, 2008 deadline also. We assume that plaintiff wishes an extension of time to complete its discovery to October 1, 2008, and we will not oppose such a motion.

You and I have had discussions regarding the time necessary for completion of expert discovery. I have asked that plaintiff identify the subject areas upon which it intends to produce expert testimony so that we may agree upon a period of time to accomplish the expert discovery. Plaintiff has not provided any information in response. It would be advantageous to both sides if we could communicate about what topics require expert testimony, and agree upon a deadline for the submission of expert reports and a subsequent deadline for completion of the expert depositions. We should inform the Court of the agreed upon timeframes for expert discovery as soon as possible.

With regard to plaintiff's production of its documents for our examination and copying, I did not understand at Karen Poole's deposition on June 12 and 13, 2008, that plaintiff's documents were in fact ready for our inspection and copying. In light of your July 16, 2008 statement that plaintiff's documents are ready for our inspection, we would like to examine plaintiff's documents on July 25, 2008, and subsequent dates to be arranged. Again, please provide plaintiff's index for the documents it is making available for our examination and copying.

Very truly yours,

Domenique Kirchner

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch

**Kirchner, Domenique (CIV)**

**From:** Behre, Kirby D. [kirbybehre@paulhastings.com]
**Sent:** Wednesday, July 16, 2008 11:15 AM
**To:** Kirchner, Domenique (CIV); Pierce, Danielle W.; catherine.crow@gsa.gov
**Cc:** Phinny, C. Wendy
**Subject:** RE: MDI, please see attached letter.

As we told you during the Poole deposition, ACMI's documents are and have been available for your review upon reasonable notice. Please call Wendy Phinny at 551.1950 to arrange for your review.

---

Kirby D. Behre
Paul Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Tenth Floor
Washington, D.C. 20005
(202) 551-1719 (Direct Dial)
(202) 551-0119 (Direct Fax)
(202) 294-8406 (cell)
(202) 551-1700 Main Telephone Number
(202) 551-1705 Main Facsimile Number
kirbybehre@paulhastings.com| www.paulhastings.com

-----Original Message-----
From: Kirchner, Domenique (CIV) [mailto:Domenique.Kirchner@usdoj.gov]
Sent: Monday, July 14, 2008 5:34 PM
To: Pierce, Danielle W.; Behre, Kirby D.
Subject: FW: MDI, please see attached letter.

-----Original Message-----
From: administrator@civ.usdoj.gov [mailto:administrator@civ.usdoj.gov]
Sent: Monday, July 14, 2008 5:14 PM
To: Kirchner, Domenique (CIV)
Subject: Scanned image from lst12007-sm550b

DEVICE NAME: lst12007-sm550b
DEVICE MODEL: SHARP AR-M550U
LOCATION: LST 12007

FILE FORMAT: PDF MMR(G4)
RESOLUTION: 300dpi x 300dpi

Attached file is scanned image in PDF format.
This file can be read by Adobe Acrobat Reader.
The reader can be downloaded from the following URL:

http://www.adobe.com/

---

**************************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot



60

be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*********************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.



61

**Kirchner, Domenique (CIV)**

**From:** Behre, Kirby D. [kirbybehre@paulhastings.com]
**Sent:** Wednesday, July 16, 2008 10:49 AM
**To:** Kirchner, Domenique (CIV); Pierce, Danielle W.; catherine.crow@gsa.gov
**Subject:** RE: MDI, please see attached letter.

Domenique -- there is no basis for suggesting that the court extended discovery for the government by 2 months but not for the plaintiff.
Such a reading of the court's order is ludicrous and contrary to the FRCP. If you will not honor our requests for discovery after August 1 please tell us and we will seek judicial involvement. We will attach your letter to any filing with the court, and the government will appear uninformed, to say the least. Let us know if you are going to persist with your tortured reading of the court's order granting extension of the discovery cut off date. Thanks

---

Kirby D. Behre
Paul Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Tenth Floor
Washington, D.C. 20005
(202) 551-1719 (Direct Dial)
(202) 551-0119 (Direct Fax)
(202) 294-8406 (cell)
(202) 551-1700 Main Telephone Number
(202) 551-1705 Main Facsimile Number
kirbybehre@paulhastings.com | www.paulhastings.com

-----Original Message-----
From: Kirchner, Domenique (CIV) [mailto:Domenique.Kirchner@usdoj.gov]
Sent: Monday, July 14, 2008 5:34 PM
To: Pierce, Danielle W.; Behre, Kirby D.
Subject: FW: MDI, please see attached letter.

-----Original Message-----
From: administrator@civ.usdoj.gov [mailto:administrator@civ.usdoj.gov]
Sent: Monday, July 14, 2008 5:14 PM
To: Kirchner, Domenique (CIV)
Subject: Scanned image from lst12007-sm550b

DEVICE NAME: lst12007-sm550b
DEVICE MODEL: SHARP AR-M550U
LOCATION: LST 12007

FILE FORMAT: PDF MMR(G4)
RESOLUTION: 300dpi x 300dpi

Attached file is scanned image in PDF format.
This file can be read by Adobe Acrobat Reader.
The reader can be downloaded from the following URL:

http://www.adobe.com/

************************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

**Kirchner, Domenique (CIV)**

**From:** Behre, Kirby D. [kirbybehre@paulhastings.com]
**Sent:** Thursday, July 17, 2008 1:37 PM
**To:** Kirchner, Domenique (CIV)
**Cc:** Phinny, C. Wendy; Shepherd, Candice S.; Anklam, James E.
**Subject:** RE: MDI, please see attached.

Thanks for your letter. We will provide you with a formal response shortly. We called and left you a voicemail earlier today, but have not received a return call. In your letter last week, you promised to call us today.

Please call Wendy Phinny to arrange for your review of documents on July 25th. We unfortunately do not have a reliable index to the documents that we can share with you.

Prior to your arrival on the 25th, please provide us with a written proffer (email is fine) concerning why our files are relevant in a case involving the government's costs of reprocurement after MDI was terminated from the project. Such a proffer will hopefully obviate the need for judicial involvement concerning your clearly overbroad and irrelevant document requests. Thanks in advance.

---

Kirby D. Behre
Paul Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Tenth Floor
Washington, D.C. 20005
(202) 551-1719 (Direct Dial)
(202) 551-0119 (Direct Fax)
(202) 294-8406 (cell)
(202) 551-1700 Main Telephone Number
(202) 551-1705 Main Facsimile Number
kirbybehre@paulhastings.com| www.paulhastings.com

-----Original Message-----
From: Kirchner, Domenique (CIV) [mailto:Domenique.Kirchner@usdoj.gov]
Sent: Thursday, July 17, 2008 1:21 PM
To: Behre, Kirby D.
Subject: FW: MDI, please see attached.

-----Original Message-----
From: administrator@civ.usdoj.gov [mailto:administrator@civ.usdoj.gov]
Sent: Thursday, July 17, 2008 1:04 PM
To: Kirchner, Domenique (CIV)
Subject: Scanned image from lst12007-sm550b

DEVICE NAME: lst12007-sm550b
DEVICE MODEL: SHARP AR-M550U
LOCATION: LST 12007

FILE FORMAT: PDF MMR(G4)
RESOLUTION: 300dpi x 300dpi

Attached file is scanned image in PDF format.
This file can be read by Adobe Acrobat Reader.



64

The reader can be downloaded from the following URL:

http://www.adobe.com/

---

*******************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*******************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

**Kirchner, Domenique (CIV)**

**From:** Kirchner, Domenique (CIV)
**Sent:** Thursday, July 17, 2008 5:50 PM
**To:** Behre, Kirby D.; Pierce, Danielle W.; candiceShepard@paulhastings.com
**Subject:** AMCI's indexes

please note that absent the production of all AMCI indexes for its documents by noon Friday, July 18, 2008, Defendant will move to compel.

please let me know that you have received this.