IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**AMEC CONSTRUCTION MANAGEMENT, INC.**
**(f/k/a/ Morse Diesel International, Inc.)**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

**No.: 06-867**
**(Judge Braden)**

**MOTION FOR CLARIFICATION OF ENLARGEMENT OF DISCOVERY**

AMEC Construction Management, Inc. ("ACMI") reluctantly submits this motion to request that the Court clarify its July 7, 2008 Order granting the Government Motion for Enlargement of Discovery and extending fact discovery until October 1, 2008. This Motion is necessitated by the Government's misinterpretation of the Court's Order.

ACMI interprets the Court's July 7 Order as ruling that fact discovery by both plaintiff and defendant now closes on October 1, 2008. However, Government counsel claims that the Order extends discovery for only one party – the Government – and that ACMI must complete all of its fact discovery by August 1, 2008. The Government's unprecedented interpretation would be extremely prejudicial to ACMI, and would be unheard-of in the Rules of the Court of Federal Claims and the Federal Rules of Civil Procedure.

In a July 14, 2008 letter from Government counsel, Domenique Kirchner advised ACMI's counsel that ACMI's discovery closes on August 1, 2008 and has since reiterated this position. That statement is plainly wrong in view of the Court's July 7, 2008 order enlarging the discovery period until October 1, 2008. 07/07/08 Order, at 3. The Order clearly states that the

discovery period is enlarged until October 1, 2008 and does not create different discovery deadlines for each party. The Government also seeks to use this non-sensical interpretation to entirely preclude ACMI from taking the deposition of Georgann Butler, the most critical witness in this case. ACMI served a notice of deposition for Ms. Butler on June 12, 2008. The Government agreed to a two-day deposition of Ms. Butler on July 24 and 25. Then the Government asserted that Ms. Butler could not sit for a two-day deposition on those dates due to a medical condition, but, despite multiple requests from ACMI, the Government could not provide ACMI with any further details regarding whether Ms. Butler's medical condition was expected to worsen as more time elapsed. The Government then asserted that Ms. Butler would not be made available for deposition until September and that ACMI is not permitted to take any discovery after August 1, essentially prohibiting Ms. Butler's deposition if the Government's non-sensical view of the Court's Order was adopted.

Moreover, it is unheard-of in federal or state court practice and would be extremely prejudicial to ACMI to permit the Government to continue discovery for two additional months while precluding ACMI from engaging in discovery at the same time. For example, if the Government took a deposition of a witness whose testimony raised new facts or identified new witnesses, ACMI would be precluded from taking any further deposition testimony. The Government could issue multiple additional discovery requests and interrogatories after August 1 raising new matters and ACMI would be prohibited from issuing similar discovery requests to the Government.

The Government's interpretation of the July 7 Order would also render moot and unintelligible both the September 19, 2007 Scheduling Order and the July 7 Order. In the July 7 Order, the Court cited the Scheduling Order's requirement that dispositive motions are to be filed

90 days after the close of discovery. In accordance with that Scheduling Order, the July 7 Order explicitly stated:

> On September 19, 2007, the court issued a Scheduling Order stating that "[f]act discovery will close on August, 1 2008" and "[d]ispositive motions will be filed no later than 90 days after the close of all discovery." Therefore, pursuant to this Order, discovery will close on October 1, 2008 and dispositive motions will be filed no later than January 2, 2009.

07/07/08 Order, at 2 n. 2 (emphasis added). The Government's interpretation would require two different deadlines for dispositive motions (90 days after August 1 and 90 days after October 1), creating two separate and conflicting briefing schedules, which would be non-sensical and unprecedented.

As noted during the briefing of the Government's Motion for Enlargement of Discovery, the Government waited until May 2008, eight (8) months after discovery commenced, to serve any discovery requests (save one limited document request) and sought the enlargement of discovery time on the basis the Government could not complete discovery by August 1. The Government's interpretation of the Court's July 7 Order would thus absurdly result in rewarding the Government for its delay in obtaining discovery and penalizing ACMI for diligently attempting to follow the Court's original discovery schedule.

In accordance with the Court's July 7 Order, ACMI is prepared to complete discovery by October 1, 2008. Therefore, MDI respectfully requests that the Court clarify that discovery for both plaintiff and defendant closes on October 1, 2008.

/s/James D. Wareham
JAMES D. WAREHAM
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Attorney of Record for Plaintiff

Of Counsel:
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005

July 21, 2008

LEGAL USE 79839320.3

**CERTIFICATE OF SERVICE**

I hereby certify that this 21st day of July 2008 I caused a copy of the foregoing to be served by ECF upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

/s/Danielle Pierce
Danielle Pierce

LEGAL_US_E # 80204923.2