IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-867C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Braden) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION OF ENLARGEMENT OF DISCOVERY AND DEFENDANT'S MOTION FOR EXPERT DISCOVERY CUT-OFFS**

Defendant respectfully responds to plaintiff's motion for clarification of the Court's order dated July 7, 2008, and also respectfully requests that the Court issue an order setting a deadline of Wednesday, November 26, 2008 for the service of expert reports, and a deadline of Friday, December 20, 2008 for the completion of expert depositions.

This Court's order dated July 7, 2008 granted defendant's motion for an enlargement of time to October 1, 2008 for defendant to complete its fact-based discovery. Defendant's motion, dated June 16, 2008, sought an enlargement of time only for the Government to complete its fact-based discovery. Plaintiff had refused to join in any motion for the extension of the period for fact-based discovery. On June 26, 2008, plaintiff opposed defendant's motion for an enlargement of time for defendant to complete its fact-based discovery and also did not request any additional time beyond August 1, 2008, for plaintiff to complete its own discovery. In response, the Court granted the Government's motion, dated June 16, 2008, and directed that the Government complete its non-expert related discovery on or before October 1, 2008.

On July 7, 2008, the Court further directed that, "[i]n the event Plaintiff requires any extensions, they are advised that the court will afford Plaintiff only one extension if necessary."

By letter dated July 17, 2008, defendant informed plaintiff that consistent with the Court's order, plaintiff should inform the Court that it also needs an extension of the August 1, 2008 deadline for fact-based discovery.[1] Defendant also informed plaintiff that the Government would not oppose a plaintiff motion for an enlargement of time to October 1, 2008, for plaintiff to complete fact-based discovery. Although we have never opposed an equal extension of time for the plaintiff, we in good faith interpreted this language in the Court's order to require that plaintiff seek such an extension from the Court. We do not believe that the Government can unilaterally agree to an extension of discovery. However, we reiterate that we do not oppose plaintiff's request. Indeed, the need for this further briefing would have been eliminated if plaintiff had made such a request, in the alternative, in its opposition to the Government's previous motion.

There is no basis for plaintiff's assertion that defendant seeks to use its "non-sensical interpretation to entirely preclude ACMI from taking the deposition of Georgann Butler, the most critical witness in this case." By letter dated July 9, 2008, Government counsel wrote plaintiff's counsel and requested that, "with regard to your taking two days for Ms. Butler's deposition, please hold all three days, July 23-25, 2008, for Linda Phillips, followed by Georgann Butler's deposition." By letter dated July 11, 2008, plaintiff unilaterally decided not to take Ms. Butler's deposition on July 24-25, 2008. By letter dated July 14, 2008, Government counsel wrote plaintiff's counsel:

> This responds to your letter dated July 11, 2008. We appreciate your concern for Georgann Butler. Based upon your decision not to go forward with her deposition on July 24 and 25, 2008, Ms. Butler now has scheduled necessary medical appointments for that week and is unavailable that week. With regard to your request to take Ms. Butler's deposition on August 20 and 21, or on August 19 and 20,

---

[1] Government counsel's letters dated July 9, 14 and 17, 2008, and plaintiff's counsel's letter dated July 11, 2008 all are filed with the Court as attachments to Defendant's Motion To Compel And Request For The Court's Expedited Consideration, dated July 18, 2008.

> 2008, Ms. Butler is not available the week of August 18-22, 2008. I also am not available.

At no time did the Government seek to preclude plaintiff from taking Ms. Butler's deposition. Government counsel further stated: "In addition, plaintiff's discovery closes on August 1, 2008. Plaintiff is required to request an enlargement of time from the Court before proceeding with discovery after August 1, 2008. Please let me know your intentions in that regard." As noted above, Government counsel further stated, by letter dated July 17, 2008, that the Government would not oppose plaintiff's motion for an enlargement of its fact-based discovery to October 1, 2008.

In this regard, on June 25, 2008, plaintiff noticed extensive discovery from Jacobs Facilities, including Rule 30(b)(6) depositions on more than 40 topics and the production of numerous documents. On July 1, 2008, plaintiff served Jacobs with plaintiff's notice of the Rule 30(b)(6) deposition and its request for production of documents. On July 15, 2008, Jacobs Facilities responded and objected to plaintiff's discovery and also stated that the production of documents and witnesses as limited by the objections both could not be accomplished until late September 2008. Thus, if plaintiff wishes to pursue discovery from Jacobs Facilities, plaintiff cannot accomplish that discovery also by the August 1, 2008 deadline for fact-based discovery.

Plaintiff's motion for clarification is in reality a request for an enlargement of the August 1, 2008 deadline for plaintiff to also conduct fact-based discovery. Defendant has no objection to plaintiff's motion for an enlargement of time to October 1, 2008 for plaintiff to complete its fact-based discovery.

Defendant also respectfully requests that the Court set a deadline of November 26, 2008 for the parties' exchange of expert reports and a deadline of December 20, 2008 for the completion of expert depositions. Defendant's counsel and plaintiff's counsel have orally

discussed this matter several times but have not reached an agreement on such deadlines. In addition, by letter dated July 17, 2008, Government counsel wrote plaintiff's counsel urging that the parties reach agreement and inform the Court. Accordingly, defendant hereby respectfully requests that the Court issue an order setting a deadline of November 26, 2008 for the parties' exchange of expert reports and a deadline of December 20, 2008 for the completion of expert depositions.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8524
Attorneys for Defendant

Of Counsel:
TRACY L. HILMER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

ERIC L. MILLER
Office of the Inspector General
General Services Administration

CATHERINE CROW
General Services Administration

July 21, 2008