# EXHIBIT 3

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-867 |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NON-PARTY PAUL LASKOWSKE'S RESPONSE TO DEFENDANT'S SUBPOENA**

In accordance with Rules 26, 30, and 45 of the Rules of the Court of Federal Claims ("RCFC"), Paul Laskowske, by counsel, provides the following responses to defendant's Subpoena, which was dated June 17, 2008. Mr. Laskowske is a former employee of AMEC Construction Management, Inc. ("ACMI"), and the Subpoena seeks information related to Mr. Laskowske's work at ACMI. Any materials in Mr. Laskowske's possession responsive to the document request in the Subpoena are the property of ACMI and have been given to ACMI's counsel for review and production.

**GENERAL OBJECTIONS**

1. These Responses are made without waiver of:

   a. Any and all objections on the grounds of competency, relevancy, materiality, privilege, work product, admissibility as evidence, for any purpose of the subject matter thereof;

   b. The right to object to the use of any documents produced or information provided

hereunder in any subsequent proceeding or in the trial of this or any other litigation or arbitration;

c. The right to object on any ground at any time to a demand for further response to the Subpoena or any other document requests or deposition notices in this arbitration or litigation.

2. The disclosure of information and/or the production of any document in response to the Subpoena shall not constitute an admission of the authenticity, relevance, materiality, or admissibility of such document or information, and Paul Laskowske and ACMI hereby expressly preserve all objections to the use of documents and/or information and/or to further production.

3. Plaintiff has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to Defendant's Subpoena. The following responses are based on Paul Laskowske's knowledge, information and belief at this time and are complete as to Paul Laskowske's best knowledge at this time. Paul Laskowske and ACMI reserve the right to supplement these responses in accordance with Rule 26(e) of the Rules of the Court of Federal Claims ("RCFC"). Furthermore, these responses were prepared based on Paul Laskowske's good faith interpretation and understanding of the individual document requests and subjects of the deposition notice and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revision or supplementation based upon any information, evidence and documentation that

hereinafter may be discovered. Paul Laskowske and ACMI reserve the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.

4. Paul Laskowske and ACMI object generally to the Subpoena to the extent that any Request seeks documents which will or have already been produced by either Plaintiff or Defendant or which have been identified as exhibits to any depositions in this action, and Paul Laskowske declines to produce or identify such documents.

5. Paul Laskowske and ACMI object generally to each Request and Deposition topic to the extent each calls for the production of documents, or disclosure of information, that are protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, the protection provided by RCFC 26(b)(4)(B), or any other applicable privilege, protection, or immunity.

6. Paul Laskowske and ACMI object generally to the Subpoena to the extent that it seeks disclosure of matters that are not relevant to the subject matter of the pending action and are not reasonably calculated to lead to relevant evidence.

7. Paul Laskowske and ACMI object generally to the Subpoena on the grounds that it is vague, ambiguous, lacking in particularity, overly broad and unduly burdensome.

8. Paul Laskowske and ACMI object generally to the Subpoena on the grounds that it requests documents from an unreasonably broad time period, and is therefore unduly burdensome.

9. Paul Laskowske and ACMI object generally to the Subpoena to the extent it call for the

production of documents or information that are not within the possession, custody or control of Paul Laskowske or that are equally available or accessible to Defendant.

10. Paul Laskowske and ACMI object generally to the Subpoena on the grounds that the Government's extremely long passage of over six years time between the creation of any such documents and the four final decisions and revised final decisions of the contracting officer at the U.S. General Services Administrations ("GSA") and this Subpoena has caused undue burden.

11. Paul Laskowske and ACMI object generally to the Subpoena to the extent that it seeks to impose upon Paul Laskowske any requirements beyond those established by the RCFC.

12. Paul Laskowske and ACMI object generally to the Subpoena to the extent that they seek metadata for electronic documents as such a production would be overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Plaintiff will produce documents as they have been kept in the usual course of business by ACMI, which, for the most part, is in paper format. Moreover, due to the defendant's inordinate delay in stating its claims and due to changes in computer technology, plaintiff is not able to readily produce historic electronic materials and metadata without undue burden or expense.

13. Paul Laskowske and ACMI object to the definition of "you" and "your" because it purports to include persons other than Paul Laskowske, and is thus vague, ambiguous, overly broad and unduly burdensome. Paul Laskowske will assume that any reference to "you" or your" refers only to Paul Laskowske.

14. Paul Laskowske and ACMI reserve the right to amend or supplement these responses through and including the time of trial or arbitration.

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Request No. 1: All documents relating or referring to the Phase II contract.

Response No. 1: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 2: All documents provided to any employee or official of ACMI relating or referring to the Phase II contract.

Response No. 2: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 3: All documents relating or referring to ACMI's bid for the Phase II contract, including but not limited to, all work sheets, estimates, take-off sheets, bid forms, memorandum, notations, inter-office communications, and/or notes.

Response No. 3: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 4: All documents relating or referring to ACMI's bid for Option 8 of the Phase II contract, including but not limited to, all work sheets, estimates, take-off sheets, bid forms, memorandum, notations, inter-office communications, and/or notes

Response No. 4: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 5: All documents relating to correspondence or communications within ACMI relating to the Phase II contract.

Response No. 5: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 6: All documents relating to correspondence or communications between ACMI and the Government relating to the Phase II contract, including but not limited to drafts, redlines, meeting notes, and edits.

Response No. 6: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 7: All documents relating or referring to correspondence or communications between ACMI and AMEC plc's sureties relating or referring to the Phase II contract.

Response No. 7: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 8: All correspondence or communications between ACMI and American Home Assurance Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response No. 8: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 9: All correspondence or communications between ACMI and Seaboard Surety Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response No. 9: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 10: All correspondence or communications between ACMI and St. Paul Fire Marine Insurance Company relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response No. 10: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 11: All correspondence or communications between ACMI and AON Risk Services relating or referring to the Phase II contract, including the termination for default of that contract, and all documents relating or referring to such correspondence or communications.

Response No. 11: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 12: All correspondence or communications between ACMI and its employees or representatives and Warner Construction Consultants, Inc. relating or referring to the Phase II contract, and any documents relating or referring to such correspondence or communications.

Response No. 12: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 13: All document relating or referring to ACMI's payments to its subcontractors and suppliers on the Phase II contract, including pay application files, correspondence files, change order files, wire transfers, canceled checks, books of accounts, ledgers, databases, bank statements, or other files and documents.

Response No. 13: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 14: All correspondence or communications between ACMI and its subcontractors and suppliers on the Phase II contract, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, and any documents relating or referring to such correspondence or communications.

Response No. 14: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 15: All correspondence and communications of any form, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, between or among ACMI and its subcontractors after the June 16, 1999 termination for default.

Response No. 15: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 16: All documents relating or referring to meetings between and among ACMI and its subcontractors.

Response No. 16: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 17: All documents relating or referring to disputes between ACMI and its subcontractors or suppliers regarding Phase II work on the project.

Response No. 17: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 18: All documents relating to proposed change orders for Phase II work between ACMI and GSA or ACMI and its subcontractors or suppliers that were unresolved as of the date of the termination for default, June 16, 1999.

Response No. 18: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 19: All documents relating or referring to claims made, threatened, or filed by ACMI against its subcontractors or suppliers on the Phase II contract.

Response No. 19: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 20: All documents relating or referring to claims made, threatened, or filed against ACMI by any of its subcontractor or suppliers on the Phase II contract.

Response No. 20: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 21: All documents relating or referring to requests for additional time to complete work from any of ACMI's subcontractors or suppliers performing work on the Phase II contract.

Response No. 21: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 22: All documents relating or referring to extensions of the completion dates for work performed or to be perform by any of ACMI's subcontractors or suppliers performing work on the Phase II contract.

Response No. 22: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 23: All documents relating to extensions of the completion dates for work performed or to be performed on the Phase II contract.

Response No. 23: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 24: All documents relating to correspondence or communications between ACMI and its subcontractors or suppliers relating to the Phase II contract, including but not limited to drafts, redlines, meeting notes, and edits.

Response No. 24: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 25: All contracts, change orders, and modifications issued by ACMI to its subcontractors and suppliers on the Phase II contract, including but not limited to those extending the completion date or modifying the scope of work on the Phase II contract.

Response No. 25: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 26: All requests for change orders made by ACMI's subcontractors and suppliers on the Phase II contract, including but not limited to those extending the completion date or modifying the scope of work relating to the Phase II contract.

Response No. 26: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 27: All liquidating and stand-still agreements between ACMI and its subcontractors and supplies on the Phase II contract.

Response No. 27: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 28: All complaints, answers, counterclaims, motions to dismiss, motions for summary judgment, judgments, stipulations, and settlement agreements in any civil actions or arbitrations involving ACMI and its subcontractors or suppliers for the Phase II contract.

Response No. 28: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 29: All deposition or trial testimony and exhibits in litigation between ACMI and its subcontractors or suppliers for the Phase II contract.

Response No. 29: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 30: All documents relating to ACMI's determination of the amounts that it owed to its subcontractors and suppliers for work they performed relating to the Phase II contract.

Response No. 30: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 31: All correspondence and communications of any form, including but not limited to letters, e-mails, facsimiles, memoranda, notes, and interview records, between or among ACMI and its subcontractors after the June 16, 1999 termination for default.

Response No. 31: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 32: All job cost reports for the Phase II contract.

Response No. 32: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 33: All monthly or other periodic status reports, or other reports on the Phase II contract prepared for ACMI management, including Graham Harwood.

Response No. 33: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 34: All daily or other periodic construction reports of ACMI and its subcontractors and suppliers on the Phase II contract.

Response No. 34: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 35: All documents relating or referring to work performed or proposed or represented to be performed on the Phase II contract by ACMI or its subcontractors and suppliers.

Response No. 35: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 36: All documents relating or referring to the scope or extent of work performed by ACMI and its subcontractors and suppliers on the Phase II contract.

Response No. 36: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 37: All documents relating or referring to fan terminal units (FTU) failure and the estimated costs associated with that failure on the Phase II contract.

Response No. 37: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 38: All documents relating or referring to work that GSA or its representatives or employees alleged was defective, incomplete, or missing on the Phase II contract as of the date of the termination for default, or thereafter.

Response No. 38: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 39: All documents relating or referring to inventory for the Phase II contract that ACMI stored on Government property as of the date of the termination for default, including but not limited to all documents relating to payment for such inventory.

Response No. 39: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 40: All documents relating or referring to ACMI's planned or anticipated substantial completion date(s) for the Phase II contract.

Response No. 40: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 41: All documents relating or referring to the condition of the St. Louis Courthouse project at or about the time of the termination for default.

Response No. 41: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 42: All documents relating or referring to the status of the building enclosure at or about the time of the termination for default.

Response No. 42: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 43: All documents relating or referring to GSA's deletion of wall fabrics from the judge's chambers from the Phase II contract.

Response No. 43: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 44: All documents relating to cost and/or time estimates to complete the Phase II contract.

Response No. 44: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 45: All documents relating or referring to post-ACMI termination cost evaluations and cost compilations relating or referring to the Phase II contract.

Response No. 45: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 46: All schedules for Phase II contract work, irrespective of whether ACMI conveyed such documents to GSA, and all documents relating or referring to such schedules.

Response No. 46: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 47: All time impact or schedule analyses or fragnet analysis concerning alleged delay measurable through the Phase II East Lobby, tenant fit-out drawings, and change orders, irrespective of whether ACMI conveyed such documents to GSA.

Response No. 47: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 48: All documents relating or referring to GSA drawings for tenant fit-out work on the Phase II contract.

Response No. 48: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 49: All documents relating or referring to alleged defects in GSA drawings for tenant fit-out work on the Phase II contract.

Response No. 49: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 50: All documents relating or referring to alleged untimeliness of GSA drawings for tenant fit-out on the Phase II contract.

Response No. 50: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 51: All documents relating or referring to GSA drawings for the Lobby and East Lobby on the Phase II contract.

Response No. 51: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 52: All documents relating or referring to alleged defects in GSA drawings for the Lobby and East Lobby on the Phase II contract.

Response No. 52: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 53: ACMI's agreement with Nicholas Petschek relating to work on the east rotunda lobby, any amendments or modifications thereto, and any documents relating or referring to that agreement and any amendments or modifications thereto, including payment applications and payments.

Response No. 53: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 54: Copies of any drawings created by or on behalf of Nicholas Petschek for the St. Louis Courthouse or the Phase II contract.

Response No. 54: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 55: All correspondence or communications with Nicholas Petschek relating or referring to the St. Louis Courthouse or the Phase II contract.

Response No. 55: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 56: All manpower reports, analyses, or records relating to ACMI and its subcontractors on the Phase II contract.

Response No. 56: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 57: All documents relating or referring to ACMI's allegation that, on June 16, 1999, its work force on the St. Louis Courthouse project consisted of approximately 320 personnel.

Response No. 57: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 58: All reports of any witnesses from whom plaintiff intends to elicit opinion testimony should this matter proceed to trial.

Response No. 58: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 59: All statements obtained from any person regarding any of the facts alleged in ACMI's complaint.

Response No. 59: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 60: All reports or other documents prepared by a person who has reviewed or investigated the allegations in ACMI's complaint.

Response No. 60: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 61: All reviews, reports, investigations or other documents which ACMI relies, or intends to rely, upon in this litigation.

Response No. 61: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his

possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 62: All documents relating or referring to any oral statements between ACMI and GSA or any employees of the United States relating or referring to the St. Louis Courthouse, or the Phase II contract or any amendments or modifications to such contract.

Response No. 62: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 63: All documents relating to offsetting excess reprocurement costs with forfeiture amounts relating to ACMI's claims, including but not limited to any assessment, review, analysis, report, and communications.

Response No. 63: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 64: All documents relating to the merits and likelihood of success of ACMI's claims on the Phase II contract, including but not limited to any assessment, review, analysis, report, and communications.

Response No. 64: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Request No. 65: All documents relating to the merits and likelihood of success of claims of any of ACMI's subcontractors or suppliers on the Phase II contract, including but not limited to any assessment, review, analysis, report, and communications.

Response No. 65: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

There is No Request No. 66.

Request No. 67: All photographs relating or referring to the Phase II contract work, and any documents relating or referring to such photographs.

Response No. 67: Subject to the foregoing General Objection, Mr. Laskowske states that he has no personal documents responsive to the Subpoena. Any documents or materials in his possession responsive to this Request are the property of ACMI and have been delivered to counsel for ACMI for review and production by ACMI.

Respectfully submitted,

James D. Wareham by Danielle W. Pierce

James D. Wareham
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128

Attorney of Record for Plaintiff AMEC Construction Management, Inc., and for Paul Laskowske

Date: July 17, 2008
LEGAL USE 80099571.1

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by email and U.S. mail this 17th day of July 2008 a copy of the foregoing Response of Non-Party Paul Laskowske to Defendant's Subpoena upon:

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. DEPARTMENT OF JUSTICE
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

Danielle W. Pierce

LEGAL_US_E # 80099571.2 37903.00006
07/17/08