# EXHIBIT 4

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc., Plaintiff, v. THE UNITED STATES, Defendant. | Case No. 06-867 (Judge Braden) |

DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant provides the following responses to plaintiff's request for production of documents dated January 16, 2008. "ACMI" and "MDI" refer to AMEC Construction Management, Inc., f/k/a Morse Diesel International, Inc.

General Objections

1. We object to plaintiff's request for production of documents to the extent that it seeks to impose upon defendant any requirements beyond those established by the Rules of this Court.

2. We object to plaintiff's request for production to the extent it seeks information or documents protected from discovery by the Privacy Act, the attorney-client privilege, the deliberative process or executive privilege, the work product doctrine, or any other applicable privileges, and RCFC 26(b)(2).

3. We object to plaintiff's request for production of documents to the extent that it extends to documents that have previously been produced by defendant in this case or in related cases (Fed. Cl. No. 99-279 and consolidated cases), or that have been previously produced by plaintiff because such production is an undue burden and expense. For example, defendant's

counsel previously provided plaintiff's counsel with documents that had been scanned to CDRoms by deliveries on or about September 8, 2006 (1 disc), December 15, 2006 (1 disc), July 5, 2007 (6 discs), August 2, 2007 (12 discs), August 22, 2007 (10 discs), August 30, 2007 (1 disc), and February 8, 2007 (2 discs). On or about April 23, 2007, defendant's counsel provided plaintiff's counsel with CDRoms containing copies of videos taken of the St. Louis Courthouse after the June 16, 1999 termination for default of MDI (11 discs). By letter dated April 12, 2007, defendant's counsel provided plaintiff's counsel with a copy of the August 11, 1999 Phase II Termination Building Status Assessment, prepared by CRSS Constructors (GSA 07237-07352). By letter dated May 3, 2007, defendant provided plaintiff's counsel with redacted copies of the GSA IG audit reports relating to the Phase III contracts (GSA 07353-07570). By letter dated August 23, 2007, defendant provided plaintiff's counsel with unredacted copies of those GSA IG audit reports subject to the Court's protective order (GSA 07571-07801). As stated in defendant's counsel's letter dated February 8, 2008, the GSA IG work papers for those GSA IG audit reports and other documents are stored at the offices of defendant's counsel, Domenique Kirchner, and are available for inspection and copying by plaintiff. By letter dated September 6, 2007, defendant's counsel provided plaintiff's counsel with documents relating to the security guard services provided by Ree's Contract Service, a Phase III contractor. By letter dated October 19, 2007, defendant's counsel provided plaintiff's counsel with copies of additional documents (GSA 07828 to 010021). By letter dated January 4, 2008, defendant's counsel provided plaintiff's counsel with a copy of the decision of the board of contract appeals in an appeal brought by DKW Construction, Inc., a Phase III contractor. By letter dated February 11, 2008, defendant's counsel provided plaintiff's counsel with additional documents regarding the

board of contract appeals case involving DKW Construction, Inc. (DKW 001-458). By letter dated February 14, 2008, defendant's counsel provided plaintiff's counsel with CDRoms containing copies of drawings related to the Phase II and Phase III contracts (5 discs). In addition, plaintiff's counsel reviewed and copied documents regarding the St. Louis Courthouse Phase I and Phase II contracts during discovery in Fed. Cl. No. 99-279 and consolidated cases.

4. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome.

5. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995 because such discovery is not reasonably calculated to lead to the discovery of relevant evidence.

6. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the June 1999 termination for default of plaintiff because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its January 26, 2007 decision, the Court declared that plaintiff's challenge to the June 1999 termination for default of MDI was forfeited, and, accordingly, such discovery is improper. Morse Diesel v. United States, 74 Fed. Cl. 601, 628, 636 n.21 (2007).

7. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's claims relating to the St. Louis Courthouse Phase I contract or the Phase II contract because such requests are not reasonably calculated to lead to the

discovery of relevant evidence and production of such documents is also unduly burdensome. Further, in its January 26, 2007 decision, the Court declared such claims to be forfeited. Morse Diesel, 74 Fed. Cl. at 625-35.

8. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to GSA's imposition of liquidated damages on the Phase II contract for the period January 9-May 31, 1999. ACMI's August 30, 2001 certified claim and request for equitable adjustment challenged GSA's imposition of liquidated damages and sought recovery of such liquidated damages. In its January 26, 2007 decision, the Court declared that ACMI's August 30, 2001 claim was forfeited, and, accordingly, such discovery is improper. Morse Diesel, 74 Fed. Cl. at 625-35.

9. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's June 15, 2005 certified claim because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its June 29, 2007 unpublished decision at p.7, the Court ruled that it did not currently have jurisdiction to address that claim, and, accordingly, plaintiff's requested discovery is improper. Subsequently, on January 24, 2008, GSA contracting officer Georgann Butler issued a final decision denying that claim. Plaintiff has not filed an appeal of that contracting officer's decision.

10. We object to the definition of "relating to" in plaintiff's request for production of documents because it is ambiguous and not reasonably calculated to lead to the discovery of relevant evidence, and unduly burdensome.

Defendant's Responses To Document Requests

1. All documents provided to General Services Administration ("GSA") Contracting Officer Georgann Butler or any other employee of the GSA relating to the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overbroad and not reasonably calculated to lead to the discovery of relevant evidence, and is unduly burdensome. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain discovery of documents relating to the June 1999 termination for default of plaintiff because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its January 26, 2007 decision, the Court declared that plaintiff's challenge to the June 1999 termination for default of MDI was forfeited, and, accordingly, such discovery is improper. Morse Diesel v. United States, 74 Fed. Cl. 601, 628, 636 n.21 (2007). We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's claims relating to the St. Louis Courthouse Phase I or the Phase II contracts because such requests are not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is also unduly burdensome. Further, in its January 26, 2007 decision, the Court declared such claims to be forfeited. Morse Diesel, 74 Fed. Cl. at 625-35. We also object to plaintiff's request for production of documents to the extent that it seeks to

obtain documents relating to ACMI's June 15, 2005 certified claim because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its June 29, 2007 unpublished decision at p.7, the Court ruled that it did not currently have jurisdiction to address that claim, and, accordingly, plaintiff's requested discovery is improper. Subsequently, on January 24, 2008, GSA contracting officer Georgann Butler issued a final decision denying that claim. Plaintiff has not filed an appeal of that contracting officer's decision. Without waiving our objections, the Government is making its non-privileged St. Louis Courthouse Phase II contract documents and Phase III contract documents available for plaintiff's inspection and copying. The documents are stored at GSA offices in Kansas City, MO.

2. All documents that are or were contained in the approximately 70 boxes of documents the Government represented to the Court were being reviewed by the GSA on June 22, 2007 status conference. *See* 06/22/07 Status Hearing Tr. at 17:21-25.

RESPONSE: Defendant incorporates the general objections stated above. Without waiving our objections, by letter dated October 18, 2007, the Government provided plaintiff's counsel with an index for those boxes. Further, the Government provided plaintiff's counsel with CDRoms containing copies of the documents in such boxes on July 5, 2007 (6 discs), August 2, 2007 (12 discs), August 22, 2007 (10 discs), and August 30, 2007 (1 disc). The Government is making those same boxes available for plaintiff's inspection and copying at GSA offices in Kansas City, MO. Documents that had been removed for privilege in an earlier privilege review were subsequently reviewed by defendant's counsel and produced to plaintiff by letter dated October 19, 2007 (GSA 07828 to 010021), subject to the Court's protective order.

3. All GSA contract files, pay application files, correspondence files, or other files

relating to the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is unduly burdensome. We also object to the request because it is ambiguous and overbroad and also not reasonably calculated to lead to the discovery of relevant evidence to the extent that it refers to "other files relating to the St. Louis Courthouse Contracts." Without waiving our objections, the Government is making available for plaintiff's inspection and copying its nonprivileged St. Louis Courthouse Phase II contract files, including pay application files and correspondence files. The Government is also making available for plaintiff's inspection and copying its nonprivileged St. Louis Courthouse Phase III contract files, including pay application files and correspondence files.

4. All documents relating to the termination of ACMI from the St. Louis Phase II Contract.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain discovery of documents relating to the June 1999 termination for default of plaintiff because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its January 26, 2007 decision, the Court declared that plaintiff's challenge to the June 1999 termination for default of MDI was forfeited, and, accordingly, such discovery is improper. Morse Diesel v. United States, 74 Fed. Cl. 601, 628, 636 n.21 (2007). We also object because the request is ambiguous and

overbroad and not reasonably calculated to lead to the discovery of relevant evidence, and unduly burdensome in referring to all documents relating to the June 1999 termination of MDI. Without waiving our objections, the Government is making available for plaintiff's inspection and copying its non-privileged St. Louis Courthouse Phase II contract files and its Phase III contract files. Such documents stored at GSA offices in Kansas City, MO.

5. All documents relating to communications from 1994 to present with construction and other contractors regarding the possibility of performing work on the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overbroad and also is not reasonably calculated to lead to the discovery of relevant evidence, and unduly burdensome in referring to all documents relating to communications with contractors regarding the possibility of performing work on the St. Louis Courthouse Phase I or Phase II contracts. Without waiving our objections, the Government will make available for plaintiff's inspection and review its non-privileged documents relating to communications to contractors regarding the possibility of performing Phase III work.

6. All bids, proposals, contracts, change orders, modifications, and correspondence relating to work performed or proposed or represented to be performed on the St. Louis Courthouse Contracts, including but not limited to documents relating to contractors and subcontractors engaged after ACMI was terminated in June 1999.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overbroad and also is not reasonably calculated to lead to the discovery of relevant evidence, and is unduly burdensome. We object to plaintiff's request

for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. Without waiving our objections, the Government is making available for plaintiff's inspection and copying its non-privileged documents relating to the St. Louis Courthouse Phase III work, including bids, proposals contracts, change orders, modifications and correspondence. Defendant is making available for plaintiff's inspection and copying its nonprivileged documents relating to the St. Louis Courthouse Phase II contract work.

7. All documents relating to the scope of the work performed pursuant to the St. Louis Courthouse Contracts from September 1995 to present, including after ACMI was terminated in June 1999.

RESPONSE: Defendant incorporates the general objections stated above. Without waiving our objections, defendant is making available for plaintiff's inspection and copying its non-privileged documents relating to the scope of the work performed pursuant to the St. Louis Courthouse Phase II contract and the Phase III contracts from September 28, 1995 to present, including after ACMI was terminated in June 1999. In addition, defendant's counsel previously provided plaintiff's counsel with documents that had been scanned to CDRoms by deliveries on or about September 8, 2006 (1 disc), December 15, 2006 (1 disc), July 5, 2007 (6 discs), August 2, 2007 (12 discs), August 22, 2007 (10 discs), August 30, 2007 (1 disc), and February 8, 2007 (2 discs). On or about April 23, 2007, defendant's counsel provided plaintiff's counsel with CDRoms containing copies of videos taken of the St. Louis Courthouse after the June 16, 1999 termination for default of MDI (11 discs). By letter dated April 12, 2007, defendant's counsel provided

plaintiff's counsel with a copy of the August 11, 1999 Phase II Termination Building Status Assessment, prepared by CRSS Constructors (GSA 07237-07352). By letter dated September 6, 2007, defendant's counsel provided plaintiff's counsel with documents relating to the security guard services provided by Ree's Contract Service, a Phase III contractor. By letter dated October 19, 2007, defendant's counsel provided plaintiff's counsel with copies of additional documents subject to the Court's protective order (GSA 07828 to 010021). By letter dated January 4, 2008, defendant's counsel provided plaintiff's counsel with a copy of the decision of the board of contract appeals in an appeal brought by DKW Construction, Inc., a Phase III contractor. By letter dated February 11, 2008, defendant's counsel provided plaintiff's counsel with additional documents regarding the board of contract appeals case involving DKW Construction, Inc. (DKW 001-458). In addition, plaintiff's counsel reviewed and copied documents regarding the Phase I and Phase II contracts during its discovery in Fed. Cl. No. 99-279 and consolidated cases.

8. All documents relating to claims made, threatened, or filed against the Government by any contractor or subcontractor performing work on the St. Louis Courthouse Contracts, including but not limited to documents relating to contractors and subcontractors engaged after ACMI was terminated in June 1999.

RESPONSE: Defendant incorporates the general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's claims relating to the St. Louis Courthouse Phase I contract or the Phase II contracts because such requests are not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is also unduly burdensome. Further, in its January

26, 2007 decision, the Court declared such claims to be forfeited. Morse Diesel, 74 Fed. Cl. at 625-35. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's June 15, 2005 certified claim because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its June 29, 2007 unpublished decision at p.7, the Court ruled that it did not currently have jurisdiction to address that claim, and, accordingly, plaintiff's requested discovery is improper. Subsequently, on January 24, 2008, GSA contracting officer Georgann Butler issued a final decision denying that claim. Plaintiff has not filed an appeal of that contracting officer's decision. Without waiving our objections, defendant is making available for plaintiff's inspection and copying its non-privileged documents relating to claims filed by Phase III contractors. In addition, by letter dated January 4, 2008, defendant's counsel provided plaintiff's counsel with a copy of the decision of the board of contract appeals in an appeal brought by DKW Construction, Inc., a Phase III contractor. By letter dated February 11, 2008, defendant's counsel provided plaintiff's counsel with additional documents regarding the board of contract appeals case involving DKW Construction, Inc. (DKW 001-458).

9. All documents relating to requests for additional time to complete work from any contractor or subcontractor performing work on the St. Louis Courthouse Contracts, including MDI and ACMI.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overbroad, and not reasonably calculated to lead to the discovery of relevant evidence, and is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain discovery of documents relating to

the June 1999 termination for default of plaintiff because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its January 26, 2007 decision, the Court declared that plaintiff's challenge to the June 1999 termination for default of MDI was forfeited, and, accordingly, such discovery is improper. Morse Diesel v. United States, 74 Fed. Cl. 601, 628, 636 n.21 (2007). We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's claims relating to the St. Louis Courthouse Phase I or the Phase II contracts because such requests are not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is also unduly burdensome. Further, in its January 26, 2007 decision, the Court declared such claims to be forfeited. Morse Diesel, 74 Fed. Cl. at 625-35. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's June 15, 2005 certified claim because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its June 29, 2007 unpublished decision at p.7, the Court ruled that it did not currently have jurisdiction to address that claim, and, accordingly, plaintiff's requested discovery is improper. Subsequently, on January 24, 2008, GSA contracting officer Georgann Butler issued a final decision denying that claim. Plaintiff has not filed an appeal of that contracting officer's decision. Without waiving our objections, the Government is making available for plaintiff's inspection and copying its non-privileged documents relating to requests for extensions of the completion date for the St.

Louis Courthouse Phase III contracts. Defendant is also making available for plaintiff's inspection and copying its nonprivileged contract documents relating to requests for extensions to complete work on the St. Louis Courthouse Phase II contract.

10. All documents relating to extensions of the completion date of the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. Without waiving our objections, the Government is making available for plaintiff's inspection and copying its non-privileged documents relating to any extensions of the completion date for the St. Louis Courthouse Phase III contracts. Defendant also is making available for plaintiff's inspection and copying its nonprivileged documents relating to extensions of the completion date of the St. Louis Courthouse Phase II contract.

11. All contracts, change orders, and modifications, including but not limited those extending the completion date or modifying the scope of work on the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract and such work because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. Without waiving our objections, GSA is making

available for plaintiff's inspection and copying its non-privileged documents relating to the St. Louis Courthouse Phase III work, including all contracts, change orders and modifications. Defendant is also making available for plaintiff's inspection and copying its nonprivileged documents relating to the St. Louis Courthouse Phase II work, including the contract, change orders, and modifications.

12. All documents relating to GSA drawings for tenant fit-out work on the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overbroad and also is not reasonably calculated to lead to the discovery of relevant evidence, and is unduly burdensome to the extent that it seeks "all documents relating to" such GSA drawings. Without waiving our objections, by letter dated February 14, 2008, we provided plaintiff's counsel with copies of drawings for the St. Louis Phase II and Phase III contracts on five CDRoms, subject to their return to defendant upon the completion of the litigation, as provided in the Court's protective order dated July 3, 2007. Because of security issues, all such CDRoms and drawings must be returned to defendant upon completion of the litigation. In addition, the Government will make available for plaintiff's inspection and copying drawings relating to tenant fit-out work on the St. Louis Phase II and Phase III contracts, again subject to the Court's protective order and plaintiff's return of such drawings to defendant upon completion of the litigation.

13. All documents relating to GSA drawings for the Lobby and East Lobby on the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates the general objections stated above. We also object

because the request is ambiguous and overbroad and also is not reasonably calculated to lead to the discovery of relevant evidence, and is unduly burdensome to the extent that it seeks "all documents relating to" such GSA drawings. Without waiving our objections, by letter dated February 14, 2008, we provided plaintiff's counsel with copies of GSA drawings for the St. Louis Phase II and Phase III contracts on five CDRoms, subject to their return to defendant upon the completion of the litigation, as provided in the Court's protective order dated July 3, 2007. Because of security issues, all such CDRoms and drawings must be returned to defendant upon completion of the litigation. In addition, the Government will make available for plaintiff's inspection and copying drawings relating to the Lobby and East Lobby on the St. Louis Phase II and Phase III contracts, again subject to the Court's protective order and plaintiff's return of such drawings to defendant upon completion of the litigation.

14. All documents relating to the June 16, 1999 termination notice issued to MDI, including but not limited to drafts, redlines, meeting notes, memoranda supporting or discussing the termination, and edits.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain discovery of documents relating to the June 16, 1999 termination for default of MDI because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its January 26, 2007 decision, the Court declared that plaintiff's challenge to the June 1999 termination for default of MDI was forfeited, and, accordingly, such discovery is improper. Morse Diesel v. United States, 74 Fed. Cl. 601, 628, 636 n.21 (2007).

15. All documents relating to a letter dated May 24, 1999 from GSA to Seaboard

Surety Co., St. Paul Fire and Marine Insurance Co., and American Home Assurance Co., as referred to in the Government's Amended Answer to paragraph 18 of the Amended Complaint.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overboard and not reasonably calculated to lead to the discovery of relevant evidence as well as unduly burdensome to the extent that it seeks "all documents relating to" such May 24, 1999 letter. Without waiving our objections, a copy of the May 24, 1999 letter from GSA is attached.

16. All documents relating to a letter dated July 29, 1999 from GSA to MDI's attorneys, as referred to in the Government's Amended Answer to paragraph 21 of the Amended Complaint.

RESPONSE: Defendant incorporates the general objections stated above. We also object because the request is ambiguous and overboard and not reasonably calculated to lead to the discovery of relevant evidence as well as unduly burdensome to the extent that it seeks "all documents relating to" such May July 26, 1999 letter. Without waiving our objections, a copy of the July 29, 1999 letter from GSA is attached.

17. All documents relating to offsetting excess reprocurement costs with forfeiture amounts relating to ACMI's Claims, including but not limited to any assessment, review, analysis, report, and communications.

RESPONSE: Defendant incorporates the general objections stated above. Without waiving our objections, we have searched and have not found such non-privileged documents.

18. All documents relating to the merits and likelihood of success of ACMI's Claims, including but not limited to any assessment, review, analysis, report, and

communications.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's claims relating to the St. Louis Courthouse Phase I or Phase II contracts because such requests are not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is also unduly burdensome. Further, in its January 26, 2007 decision, the Court declared such claims to be forfeited. Morse Diesel, 74 Fed. Cl. at 625-35. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's June 15, 2005 certified claim because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its June 29, 2007 unpublished decision at p.7, the Court ruled that it did not currently have jurisdiction to address that claim, and, accordingly, plaintiff's requested discovery is improper. Subsequently, on January 24, 2008, GSA contracting officer Georgann Butler issued a final decision denying that claim. Plaintiff has not filed an appeal of that contracting officer's decision.

19. All documents relating to any GSA Contracting Officer's review of ACMI's Claims, including but not limited to any assessment, analysis, report, and communications.

RESPONSE: Defendant incorporates the general objections stated above. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's claims relating to the St. Louis Courthouse Phase I or Phase II contracts because such requests are not reasonably calculated to lead to the discovery of relevant evidence and production of such documents is also unduly burdensome. Further, in its January 26, 2007 decision, the Court declared such claims to be forfeited. Morse Diesel, 74 Fed. Cl. at 625-35.

We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to ACMI's June 15, 2005 certified claim because such request is not reasonably calculated to lead to the discovery of relevant evidence. In its June 29, 2007 unpublished decision at p.7, the Court ruled that it did not currently have jurisdiction to address that claim, and, accordingly, plaintiff's requested discovery is improper. Subsequently, on January 24, 2008, GSA contracting officer Georgann Butler issued a final decision denying that claim. Plaintiff has not filed an appeal of that contracting officer's decision. Without waiving our objections, plaintiff already has copies of the claims that it submitted to the GSA contracting officer and the contracting officer's decisions on such claims.

20. All documents relating to defendant's affirmative defenses.

RESPONSE: Defendant incorporates the general objections stated above. Without waiving our objections, plaintiff already has copies of the guilty pleas and court decisions referenced in the Government's affirmative defenses.

21. All documents relating to payments made to contractors and subcontractors on the St. Louis Courthouse Contracts, including but not limited to wire transfers, canceled checks, books, accounts, ledgers, databases, bank statements.

RESPONSE: Defendant incorporates the general objections stated above. Without waiving our objections, the Government is making available for plaintiff's inspection and copying all non-privileged documents relating to payments made to ACMI on the Phase II contract and payments made to Phase III contractors. We also have attached copies of a payment log for the Phase II contract.

22. All documents relating to the Government's claimed excess reprocurement

costs (whether asserted in letters to ACMI in 2006 or in revised calculations in 2007) relating to the St. Louis Phase III Contract, including but not limited to drafts, redlines, meeting notes, and edits.

RESPONSE: Defendant incorporates the general objections stated above. Without waiving our objections, the Government is making available for plaintiff's inspection and copying all non-privileged documents relating to the Government's claimed excess reprocurement costs (whether asserted in letters to ACMI in 2006 or in revised calculations in 2007) relating to the Phase III contracts.

23. All documents relating to correspondence within the Government relating to the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates its general objections stated above. Defendant also objects because the request for production is ambiguous and overbroad, and not reasonably calculated to lead to the discovery of relevant evidence. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged correspondence within the Government relating to the St. Louis Phase II contract and nonprivileged correspondence within the Government relating to the St. Louis Phase III contracts.

24. All documents relating to the Government's assessment of liquidated damages relating to the St. Louis Phase II Contract or the St. Louis Phase III Contract, including but not limited to drafts, redlines, meeting notes, and edits.

RESPONSE: Defendant incorporates the general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to GSA's imposition of liquidated damages in the amount of $700,000 on the Phase II contract for the period January 9-May 31, 1999. ACMI's August 30, 2001 certified claim and request for equitable adjustment challenged GSA's imposition of liquidated damages and sought recovery of such liquidated damages. In its January 26, 2007 decision, the Court declared that ACMI's August 30, 2001 claim was forfeited, and, accordingly, such discovery is improper. Morse Diesel, 74 Fed. Cl. at 625-35. Without waiving our objections, the Government is making available for plaintiff's inspection and copying non-privileged contract documents on the Government's assessment of liquidated damages on the St. Louis Courthouse Phase II contract, including contract modifications.

25. All documents relating to the GSA Contracting Officer's letters, notices, decisions and/or repayment demands dated March 21, 2006, May 1, 2006, October 10, 2006, April 24, 2007, June 7, 2007, and August 9, 2007, including but not limited to drafts, redlines, meeting notes, and edits.

RESPONSE: Defendant incorporates its general objections stated above. Without waiving our objections, the Government is making available for plaintiff's inspection and copying all nonprivileged documents relating to the GSA Contracting officer's letters, notices, decisions and/or repayment demands dated March 21, 2006, May 1, 2006, October 10, 2006, April 24,

2007, June 7, 2007, and August 9, 2007.

26. All documents explaining or discussing changes in the amounts claimed in the GSA Contracting Officer decisions and/or repayment demands dated August 9, 2007 and October 10, 2006.

RESPONSE: Defendant incorporates its general objections stated above. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged documents relating to the GSA Contracting Officer decisions and/or repayment demands dated August 9, 2007 and October 10, 2006.

27. All documents explaining or discussing changes in the amounts claimed in the GSA Contracting Officer decisions and/or repayment demands dated October 10, 2006 and May 1, 2006.

RESPONSE: Defendant incorporates its general objections stated above. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged documents relating to the GSA Contracting Officer decisions and/or repayment demands dated October 10, 2006 and May 1, 2006.

28. All documents explaining or discussing changes in the amounts claimed in the GSA Contracting Officer decisions and/or repayment demands dated May 1, 2006 and March 21, 2006.

RESPONSE: Defendant incorporates its general objections stated above. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged documents relating to the GSA Contracting Officer decisions and/or repayment demands dated May 1, 2006 and March 21, 2006.

29. All documents relating to reports and audits relating to the St. Louis Courthouse Contracts relating to contractors and subcontractors engaged both before and after ACMI was terminated in June 1999, including but not limited to drafts, redlines, meeting notes, auditor work product, and edits.

RESPONSE: Defendant incorporates its general objections stated above. We also object to the request for production because it is overbroad and ambiguous, and we cannot determine whether plaintiff intends to request the production of GSA IG audits relating to the claims of ACMI and its subcontractors claims on the St. Louis Courthouse Phase I and Phase II contracts. If the request was intended to refer to such audits of the claims of ACMI and its subcontractors relating to the Phase I and Phase II contracts, such documents are not relevant and the request is not reasonably calculated to lead to the discovery of relevant evidence. Such documents also were made available for plaintiff's inspection and copying in discovery in Fed. Cl. 99-279 and consolidated cases. Without waiving our objections, by letter dated May 3, 2007, defendant provided plaintiff's counsel with redacted copies of the GSA IG audit reports relating to the Phase III contractors (GSA 07353-07570). By letter dated August 23, 2007, defendant provided plaintiff's counsel with unredacted copies of these GSA IG audit reports subject to the Court's protective order (GSA 07571-07801). As stated in defendant's counsel's letter dated February 8, 2008, the GSA IG work papers for these GSA IG audit reports and other documents are stored at the offices of defendant's counsel, Domenique Kirchner, and are available for inspection and copying by plaintiff.

30. All documents relating to correspondence between the Government and any auditor performing work relating to the St. Louis Courthouse Contracts relating to contractors

and subcontractors engaged both before and after ACMI was terminated in 1999, including but not limited to John Walsh and employees of the GSA Office of Inspector General.

RESPONSE: Defendant incorporates its general objections stated above. We also object to the request for production because it is overbroad and ambiguous, and we cannot determine whether plaintiff intends to request the production of correspondence between the Government and any auditor performing work related to the claims of ACMI and its subcontractors on the St. Louis Courthouse Phase I and Phase II contracts. If the request was intended to refer to such documents, such documents are not relevant and the request is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving our objections, by letter dated May 3, 2007, defendant provided plaintiff's counsel with redacted copies of the GSA IG audit reports relating to the Phase III contractors (GSA 07353-07570). By letter dated August 23, 2007, defendant provided plaintiff's counsel with unredacted copies of these GSA IG audit reports subject to the Court's protective order (GSA 07571-07801). As stated in defendant's counsel's letter dated February 8, 2008, the GSA IG work papers for these GSA IG audit reports and other documents are stored at the offices of defendant's counsel, Domenique Kirchner, and are available for inspection and copying by plaintiff.

31. All documents that were reviewed in making any reports or audits relating to the Government's excess reprocurement costs relating to contractors and subcontractors engaged both before and after ACMI was terminated, including but not limited to all documents that may have been referenced in the creation of the reports or memoranda but not necessarily relied upon in the final products.

RESPONSE: Defendant incorporates its general objections stated above. Without waiving our

objections, by letter dated May 3, 2007, defendant provided plaintiff's counsel with redacted copies of the GSA IG audit reports relating to the Phase III contractors (GSA 07353-07570). By letter dated August 23, 2007, defendant provided plaintiff's counsel with unredacted copies of these GSA IG audit reports subject to the Court's protective order (GSA 07571-07801). As stated in defendant's counsel's letter dated February 8, 2008, the GSA IG work papers for these GSA IG audit reports and other documents are stored at the offices of defendant's counsel, Domenique Kirchner, and are available for inspection and copying by plaintiff.

32. All documents relating to correspondence between the Government and MDI, ACMI, and any contractors and subcontractors who performed work on the St. Louis Courthouse Contracts, including but not limited to drafts, redlines, meeting notes, and edits.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We also object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995 because such discovery is not reasonably calculated to lead to the discovery of relevant evidence. We also object to the request for production to the extent that it extends to drafts, redlines, meeting notes and edits relating to correspondence because such documents are not relevant and the request is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving such objections, the Government is making available for plaintiff's inspection and copying correspondence between ACMI/MDI and the Government

relating to the Phase II contract, and correspondence between the Government and its Phase III contractors.

33. All documents relating to correspondence between GSA and the Administrative Office of the United States Courts regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Courthouse Contracts in 1994 until completion of the project.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged files of Linda Phillips which may contain responsive documents.

34. All documents relating to correspondence between GSA and the Office of the Circuit Executive of the United States Court of Appeals for the Eighth Circuit regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Courthouse Contracts in 1994 until completion of the project.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly

burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged files of Linda Phillips which may contain responsive documents.

35. All documents relating to correspondence between GSA and the Office of the Clerk of Court of the United States District Court for the Eastern District of Missouri regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Courthouse Contracts in 1994 until completion of the project.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged files of Linda Phillips which may contain responsive documents.

36. All documents relating to correspondence between GSA and the Office of the Clerk of Court of the United States Bankruptcy Court for the Eastern District of Missouri regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Courthouse Contracts in 1994 until completion of the project.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged files of Linda Phillips which may contain responsive documents.

37. All documents relating to correspondence between GSA and any court of agency of the Judicial Branch of the Government (not previously identified in requests 34-37) regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Courthouse Contracts in 1994 until completion of the project

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged files of Linda Phillips which may contain responsive documents.

38. All documents relating to correspondence between GSA and any Justice, Judge, Magistrate Judge, Bankruptcy Judge, or any other judicial officer of the Judicial Branch. of the Government (not previously identified in requests 34-38) regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Courthouse Contracts in 1994 until completion of the project.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to the St. Louis Courthouse Phase I contract because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents prior to the award of the St. Louis Courthouse Phase II contract on or about September 28, 1995. Without waiving our objections, the Government is making available for plaintiff's inspection and copying nonprivileged files of Linda Phillips which may contain responsive documents.

39. All documents relating to possible offsets to excess reprocurement costs, forfeiture, damages, penalties, or any other type of relief that the Government seeks or intends to seek in this litigation or elsewhere with respect to the Government's claims for reprocurement costs.

RESPONSE: Defendant incorporates its general objections stated above. We also object to plaintiff's request for production of documents to the extent that it extends to litigation other than the instant case because such discovery is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving our objections, we are producing nonprivileged documents

relating to the $6,700,000 offset of excess reprocurement costs. See AMEC Construction Management, Inc. v. GSA, CBA 590, 2007 WL 715313 (Jan. 30, 2007).

40. All complaints, answers, counterclaims, motions to dismiss, motions for summary judgment, judgments, stipulations, plea agreements, and settlement agreements by any party in a civil action that relate to the St. Louis Courthouse Contracts.

RESPONSE: Defendant incorporates its general objections stated above. We object to plaintiff's request for production of documents to the extent that it seeks to obtain documents relating to litigation involving the St. Louis Courthouse Phase I or Phase II contracts because such discovery is not reasonably calculated to lead to the discovery of relevant evidence and production of such documents also is unduly burdensome. We also object because plaintiff already has copies of all pleadings in cases in which it is a party whether the case was filed at the board of contract appeals or in the Court of Federal Claims. Without waiving our objections, by letter dated January 4, 2008, defendant's counsel provided plaintiff's counsel with a copy of the decision of the board of contract appeals in an appeal brought by DKW Construction, Inc., a Phase III contractor. By letter dated February 11, 2008, defendant's counsel provided plaintiff's counsel with additional documents regarding the board of contract appeals case involving DKW Construction, Inc. (DKW 001-458). See DKW Construction, Inc. v. GSA, CBCA 438, 2007 WL 4661156 (2007); Jensen Electric v. GSA, GSBCA No. 15917, 2002 WL 31521514 (2002).

41. All documents relating to notification and instructions to preserve, retain, or cease destruction of documents relating to the St. Louis Courthouse Contracts, this Litigation, or earlier cases brought by the GSA or by MDI or ACMI related to the St. Louis Courthouse Contracts, including but not limited to document retention notices, freeze notices and hold

orders.

RESPONSE: Defendant incorporates its general objections stated above. We also object because such documents are privileged and the request is not reasonably calculated to lead to the discovery of relevant evidence. In its October 2007 opinion, the Court ruled that such documents are privileged. Morse Diesel IV, 79 Fed. Cl. at 119 n.4. Further, this request is duplicative of earlier discovery in related cases (Fed. Cl. No. 99-279 and consolidated cases), overly broad and ambiguous in referring to "all documents relating to notifications and instructions to preserve, retain, or cease destruction of documents relating to the St. Louis Courthouse Contracts, this litigation, or earlier cases brought by the GSA or by MDI or ACMI related to the St. Louis Courthouse Contracts."

42. All documents relating to electronic data retention policies for desktop and laptop computers, including but not limited to guidelines, protocols, manuals, memos, training material, or other communications.

RESPONSE: Defendant incorporates its general objections stated above. We also object because the request is duplicative of prior discovery in related cases (Fed. Cl. No. 99-279 and consolidated cases), overly broad and ambiguous in referring to "all documents relating to electronic data policies for desktop and laptop computers, including but not limited to guidelines, protocols, manuals, memos, training material, or other communications" and in its definitions of "documents" and "communications." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving our objections and assuming that the document request is limited to only those documents that are themselves guidelines, protocols or policies for electronic data retention for desktop and laptop computers,

defendant has produced such documents in response to plaintiff's request for production of documents dated June 21, 2007 in Fed. Cl. No. 99-279. See our July 24, 2007 response and supplemental responses. Also see Federal Acquisition Regulation (FAR) 4.8 Government Contract Files; 48 C.F.R. § 4.8. The Government's production of documents does not waive any privileges for material pertaining to documents not produced or redacted material.

43. All documents relating to your document management and document retention policies, including but not limited to policies, forms, checklists or other documents involved in document management and document retention.

RESPONSE: Defendant incorporates its general objections stated above. We also object because the request is duplicative of prior discovery in related cases (Fed. Cl. No. 99-279 and consolidated cases), overly broad and ambiguous in referring to "all documents relating to your document management and document retention policies" and in its definition of "documents." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving our objections and assuming that the document request is limited to only those documents that are themselves document retention policies, defendant previously produced such documents in response to plaintiff's request for production of documents dated June 21, 2007. See our July 24, 2007 response and supplemental responses. Also see Federal Acquisition Regulation (FAR) 4.8 Government Contract Files; 48 C.F.R. § 4.8. The Government's production of documents does not waive any privileges for material pertaining to documents not produced or redacted material.

44. All documents relating to your backup procedures, including but not limited to policies, forms, checklists or other documents involved in the backup or archiving of documents.

RESPONSE: Defendant incorporates its general objections stated above. We also object because the request is duplicative of prior discovery in related cases (Fed. Cl. No. 99-279 and consolidated cases), overly broad and ambiguous in referring to "all documents relating to your backup procedures" and in its definition of "documents." We also object because the request is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving our objections and assuming that the document request is limited to only those documents that are themselves backup procedures for computers, defendant previously produced such documents in response to plaintiff's request for production of documents dated June 21, 2007. See our July 24, 2007 response and supplemental responses. The Government's production of documents does not waive any privileges for material pertaining to documents not produced or redacted material.

45. All documents that evaluate the performance of the following individuals: John Walsh, Steven Anderson, Georgann Butler, Anne Anderson, Linda Derby, Karen Poole, and Myron Goldstein, without regard for whether the evaluation is considered final, including "personnel files" and any documents of any nature whatsoever discussing the job performance of these individuals regardless of whether the documents are kept or maintained in a "personnel file" for the individual. This request includes, but is not limited to, positive evaluations of the performance of any of these individuals and negative evaluations of the performance of any of these individuals regardless of whether the evaluations occurred as part of an annual evaluation process. This request also includes, but is not limited to, any discussion of whether any of these individuals should be considered for promotion, considered for demotion, or should receive any type of disciplinary sanction or action.

RESPONSE: Defendant incorporates its general objections stated above. We also object

because such performance evaluation documents are irrelevant and discovery of such privileged documents is not reasonably calculated to lead to the discovery of relevant evidence. See, e.g., Federal Data Corp., DOTCAB No. 2389, 91-3 BCA ¶ 24063 at n.7 (1991) (denying discovery of performance ratings); Essex Electro Engineers, Inc., DOTCAB No. 1025, 79-2 BCA ¶ 14158, (1979) (denying discovery of performance ratings). The following individuals retired from GSA and, upon their retirement, their personnel records were sent to the Federal Records Center in St. Louis, MO: Anne Anderson (retired February 1999, deceased), Linda Derby Smith (retired 1998 (11/29/2001 Dep. 6)), and Myron Goldstein (retired 2/23/2007). Steven Anderson was hired by the Department of Education, and began work there on September 10, 2001 (9/28/2001 Dep. 6). His personnel file is with that agency. GSA has personnel records for its employees John Walsh, Georgann Butler, and Karen Poole.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

Jeanne E. Davidson by Dominique Kirchner

JEANNE E. DAVIDSON
Director

Domenique Kirchner

DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8624
Attorneys for Defendant

Of Counsel:
TRACY L. HILMER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

ERIC L. MILLER
Office of the Inspector General
General Services Administration

CATHERINE CROW
General Services Administration
February 19, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 19th of February, 2008, I caused to be placed in the United States mail (first-class mail, postage paid) copies of "DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS" addressed to:

James D. Wareham
Paul, Hastings, Janofsky & Walker
875 Fifteenth Street, N.W.
Washington, DC 20005

Jean M. Swanson