**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AMEC CONSTRUCTION MANAGEMENT, INC. (f/k/a/ Morse Diesel International, Inc.)**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **No.: 06-867**<br>**(Judge Braden)** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR CLARIFICATION OF ENLARGEMENT OF DISCOVERY**

When the Court granted the extension of discovery, Plaintiff AMEC Construction Management, Inc. ("ACMI") took the common sense view that this Court would not extend discovery for one party but not the other without explicitly saying so and providing some justification for such an anomalous outcome. In addition, as ACMI's Motion explains, the Order's own provisions concerning motions deadlines make sense only if the common sense reading applies – the discovery extension applies to all and the post-discovery motions deadlines are the same for all. Yet, since the Order was entered, the Government adopted a strained interpretation that the extension of fact discovery applied only to it. The Government fails to explain how its interpretation could be consistent with the existing Order including the post-discovery motions deadlines. The Court should clarify that its Order means the October 1 fact discovery deadline is the same for both parties

When ACMI learned from the Government that Contracting Officer Georgann Butler had a medical condition that affected the scheduling of her lengthy two-day deposition, ACMI

immediately began efforts to obtain sufficient information to develop a sensible deposition schedule for the witness. Ms. Butler is one of the GSA Contracting Officers on the Phase III project and she, as Contracting Officer, also issued the five different calculations of excess reprocurement costs during 2006, 2007, and now 2008, so her deposition is not a single-day event. Despite ACMI's efforts to reasonably accommodate the witness, the Government adopted the strained interpretation of the extension Order in an effort to deny ACMI's efforts to depose this significant witness. If the Government had not adopted the strained interpretation, the deposition could be scheduled in September as the Government has stated it cannot proceed with a date in August.

The Court's clarification that the extension of discovery applies to both parties should alleviate the problem because ACMI will continue to make good faith efforts to schedule the deposition between now and October 1 in order to minimize the burden on Ms. Butler due to her medical condition. ACMI has twice asked Government counsel to provide additional information about Ms. Butler's medical condition and for a written proffer that there is no reason that ACMI must take Ms. Butler's deposition on an expedited basis to guard against a worsening of her medical condition. *See* 07/09/08 Letter from K. Behre to D. Kirchner, attached as Exhibit ("Exh.") 1; 07/18/08 Letter from K. Behre to D. Kirchner, attached as Exh. 2. To date, the Government has not provided such a written proffer or additional information. ACMI has acted appropriately and reasonably in this situation; the Government has not.

Under the original Scheduling Order, the parties were supposed to confer about expert discovery issues and report to the Court by the end of this month. The Government has never provided its proposed schedule to ACMI in any form. ACMI advanced a written proposal for expert discovery deadlines in April 2008. 04/28/08 Letter from K. Behre to D. Kirchner,

attached as Exh. 3. The Government provided no written counter-proposal; the only response that ACMI ever received from the Government was that it would not agree to ACMI's proposed schedule. 05/13/08 Letter from D. Kirchner to K. Behre, attached as Exh. 4. The first ACMI learned of the Government's specific proposal with deadlines was the Government's filing at approximately 11:15 p.m. last night. Notably, the Government's proposal even fails to provide any indication of the number or type of experts it anticipates using in support of its claims.

In any event, ACMI's position is that the parties should discuss the issue and report to the Court by the end of this month as contemplated in the original Scheduling Order and the Order extending discovery. The Court should not take any action with respect to the Government's proposal at this time. ACMI also notes its position that the Government experts, as the Government is the proponent of the claims in this case, should have their reports appear first (rather than simultaneous report exchange by both parties) and be deposed first as is common in most cases.

Respectfully submitted,

/s/James D. Wareham

JAMES D. WAREHAM
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128
Attorney of Record for Plaintiff

Of Counsel:
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005

July 22, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this 22nd day of July 2008 I caused a copy of the foregoing Plaintiff's Reply in Support of Its Motion for Clarification of Enlargement of Discovery to be served by ECF upon counsel for the Defendant as follows:

Dominique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

/s/Danielle Pierce
Danielle Pierce

LEGAL_US_E # 80262716.2