U. S. Department of Justice

Civil Division

JED:DKirchner
154-06-867

Tele: (202) 307-1111
Fax: (202) 514-8624

*Washington, D.C. 20530*

May 13, 2008

Kirby Behre
Paul, Hastings, Janofsky & Walker LLP
875 15th Street N.W.
Washington, D.C. 20005
Tele: (202) 551-1779
Fax: (202) 551-0119
By email and regular mail

Re: AMEC Construction Management, Inc. v. United States, Fed. Cl. No. 06-867C

Dear Mr. Behre:

This responds to your letter dated April 28, 2008. Initially, we have agreed that the following depositions will proceed as follows:

June 6, 2008 Terry Page, Houston, TX
June 12-13, 2008, 8:00 am-3:00 pm, Karen Poole, Kansas City, MO
June 25, 2008, 8:30 am Martin Hom, San Diego, CA.

The Rules of the Court of Federal Claims (RCFC) allow 30 days plus three days for mail for requests for documents attached to a notice of deposition. Therefore, we anticipate providing responses to the document requests attached to the notices of deposition on May 27, 2008.

With regard to the Government's response to plaintiff's January 16, 2008 request for production of documents, in our telephone conversation on April 14, 2008, plaintiff first requested that the Government produce electronic documents, such as emails and spreadsheets, in electronic format. The Government previously had provided plaintiff with hard copies of email in response to plaintiff's January 16, 2008 document request, and plaintiff had made no objections to such production. Plaintiff's January 16, 2008 document request also had not directed or requested that electronic documents be produced in electronic format. Contrary to the assertion in your April 28th letter, I did not agree in our April 14, 2008 telephone call that the Government would reproduce all responsive email and electronic documents in electronic format, nor do we believe that such production is required by the Court's rules.

RCFC 34 provides that a party "may specify the form or forms in which electronically stored information is to be produced." RCFC 34(b). Plaintiff's January 16, 2008 request for production of documents did not specify the form or forms in which electronically stored

information was to be produced. Rule 34 further provides that "[i]f a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable." RCFC 34(b)(ii). Rule 34 also provides that "a party need not produce the same electronically stored information in more than one form." RCFC 34(b)(iii). Courts have ruled that a party need not produce electronic documents in electronic format where the requesting party did not specify the form in which electronically stored information was to be produced. Schmidt v. Levi Strauss & Co., 2007 WL 2688467 at *2 (N.D. Cal. 2007) (party was not required to reproduce its entire hard copy document production in electronic form); Pace v. International Mill Service, Inc., 2007 WL 1385385 at *2 (2007) (where party did not specify the format for production of electronic documents, "there was no corresponding obligation to produce these documents in any specific format, electronic or otherwise, provided they were reasonably usable"); Northern Crossarm Co., Inc., 2004 WL 635606 at *2 ("First, plaintiff did not specifically request production of the email in electronic format, it simply asked for production of documents, adopting the definition in Rule 34(a). This certainly entitled plaintiff to disclosure of the information stored electronically, but it did not require production in electronic format.").

We produced email in a reasonably usable form by printing the email in hard copy. As I informed you in our telephone conversation on April 14, 2008, GSA email is in Lotus notes and I was unable to review the email unless it was first printed in hard copy. In addition, some of the email is password protected. However, to avoid an unnecessary dispute we are working on producing copies of the hard copy email previously produced in a Lotus notes electronic format for plaintiff. However, specific emails that were produced by printing the email and redacting it, will not be produced electronically.

Contrary to the assertion in your April 28, 2008 letter, there was no "purposeful refusal to produce data in electronic format." As stated above, plaintiff's January 16, 2008 document request did not specify that electronic documents be produced in electronic format. Further, the emails that you reference in your letter do not provide evidence of any purposeful refusal to produce data in electronic format. The February 26, 2004 email of Karen Poole that you reference was written prior to plaintiff's filing a complaint in this matter on December 19, 2007, and also prior to plaintiff's January 16, 2008 document request. Ms. Poole's February 26, 2004 email also references a CDRom containing Post Termination Issues (PTIs) 2 through 7. By my letter dated September 8, 2006, plaintiff's counsel was provided with a copy of the CDRom containing Post Termination Issues (PTIs) 2 through 7. By my letter dated December 15, 2006, plaintiff's counsel also was provided with a copy of the CDRom containing Post Termination Issues (PTIs) 8 through 11. Thus, plaintiff's counsel has had in its possession copies of that electronic information since September 8, 2006, and December 15, 2006, respectively. Further, GSA is represented in this proceeding by the Department of Justice and whatever suggestions Martin Hom may have made to Karen Poole in February 2004 are not relevant to the Government's response to plaintiff's request for production of documents dated January 16, 2008.

With regard to the schedule for expert discovery, we do not agree with plaintiff's proposed schedule for conducting expert discovery. In our April14, 2008 telephone call, I informed you that we did not agree with plaintiff's proposed schedule. Please let me know on which specific subject matters plaintiff intends to offer expert testimony so that we may address the scheduling of expert discovery.

Very truly yours,

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch