# Table of Contents of Appendix

**Page**

August 6, 2008 Letter from Plaintiff's Counsel to Defendant's Counsel . . . . . . . . . . . . . . . . . . . 1

August 6, 2008 Notice of Deposition to Domenique Kirchner . . . . . . . . . . . . . . . . . . . . . . . . . . 2

August 6, 2008 Notice of Deposition to Catherine Crow . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

March 26, 2006 Final Contracting Officer's Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

May 1, 2006 Demand For Debt Repayment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

October 10, 2006 Revised Demand For Debt Repayment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

August 9, 2007 Recomputation of final decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

July 2, 2008 Recomputation of final decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

May 30, 2008 Excerpt from Defendant's Responses To Plaintiff's First Set Of Interrogatories . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

June 22, 2007 Excerpt from Sealed Transcript, Morse Diesel Int'l, Inc. v. United States, Fed. Cl. No. 99-279 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

28 C.F.R. § 16.21 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

41 C.F.R. 105.60.601 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(202) 551-1719
kirbybehre@paulhastings.com

August 6, 2008 37903.00006

VIA E-MAIL AND U.S. MAIL

Domenique Kirchner, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W.; 8th Floor
Washington, D.C. 20530

Re: AMEC Construction Management, Inc.,
f/k/a *Morse Diesel International, Inc. v. United States*, Case No. 06-867

Dear Domenique:

Enclosed are notices of deposition and requests for documents for you and Catherine Crow. After careful consideration, we have concluded that your testimony on certain critical issues relating to the Government's five different calculations of its excess costs of reprocurement is necessary and appropriate.

As you know, deposition testimony and documents produced by the Government demonstrate that both of you have independent firsthand knowledge of facts concerning the excess reprocurement cost calculations. You both were directly involved in drafting, formatting, and revising those calculations and in meetings discussing the calculations. To the extent that you may take the position that the subject matter or your testimony is privileged, the evidence introduced and elicited at the depositions in this case establish that the Government has waived any such privilege on this subject matter by voluntarily producing numerous communications between you and sent and received from you regarding the excess reprocurement cost calculations.

Sincerely,

Kirby Behre /css

Kirby D. Behre
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

LEGAL_US_E # 80445360.2

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc. | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-867 |
| THE UNITED STATES, | ) | (Judge Braden) |
| Defendant. | ) | |

**NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DOMENIQUE KIRCHNER**

PLEASE TAKE NOTICE that, pursuant to and in accordance with Rules 26, 30, and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff AMEC Construction Management, Inc., f/k/a Morse Diesel International, Inc. ("ACMI" or "MDI") will take the deposition upon oral examination of Domenique Kirchner ("Kirchner") at the offices of Paul, Hastings, Janofsky & Walker LLP, 875 15th Street, NW, Washington DC, 20005, (202) 551-1700, before an officer authorized to administer oaths, beginning at 9:30 a.m. on August 30, 2008, or at such other date and time as may be agreed. The deposition shall be recorded by stenographic means. The deposition will also be videotaped. The deposition shall be taken and used for any purpose permitted by the RCFC.

The documents to be produced and the matters on which examination is requested are listed in Schedule A.

**SCHEDULE A**

## I. DEFINITIONS

As used in this schedule, the following terms have the following meanings:

1. "ACMI" shall mean, collectively, AMEC Construction Management, Inc., f/k/a Morse Diesel International, Inc., ("MDI") and their officers, employees and agents.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail and all attachments and enclosures thereto, recordings in any medium of oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

3. "Document" shall have the broadest meaning possible consistent with the Rules of the Court of Federal Claims, and includes any original (or any carbon or photographic copies of any such material if you do not have custody or control of the original) and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, electronic, transcribed, photocopied, photostated, "telexed", filmed, microfilmed, microfiched, or otherwise recorded matter, however produced or reproduced, which is in your possession, custody, or control, including, but not limited to, drafts, letters, correspondence, memoranda, drawings, graphs, charts, photographs, diaries, calendars, appointment books, telegrams, telexes, cables, electronic mail, metadata, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, catalogues, brochures, pamphlets, announcements, manuals, books, instructions, agreements, legal documents, film, recordings, voice recordings, audiotapes, videotapes, film, transcripts, notebooks and writings of every description, marginal notations, working papers, time sheets, spreadsheets, logs, expense reports, message slips, cancelled checks, receipts, data printouts, data compilations, and any other items of any kind or nature, using any digital or analog recording medium or instrumentality, including computers, laptops, PDAs, hard drives, floppy disks, CDs, DVDs, memory sticks or cards, flash drives, pen or thumb drives, portable scanners or copiers, cell phones, SIM cards, digital cameras, or any other digital or analog recording device from which information can be obtained or translated into usable form. A document request for "documents" includes all electronic documents, including but not limited to emails, and all such documents should be produced in the form in which it is originally maintainted, and should include any and all associated metadata and

any and all associated files, including but not limited to attachments or hyperlinked files.

4. "Information" includes all knowledge and facts which you or your attorneys have on the subject.

5. "Person" means any natural person, any business entity (whether partnership, association, cooperative, or corporation), and any governmental entity or department, agency, bureau, or political subdivision thereof.

6. The phrases "relate" and "relating to" shall be construed to include "refer", "summarize", "reflect", "contain", "mention", "show", "discuss", "describe", "undermine", "contradict", or "comment upon".

7. As used herein, the terms "you" and "your" shall mean Domenique Kirchner, any individual or entity acting on behalf of Domenique Kirchner, and any representatives, agents or assigns of Domenique Kirchner.

8. As used herein the "Thomas F. Eagleton Courthouse project" shall mean the construction during phases II and III of the Thomas F. Eagleton Courthouse at located at 111 South 10th Street, St. Louis, Missouri, 63102.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. All references to the singular include the plural, and all references to the plural include the singular.

11. All references to the masculine gender include the feminine and neuter genders and all references to the feminine gender include the masculine and neuter genders.

12. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including, where applicable, relationship to other events).

13. The terms "identity" or "identify"

(a) with respect to individuals shall mean the name and last known (1) home or business address, (2) home or business telephone number, (3) title and (4) employer of the individual named;

(b) with respect to a corporation, partnership, joint venture or other entity, shall mean (1) the full name of the entity and (2) the addressess and telephone numbers of its pricipal office, and;

(c) with respect to documents, to provide the following information in your response:

(i) the date of the document;

(ii) a description of the type of document;

(iii) a summary of the document's contents;

(iv) the present location of the original and all existing copies of the documents;

(v) a list of all intended recipients of the documents, including but not limited to all addresses, and all persons who were supposed to receive a copy of the document (i.e., through "cc" or "bcc"); and

(vi) the identity of the author and a list of all the persons who participated in the creation of the document.

14. All references to the singular include the plural, and all references to the plural include the singular.

15. All references to the masculine gender include the feminine and neuter genders and all references to the feminine gender include the masculine and neuter genders.

16. Except when express reference is made to another paragraph, each paragraph herein shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

## II. INSTRUCTIONS FOR THE PRODUCTION OF DOCUMENTS

The following instructions apply to this Request for Production of Documents (the "Requests"):

1. Responsive documents should be produced within 15 days of service of this Notice at the offices of Paul, Hastings, Janofsky & Walker, LLP, 875 15th Street, NW, Washington DC, 20005, Attention: Kirby Behre, Esq.

2. Responsive documents should be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the Requests to which they are responsive. All attachments and appended or embedded links or files should be produced if any one of them is responsive to any of the Requests. If you are not producing documents with respect to any of the Requests, you should so state in writing.

3. In producing documents pursuant to the Requests, you should furnish all documents that are in your possession, custody or control, regardless of whether such documents are possessed by you, the United States, or by any of the United States's agents, attorneys, investigators, representatives, financial advisors, consultants, employees or any other person or entity under your or the United States's control or acting on your or the United States's behalf.

4. These Requests should be deemed to be continuing, so as to require prompt supplemental responses in accordance with Rule 26(e) of the Rules of the United States Court of Federal Claims if further documents called for herein are obtained or discovered after you respond to the Requests.

5. If any documents or parts of documents called for by the Requests are withheld or redacted under an assertion of privilege or work-product protection, identify the privilege claimed, each statement or communication for which such privilege is claimed and the basis on which the privilege is claimed, together with the following information with respect to each such statement or communication: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; (e) the circumstances of its origin; (f) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; and (g) the basis on which the privilege is claimed.

6. If any documents or parts of documents called for by these Requests have been destroyed, discarded, or otherwise disposed of, you should provide a list setting forth as to each such document the following information: (a) the nature of the document, e.g.: letter, memorandum, e-mail, etc.; (b) the name, address, occupation, title, and business affiliation of each person who prepared, received, viewed, and has or has had possession, custody, or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition of the document; (f) a statement of the reason(s) for destruction or other disposition of the document; (g) the name, address, occupation, title, and business affiliation of each person who authorized destruction or other disposition of the document; (h) the name, address, occupation, title, and business affiliation of each person who destroyed or disposed of the document; and (i) the Request(s) to which the document is responsive.

7. All electronically stored information should be produced in the form in which it ordinarily is maintained, with the exception of e-mail as set forth below. All such electronically stored information should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

8. All e-mail should be produced in electronic form in a manner that preserves the relationship between the e-mail and all of its attachments. Information from each

e-mail header field should be produced in a separate database field. Any attachments to an e-mail should be produced in the electronic form in which it ordinarily is maintained. All emails should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

9. All digital or other recordings, including of telephone conversations, should be produced.

10. Each Request herein should be construed independently and not by reference to any other Request herein for purposes of limitation.

## III. DOCUMENTS REQUESTED

Pursuant to the provisions of Rules 26, 30, and 34 of the RCFC, ACMI hereby requests and demands that you produce copies of the following documents:

1. All documents relating to your participation in drafting, editing, revising, discussing, formatting, or working on the Government's claimed excess reprocurement costs, including but not limited to the GSA Contracting Officer's letters, notices, decisions and/or repayment demands dated March 21, 2006, May 1, 2006, October 10, 2006, April 24, 2007, June 7, 2007, August 9, 2007, and July 2, 2008 and/or changes or revisions to those documents and/or documents related to any future revised calculations that are currently in progress or being worked on, including but not limited to drafts, redlines, meeting notes, edits. *See, e.g.*, Martin Hom Deposition Exhibit 13 (KP004677); GSA 110752-53; GSA 117660; Martin Hom Deposition Exhibit Number 22 (AALRR10189-193); Martin Hom Deposition Exhibit Number 23 (GSA 110567-568); GSA 110521-525; GSA 110657; GSA 110746-747; GSA 110782-783; GSA 111083-84; GSA 111134-135; GSA 112304; GSA 118812-818; GSA 112385-390; GSA 114367-368; GSA

116476-479; CC 000233-238; GSA 119285; GSA 119205-215; GSA 116448-449.

2. All documents relating to any spreadsheets or backup or supporting documents of any kind relating to any of the GSA Contracting Officer's letters, notices, decisions and/or repayment demands dated March 21, 2006, May 1, 2006, October 10, 2006, April 24, 2007, June 7, 2007, August 9, 2007, and July 2, 2008, including but not limited to the following spreadsheets produced by the United States:

   (a) spreadsheet entitled "2007-7-30R2 Phase III Contract Summary (2).xls" produced by the Government on September 6, 2007;

   (b) spreadsheet entitled "2008-Rev 3-Phase III K Summary.xls" produced by the Government on May 28, 2008;

   (c) spreadsheet entitled "2008-5-12 Spdsht Rev 2 changes.xls" produced by the Government on May 28, 2008;

*See, e.g.*, GSA114365; GSA 120211; CC 001826; GSA 114569; GSA 114575; GSA 119189-194; GB 018506; GSA 116470; GB 017637-644; GSA 116553-567; GSA 116575-583; GSA 116584-587; GSA 116588-592; GSA 116593-599.

3. All documents related to your attendance at and/or participation in meetings in April 2007 (including but not limited to meetings during the week of April 16, 2007), May 2007, July 2007, or at any other time between 1999 and present

regarding excess reprocurment costs in this Litigation. *See, e.g.*, Martin Hom Deposition Exhibit No. 14 (GSA 119082-83); Martin Hom Deposition Exhibit No. 16 (AALRR 10268-84); Martin Hom Deposition Exhibit No. 17 (GSA 119231); GSA 113147; GSA 120181; GSA 119188; GSA 120179; GSA 115517; GSA 115518-519; GSA 115529-533; GSA 115654-656; GSA 120147-148; GSA 115686, GSA 115687; GSA 115688; GSA 115781.

4. All documents related to your review of any draft final decisions or demands that were not ultimately issued to MDI and/or have not been produced yet in this Litigation, including but not limited to all documents related to the approximately $10 million draft final decision, produced by the United States. *See, e.g.*, Linda Phillips Deposition Exhibit No. 6 (AALRR 10511-17); Martin Hom Deposition Exhibit No. 21 (AALRR 10511-17).

5. All documents related to your communications with Jacobs regarding post termination issues or "PTI" issues/costs. *See, e.g.*, documents referenced in Request numbers 2 and 3 above.

6. All communications between you and Cotton & Co. or Sandra "Sam" Hadley regarding work performed relating to excess reprocurement costs in this Litigation. *See, e.g.*, GSA 114563-565, and documents referenced in Request number 2 above.

Dated: August 6, 2008

Respectfully Submitted,

JAMES D. WAREHAM
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128
Attorney of Record for Plaintiff

Of Counsel:
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

I hereby certify that this 6th day of August 2008 I caused a copy of the foregoing Notice of Deposition and Request for Production of Documents from Domenique Kirchner to be served by regular and electronic mail upon counsel for the Defendant as follows:

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

James D. Wareham

LEGAL_US_E # 80271533.2

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc. | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-867 |
| THE UNITED STATES, | ) | (Judge Braden) |
| Defendant. | ) | |

**NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM CATHERINE CROW**

PLEASE TAKE NOTICE that, pursuant to and in accordance with Rules 26, 30, and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff AMEC Construction Management, Inc., f/k/a Morse Diesel International, Inc. ("ACMI" or "MDI") will take the deposition upon oral examination of Catherine Crow ("Crow") at the offices of Paul, Hastings, Janofsky & Walker LLP, 875 15th Street, NW, Washington DC, 20005, (202) 551-1700, before an officer authorized to administer oaths, beginning at 9:30 a.m. on August 31, 2008, or at such other date and time as may be agreed. The deposition shall be recorded by stenographic means. The deposition will also be videotaped. The deposition shall be taken and used for any purpose permitted by the RCFC.

The documents to be produced and the matters on which examination is requested are listed in Schedule A.

**SCHEDULE A**

**I. DEFINITIONS**

As used in this schedule, the following terms have the following meanings:

1. "ACMI" shall mean, collectively, AMEC Construction Management, Inc., f/k/a Morse Diesel International, Inc., ("MDI") and their officers, employees and agents.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail and all attachments and enclosures thereto, recordings in any medium of oral communications, telephone logs, message logs, and notes and memoranda concerning written or oral communications, and any translations thereof.

3. "Document" shall have the broadest meaning possible consistent with the Rules of the Court of Federal Claims, and includes any original (or any carbon or photographic copies of any such material if you do not have custody or control of the original) and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, electronic, transcribed, photocopied, photostated, "telexed", filmed, microfilmed, microfiched, or otherwise recorded matter, however produced or reproduced, which is in your possession, custody, or control, including, but not limited to, drafts, letters, correspondence, memoranda, drawings, graphs, charts, photographs, diaries, calendars, appointment books, telegrams, telexes, cables, electronic mail, metadata, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, catalogues, brochures, pamphlets, announcements, manuals, books, instructions, agreements, legal documents, film, recordings, voice recordings, audiotapes, videotapes, film, transcripts, notebooks and writings of every description, marginal notations, working papers, time sheets, spreadsheets, logs, expense reports, message slips, cancelled checks, receipts, data printouts, data compilations, and any other items of any kind or nature, using any digital or analog recording medium or instrumentality, including computers, laptops, PDAs, hard drives, floppy disks, CDs, DVDs, memory sticks or cards, flash drives, pen or thumb drives, portable scanners or copiers, cell phones, SIM cards, digital cameras, or any other digital or analog recording device from which information can be obtained or translated into usable form. A document request for "documents" includes all electronic documents, including but not limited to emails, and all such documents should be produced in the form in which it is originally maintainted, and should include any and all associated metadata and

any and all associated files, including but not limited to attachments or hyperlinked files.

4. "Information" includes all knowledge and facts which you or your attorneys have on the subject.

5. "Person" means any natural person, any business entity (whether partnership, association, cooperative, or corporation), and any governmental entity or department, agency, bureau, or political subdivision thereof.

6. The phrases "relate" and "relating to" shall be construed to include "refer", "summarize", "reflect", "contain", "mention", "show", "discuss", "describe", "undermine", "contradict", or "comment upon".

7. As used herein, the terms "you" and "your" shall mean Catherine Crow, any individual or entity acting on behalf of Catherine Crow, and any representatives, agents or assigns of Catherine Crow.

8. As used herein the "Thomas F. Eagleton Courthouse project" shall mean the construction during phases II and III of the Thomas F. Eagleton Courthouse at located at 111 South 10th Street, St. Louis, Missouri, 63102.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. All references to the singular include the plural, and all references to the plural include the singular.

11. All references to the masculine gender include the feminine and neuter genders and all references to the feminine gender include the masculine and neuter genders.

12. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including, where applicable, relationship to other events).

13. The terms "identity" or "identify"

(a) with respect to individuals shall mean the name and last known (1) home or business address, (2) home or business telephone number, (3) title and (4) employer of the individual named;

(b) with respect to a corporation, partnership, joint venture or other entity, shall mean (1) the full name of the entity and (2) the addressess and telephone numbers of its pricipal office, and;

(c) with respect to documents, to provide the following information in your response:

(i) the date of the document;

(ii) a description of the type of document;

(iii) a summary of the document's contents;

(iv) the present location of the original and all existing copies of the documents;

(v) a list of all intended recipients of the documents, including but not limited to all addresses, and all persons who were supposed to receive a copy of the document (i.e., through "cc" or "bcc"); and

(vi) the identity of the author and a list of all the persons who participated in the creation of the document.

14. All references to the singular include the plural, and all references to the plural include the singular.

15. All references to the masculine gender include the feminine and neuter genders and all references to the feminine gender include the masculine and neuter genders.

16. Except when express reference is made to another paragraph, each paragraph herein shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

## II. INSTRUCTIONS FOR THE PRODUCTION OF DOCUMENTS

The following instructions apply to this Request for Production of Documents (the "Requests"):

1. Responsive documents should be produced within 15 days of service of this Notice at the offices of Paul, Hastings, Janofsky & Walker, LLP, 875 15th Street, NW, Washington DC, 20005, Attention: Kirby Behre, Esq.

2. Responsive documents should be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the Requests to which they are responsive. All attachments and appended or embedded links or files should be produced if any one of them is responsive to any of the Requests. If you are not producing documents with respect to any of the Requests, you should so state in writing.

3. In producing documents pursuant to the Requests, you should furnish all documents that are in your possession, custody or control, regardless of whether such documents are possessed by you, the United States, or by any of the United States's agents, attorneys, investigators, representatives, financial advisors, consultants, employees or any other person or entity under your or the United States's control or acting on your or the United States's behalf.

4. These Requests should be deemed to be continuing, so as to require prompt supplemental responses in accordance with Rule 26(e) of the Rules of the United States Court of Federal Claims if further documents called for herein are obtained or discovered after you respond to the Requests.

5. If any documents or parts of documents called for by the Requests are withheld or redacted under an assertion of privilege or work-product protection, identify the privilege claimed, each statement or communication for which such privilege is claimed and the basis on which the privilege is claimed, together with the following information with respect to each such statement or communication: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; (e) the circumstances of its origin; (f) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; and (g) the basis on which the privilege is claimed.

6. If any documents or parts of documents called for by these Requests have been destroyed, discarded, or otherwise disposed of, you should provide a list setting forth as to each such document the following information: (a) the nature of the document, e.g.: letter, memorandum, e-mail, etc.; (b) the name, address, occupation, title, and business affiliation of each person who prepared, received, viewed, and has or has had possession, custody, or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition of the document; (f) a statement of the reason(s) for destruction or other disposition of the document; (g) the name, address, occupation, title, and business affiliation of each person who authorized destruction or other disposition of the document; (h) the name, address, occupation, title, and business affiliation of each person who destroyed or disposed of the document; and (i) the Request(s) to which the document is responsive.

7. All electronically stored information should be produced in the form in which it ordinarily is maintained, with the exception of e-mail as set forth below. All such electronically stored information should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

8. All e-mail should be produced in electronic form in a manner that preserves the relationship between the e-mail and all of its attachments. Information from each

e-mail header field should be produced in a separate database field. Any attachments to an e-mail should be produced in the electronic form in which it ordinarily is maintained. All emails should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

9. All digital or other recordings, including of telephone conversations, should be produced.

10. Each Request herein should be construed independently and not by reference to any other Request herein for purposes of limitation.

## III. DOCUMENTS REQUESTED

Pursuant to the provisions of Rules 26, 30, and 34 of the RCFC, ACMI hereby requests and demands that you produce copies of the following documents:

1. All documents relating to your participation in drafting, editing, revising, discussing, formatting, or working on the Government's claimed excess reprocurement costs, including but not limited to the GSA Contracting Officer's letters, notices, decisions and/or repayment demands dated March 21, 2006, May 1, 2006, October 10, 2006, April 24, 2007, June 7, 2007, August 9, 2007, and July 2, 2008 and/or changes or revisions to those documents and/or documents related to any future revised calculations that are currently in progress or being worked on, including but not limited to drafts, redlines, meeting notes, edits. *See, e.g.*, Martin Hom Deposition Exhibit 13 (KP004677); GSA 110752-53; GSA 117660; Martin Hom Deposition Exhibit Number 22 (AALRR10189-193); Martin Hom Deposition Exhibit Number 23 (GSA 110567-568); GSA 110521-525; GSA 110657; GSA 110746-747; GSA 110782-783; GSA 111083-84; GSA 111134-135; GSA 112304; GSA 118812-818; GSA 112385-390; GSA 114367-368; GSA

116476-479; CC 000233-238; GSA 119285; GSA 119205-215; GSA 116448-449.

2. All documents relating to any spreadsheets or backup or supporting documents of any kind relating to any of the GSA Contracting Officer's letters, notices, decisions and/or repayment demands dated March 21, 2006, May 1, 2006, October 10, 2006, April 24, 2007, June 7, 2007, August 9, 2007, and July 2, 2008, including but not limited to the following spreadsheets produced by the United States:

(a) spreadsheet entitled "2007-7-30R2 Phase III Contract Summary (2).xls" produced by the Government on September 6, 2007;

(b) spreadsheet entitled "2008-Rev 3-Phase III K Summary.xls" produced by the Government on May 28, 2008;

(c) spreadsheet entitled "2008-5-12 Spdsht Rev 2 changes.xls" produced by the Government on May 28, 2008;

*See, e.g.*, GSA114365; GSA 120211; CC 001826; GSA 114569; GSA 114575; GSA 119189-194; GB 018506; GSA 116470; GB 017637-644; GSA 116553-567; GSA 116575-583; GSA 116584-587; GSA 116588-592; GSA 116593-599.

3. All documents related to your attendance at and/or participation in meetings in April 2007 (including but not limited to meetings during the week of April 16, 2007), May 2007, July 2007, or at any other time between 1999 and present

regarding excess reprocurment costs in this Litigation. *See, e.g.*, Martin Hom Deposition Exhibit No. 14 (GSA 119082-83); Martin Hom Deposition Exhibit No. 16 (AALRR 10268-84); Martin Hom Deposition Exhibit No. 17 (GSA 119231); GSA 113147; GSA 120181; GSA 119188; GSA 120179; GSA 115517; GSA 115518-519; GSA 115529-533; GSA 115654-656; GSA 120147-148; GSA 115686, GSA 115687; GSA 115688; GSA 115781.

4. All documents related to your review of any draft final decisions or demands that were not ultimately issued to MDI and/or have not been produced yet in this Litigation, including but not limited to all documents related to the approximately $10 million draft final decision, produced by the United States. *See, e.g.*, Linda Phillips Deposition Exhibit No. 6 (AALRR 10511-17); Martin Hom Deposition Exhibit No. 21 (AALRR 10511-17).

5. All documents relating to your August 8, 2007 determination to change the format of the excess reprocurement costs demand letter or recalculation or revision to the contracting officer's final decision, including but not limited to changing the format to a total cost methodology. *See, e.g.*, GSA 116476-479.

6. All documents related to your communications with Jacobs regarding post termination issues or "PTI" issues/costs. *See, e.g.*, documents referenced in Request numbers 2 and 3 above.

7. All communications between you and Cotton & Co. or Sandra "Sam" Hadley regarding work performed relating to excess reprocurement costs in this

Litigation. *See, e.g.*, GSA 114563-565, and documents referenced in Request number 2 above.

Dated: August 6, 2008

Respectfully Submitted,

JAMES D. WAREHAM
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202-551-1728
Fax: 202-551-0128
Attorney of Record for Plaintiff

Of Counsel:
Kirby D. Behre
Danielle W. Pierce
Paul, Hastings, Janofsky & Walker LLP
875 Fifteenth Street, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

I hereby certify that this 6th day of August 2008 I caused a copy of the foregoing Notice of Deposition and Request for Production of Documents from Catherine Crow to be served by regular and electronic mail upon counsel for the Defendant as follows:

Domenique Kirchner
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, DC 20530

James D. Wareham

LEGAL_US_E # 80445476.2

GSA Heartland Region

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

MAR 2 1 2006

David Leonard, President
AMEC Construction Management, Inc.
1633 Broadway, 24th Floor
New York, NY 10019-6708

Re: **Thomas F. Eagleton United States Courthouse, St. Louis, MO**
**Contract No. GS06P95GZC0501 - Phase II (NMO37113)**

Dear Mr. Leonard:

On or about September 25, 1995, Morse Diesel International ("MDI") was awarded Contract No. GS06P95GZC0501 in the amount of $165,102,791.18 for the core and shell construction of the Thomas F. Eagleton Courthouse in St. Louis, Missouri ("Phase II contract").[1] The Phase II contract contemplated an 820 day performance period. Due to performance delays and problems with the Phase I construction, the Phase II contract was terminated for the convenience of the Government on April 9, 1996. In an agreement dated May 2, 1996, GSA and MDI agreed to reinstate the Phase II contract with an agreed upon completion date of October 12, 1998. During the performance of the Phase II contract, eight contract modifications were issued which extended the Phase II contract completion date to January 11, 1999.

On December 8, 1998, GSA notified MDI of its concerns over MDI's lack of satisfactory progress on the Phase II contract, of the January 11, 1999 contract completion date, and of GSA's intent to assess liquidated damages if MDI was not substantially complete by January 11, 1999. MDI was not substantially complete on January 11, 1999 and GSA began assessing liquidated damages as of January 12, 1999. By way of contract modifications PODN, POEA, POFG, PCGF, and POGU, GSA assessed liquidated damages through May 30, 1999, in the total amount of $700,000.00.

On June 16, 1999, MDI's right to proceed under the Phase II contract was terminated for default due to MDI's failure to complete the Phase II work within the specified time. In the contracting

[1] It is my understanding that on January 1, 2001, MDI changed its name to AMEC Construction Management, Inc. However, to avoid confusion, this final decision will refer to AMEC Construction Management, Inc. as MDI.

U.S. General Services Administration
1500 East Bannister Road
Kansas City, MO 64131-3088
www.gsa.gov

POFG, PCGF, and POGU, GSA assessed liquidated damages through May 30, 1999, in the total amount of $700,000.00.

On June 16, 1999, MDI's right to proceed under the Phase II contract was terminated for default due to MDI's failure to complete the Phase II work within the specified time. In the contracting officer's final decision dated June 16, 1999, MDI was informed that GSA may have the project completed by others pursuant to the default clause contained in the Phase II contract, FAR 52.249-10 (APR 1984), and that MDI and its sureties would be responsible for any and all excess costs to complete the Phase II work. GSA completed the remainder of the Phase II contract work which was substantially complete on May 18, 2000.

A. Excess Reprocurement Costs

In the event that MDI's right to proceed was terminated for default, the Phase II contract expressly provides, in pertinent part, that,

> In this event, the Government may take over the work and complete it by contract or otherwise, and may take possession of and use any materials, appliances, and plant on the work site necessary for completing the work. The Contractor and its sureties shall be liable for any damage to the Government resulting from the Contractor's refusal or failure to complete the work within the specified time, whether or not the Contractor's right to proceed with the work is terminated. This liability includes any increased costs incurred by the Government in completing the work.

(FAR 52.249-10 - Default (Fixed Price Construction)(APR 1984) at GSA Form 3506, Page 42)

In accordance with FAR 52.249-10, the contracting officer has determined that MDI is responsible for GSA's excess reprocurement costs in the amount of $30,031,700.39 for the completion of the Phase II contract. The excess reprocurement costs are calculated as follows:

| | |
|---|---|
| Excess costs to complete Phase II work[2] | $18,030,374.59 |
| Extended costs for HOK and Jacobs[3] | $ 1,534,968.34 |
| Corrective work from June 1999 through Oct. 2000 | $ 5,575,977.98 |

[2] At the time of the termination, the Phase II contract had a value, including modifications in the amount of $7,817,227.49, of $172,920,019.67 and MDI had been paid $148,379,556.18. Therefore, MDI's contract balance was $24,540,463.50. The excess cost to complete the Phase II contract scope of work, $18,030,374.59 was calculated by subtracting the contract balance of $24,540,463.50 from GSA's cost of $42,570,838.09 to complete the Phase II contract.

[3] On June 21, 2001, GSA issued Claim No. 6P95501B (Demand #2) demanding the repayment of $1,534,968.34 for the extended costs associated with the A/E (HOK) and the CM (Jacobs Facilities, Inc.) that were necessary to complete the Phase II contract work after MDI was terminated for default. While the collection of that debt was deferred, GSA hereby renews that demand for payment and includes those amounts in this final decision.

| | |
|---|---|
| Damages caused by FTU hose failure | $ 466,654.97 |
| Corrective work after Oct. 2000 | $ 580,049.29 |
| Curtainwall repairs | $ 432,520.16 |
| Removal of trash and debris and repair of the new plaza site | $ 115,541.00 |
| Clean & seal exterior precast | $ 729,159.00 |
| Testing & balance of HVAC system | $ 1,391,954.00 |
| Fire safety issues | $ 632,076.00 |
| Elevator repairs | $ 199,469.00 |
| Estimate of repairs to curtainwall members damaged in storage | $ 342,955.06 |
| TOTAL | $30,031,700.39 |

## B. Liquidated Damages

Furthermore, with regard to liquidated damages, the Phase II contract provides, in pertinent part, that,

> If the Government terminates the Contractor's right to proceed, the resulting damage will consist of liquidated damages until such reasonable time as may be required for final completion of the work together with any increased costs occasioned the Government in completing the work.

(Section 00800-21 at FAR 52.212-5 -- Liquidated Damages - Construction (APR 1984))

On October 31, 2000, GSA issued Claim No. 6P956501A (Demand #1) demanding the repayment of liquidated damages in the amount of $1,760,000.00 for the period of June 1, 1999 through May 17, 2000. This amount was calculated by multiplying the liquidated damages daily rate of $5,000 by 352 calendar days. In that demand, MDI was notified that the demand only sought the repayment of liquidated damages at that time and that GSA would be seeking its excess reprocurement costs and costs to correct defective work at a later date. While MDI was ultimately granted a deferral on the collection of the debt, the Government hereby renews its demand for the payment of liquidated damages in the amount of $1,760,000.00 as provided for under the Phase II contract and includes those amounts in this final decision.

Accordingly, GSA has determined that MDI is responsible under the Phase II contract for the excess reprocurement costs, the costs to repair defective work installed by MDI prior to the termination, and the assessment of liquidated damages through the date of substantial completion which total $31,791,700.39.

This is the final decision of the contracting officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the contracting officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract number. With regard to appeals to the agency board of contract appeals, you may,

solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Georgann Butler

Georgann Butler
Contracting Officer
Project Management Division
Public Buildings Service (6PCA-I)

cc: Seaboard Surety Company (Bond No. 320442-95)
Burnt Mills Road & Route 206
Bedminster, NJ 07921

American Home Assurance Company (Bond No. 16-07-23)
70 Pine Street
New York, NY 10270

Steven W. Schoenhaar
St. Paul Fire & Marine
5801 Centennial Way
P.O. Box 1138
Baltimore, MD 21203

James D. Wareham, Esq.
Paul Hastings Janofsky & Walker, LLP
875 15th Street, NW
Washington, DC 20005

GSA

GSA Heartland Region

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

MAY 01 2006

David Leonard, President
AMEC Construction Management, Inc.
1633 Broadway, 24th Floor
New York, New York 10019-6708

Re: Demand for Debt Repayment (Claim No. 6P95501C) under Contract No. GS06P95GZC0501 for the Thomas F. Eagleton U.S. Courthouse, St. Louis, Missouri (NMO37113)

Dear Mr. Leonard:

On September 25, 1995, the above referenced contract was awarded to Morse Diesel International (MDI) for $165,102,792.18 (ACT No. P37348638). On June 16, 1999, MDI was terminated for default (TFD). MDI has since changed its name to AMEC Construction Management, Inc. (AMEC). At the time of the default, modifications had been issued in the amount of $7,817,227.49 bringing the contract total to $172,920,019.67.

As of the date of termination, payments in the amount of $148,379,556.18 had been made to MDI. Retainage in the amount of $5,799,143 had been withheld from MDI in accordance with FAR 52.232-5(e) for lack of progress, and for field observation notices (FONs) that required corrective action.

Upon issuance of the TFD, GSA began contracting with MDI's former subcontractors to complete the work on above referenced contract. Work was substantially complete on May 18, 2000.

U.S. General Services Administration
1500 East Bannister Road
Kansas City, MO 64131-3088
www.gsa.gov

GSA's first debt repayment demand (Claim No. 6P95501A) was issued on October 31, 2000 in the amount of $1,760,000 for liquidated damages from June 1, 1999 through May 17, 2000. GSA's second debt repayment demand (Claim No. 6P95501B) was issued on June 21, 2001 in the amount of $1,534,968.34 for increased manpower of Helmuth Obata and Kassabaum, the Architect-Engineer (A-E), and Jacobs Facilities, Inc. (f.k.a. CRSS) the Construction Manager (CM). This is GSA's third debt repayment demand (Claim No. 6P95501C) for the following items totaling $28,496,731.05:

| | | |
|---|---|---|
| 1. | Excess costs to complete Phase II work | $18,030,374.59 |
| 2. | Corrective work from June1999 through October 2000 | $ 5,575,977.98 |
| 3. | Damages caused by FTU hose failure | $ 468,654.97 |
| 4. | Corrective work after October 2000 | $ 580,049.29 |
| 5. | Curtainwall repairs | $ 432,520.16 |
| 6. | Removal of trash and debris and repair of the new plaza site | $ 115,541.00 |
| 7. | Clean and seal exterior precast | $ 729,159.00 |
| 8. | Testing and balance of HVAC system | $ 1,391,954.00 |
| 9. | Fire safety issues | $ 632,076.00 |
| 10. | Elevator repairs | $ 199,469.00 |
| 11. | Estimate of repairs to curtainwall members damaged in storage | $ 342,955.06 |
| | FINAL DECISION CORRECTED AMOUNT | $30,031,699.39 |

The Government hereby demands payment in the amount of $28,496,723.05. Full payment must be remitted within thirty (30) days from the date of this demand to the following address:

General Services Administration
PBS Accounts Receivable and Financial Analysis
Division (7BCA), 192X Claim
P.O. Box 845023
Dallas, TX 75284-5023

Payment must be made by certified check or bank check, payable to the "General Services Administration" with a reference to Claim No. 6P95501C. A copy of this letter should accompany your check. A copy of the check should also be forwarded to my attention.

Any amounts not paid within 30 days from the date of the demand letter will bear interest from the date of this demand letter. The interest rate shall be the rate established by the Secretary of the Treasury, for the period affected, under Public Law 92-41.

The Government hereby reserves all rights and remedies provided by law or by contract, including but not limited to the charging of applicable administration expenses, penalties and debt collection costs.

The amount of this demand is for the total amount of the eleven (11) items listed above only. The Government hereby reserves the right to demand such costs to AMEC/MDI and all other rights and remedies to which it is entitled by law or by contract.

Sincerely,

Georgann Butler

Georgann Butler
Contracting Officer
Construction Acquisition I Branch
Project Management Division
Public Buildings Services (6PCA-I)

cc:

General Services Administration
PBS Accounts Receivable Group (7BCAR)
Attn: Debra Fisher
819 Taylor Street
Ft. Worth, TX 76123

Mr. Steven W. Schoenhaar
St. Paul Fire and Marine
5801 Centennial Way
P.O. Box 1138
Baltimore, MD 21203-1138

Seaboard Surety Company (Bond No. 320442-95)
111 Schilling Road
Hunt Valley, MD 21031

American Home Assurance Company (Bond No. 16-07-23)
70 Pine Street
New York, NY 10270

James D. Wareham, Esq.
Paul Hastings Janofsky & Walker, LLP
875 15th Street, NW
Washington, DC 20005

GSA

GSA Heartland Region

OCT 1 0 2006

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

David Leonard, President
AMEC Construction Management, Inc.
1633 Broadway, 24th Floor
New York, NY 10019-6708

**Re: Revised Demand for Debt Repayment (GSA Financial Claim No. 6P95501C) under Contract No. GS06P95GZC0501 for the Thomas F. Eagleton U.S. Courthouse, St. Louis, Missouri (Project Control No. NMO37113)**

Dear Mr. Leonard:

On September 25, 1995, the General Services Administration (GSA) awarded the above-referenced contract to Morse Diesel International (MDI) for $165,102,791.18 (ACT No. P37348638).[1] On June 16, 1999, GSA terminated the contract for default (Default). At the time of the Default, the parties had executed modifications in the amount of $7,817,227.49, for a total contract amount of $172,920,019.67. In accordance with FAR 52.232-5(e), GSA had withheld $5,799,143 as retainage for lack of progress and for remedial work described in field observation notices (FONs). As of the date of termination, GSA had paid MDI $148,379,556.18.

After the Default, GSA contracted with MDI's former subcontractors to complete the work on the above referenced contract. Work was substantially complete on May 18, 2000.

As a result of the Default, GSA assessed certain damages against MDI and made demands for payment. GSA's first debt repayment demand (GSA Financial Claim No. 6P95501A) was issued on October 31, 2000, in the amount of $1,760,000 for liquidated damages from June 1, 1999 through May 17, 2000. GSA's second debt repayment demand (GSA Financial Claim No. 6P95501B) was issued on June 21, 2001, in the amount of $1,534,968.34 for increased manpower of Helmuth Obata and Kassabaum, the Architect-Engineer (A-E), and Jacobs Facilities, Inc. (f.k.a. CRSS), the Construction Manager (CM).

By this letter, GSA is hereby issuing a third demand for repayment of debt in the amount of $28,496,731.05 (GSA Financial Claim No. 6P95501C), which was the subject of a contracting officer's final decision dated March 21, 2006. This third debt is broken down as follows:

[1] MDI has since changed its name to AMEC Construction Management, Inc. (AMEC).

U.S. General Services Administration
1500 East Bannister Road
Kansas City, MO 64131-3088
www.gsa.gov

| | | |
|---|---|---|
| 1. | Excess costs to complete Phase II work | $18,030,374.59 |
| 2. | Corrective work from June 1999 through October 2000 | $ 5,575,977.98 |
| 3. | Damages caused by FTU hose failure | $ 466,654.97 |
| 4. | Corrective work after October 2000 | $ 580,049.29 |
| 5. | Curtainwall repairs | $ 432,520.16 |
| 6. | Removal of trash and debris and repair of the new plaza site | $ 115,541.00 |
| 7. | Clean and seal exterior precast | $ 729,159.00 |
| 8. | Testing and balance of HVAC system | $ 1,391,954.00 |
| 9. | Fire safety issues | $ 632,076.00 |
| 10. | Elevator repairs | $ 199,469.00 |
| 11. | Estimate of repairs to curtainwall members damaged in storage | $ 342,955.06 |
| | Demand Amount | $ 28,496,731.05 |

Full payment must be remitted within thirty (30) days from the date of this revised demand to the following address:

General Services Administration
PBS Accounts Receivable and Financial Analysis
Division (7BCA), 192X Claim
P.O. Box 845023
Dallas, TX 75284-5023

Payment must be made by certified check or bank check, payable to the "General Services Administration" with a reference to GSA Financial Claim No. 6P95501C. A copy of this letter should accompany your check. A copy of the check should also be forwarded to my attention.

Any amounts not paid within 30 days from the date of the demand letter will bear interest from the date of this revised demand letter. The interest rate shall be the rate established by the Secretary of the Treasury, for the period affected, under Public Law 92-41.

If the debts represented by all three demand letters (6P95501A, 6P95501B, 6P95501C) are not paid within 30 days of this notice, GSA intends to collect the debt through administrative and tax refund offsets.

Upon request and reasonable notice, the GSA will provide you with an opportunity to inspect and copy the records relevant to the debt.

If you believe that any of the debts are not past due or are not legally enforceable, please present any evidence you have to this office and GSA will review it and determine its merits.

If you are unable to repay the debt in a lump sum payment, please contact this office to enter into a written repayment agreement with GSA.

The Government hereby reserves all rights and remedies provided by law or by contract, including but not limited to the charging of applicable administration expenses, penalties and debt collection costs.

The amount of this demand is for the total amount of the eleven (11) items listed above only. The Government hereby reserves the right to demand such costs to AMEC/MDI and all other rights and remedies to which it is entitled by law or by contract.

Sincerely,

Georgann Butler

Georgann Butler
Contracting Officer
Construction Acquisition I Branch
Project Management Division
Public Buildings Service (6PCA-I)

cc: General Services Administration
PBS Accounts Receivable Group (7BCAR)
Attn: Debra Fisher
819 Taylor Street
Ft. Worth, TX 76123

Seaboard Surety Company (Bond No. 320442-95)
111 Schilling Road
Hunt Valley, MD 21031

American Home Assurance Company (Bond No. 16-07-23)
70 Pine Street
New York, NY 10270

Mr. Steven W. Schoenhaar
St. Paul Fire & Marine
5801 Centennial Way
P.O. Box 1138
Baltimore, MD 21203-1138

James D. Wareham, Esq.
Paul Hastings Janofsky & Walker, LLP
875 15th Street, NW
Washington, DC 20005

cc:
Official File: 6PCA-I
Reading Files: LR(C. Morris/T. Hawkins/D. Phillips/C. Crow) 6L(Warnick) 6A 6P 6PC 6PCE(L. Phillips) 6ADB(K. Poole) DOJ(Kirchner/Hilmer)
6PCA-I:GButler:816-823-4918:8-9-07 GB/Stlcthse/Litigation/Final Decision – Excess Reprocurement Costs

AUG 9 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

David Leonard, President
AMEC Construction Management, Inc.
2200 Fletcher Ave.
Fort Lee, New Jersey 07025

**Re: Thomas F. Eagleton United States Courthouse, St. Louis, MO**
**Contract No. GS06P95GZC0501 – Phase II (NMO37113) –**
**Recomputation of Final Decision**

Dear Mr. Leonard:

As per my April 24, 2007 letter regarding this subject, I am correcting errors in the computation of the costs assessed against AMEC in my final decision dated March 21, 2006, which is currently the subject of litigation in case number 06-867C before the U.S. Court of Federal Claims.

Under my recomputation, the costs assessed to AMEC are based on FAR 52.249-10 – Default (Fixed Price Construction) APR 1984), FAR 52.246-12 – Inspection of Construction (JUL 1986), and FAR 52.212-5 – Liquidated Damages – Construction (APR 1984) which, respectively, authorize the Government to assess excess reprocurement costs, backcharge the contractor for the costs to repair defective work, and assess liquidated damages.

My recomputation is as follows:

**Sum of Expenditures to Complete Project:**

1. **Sum of all Phase III contracts** $50,861,540.09

During Phase III, GSA completed AMEC's remaining Phase II contract work. This figure accounts for all costs incurred during Phase III, including excess reprocurement costs and the costs to fix defective work and reprocure missing materials.

2. **Estimated Cost to Repair Curtainwall Mullion** $342,955.06

**SUBTOTAL A** (sum of Lines 1 and 2) $51,204,495.15

**Of the total Phase III and estimated costs, the following are not charged to AMEC:**

3. **Cash Recovered Phase III Overpayments from Audits** ($104,924.60)

4. **GSA Initiated Changes** ($7,371,897.10)

| | | |
|---|---|---|
| 5. | **Other** | ($146,592.56) |
| | Issues and/or modifications between MDI and subcontractor only | |
| | **SUBTOTAL B** (subtotal A minus lines 3-5) | $43,581,080.89 |
| 6. | **MDI Phase II Contract Balance** | ($24,540,463.49) |
| | **SUBTOTAL C** (subtotal B minus line 6) | $19,040,617.40 |

**The following was assessed for liquidated damages:**

| | | |
|---|---|---|
| 7. | **Liquidated Damages (6/1/99-5/17/00)** | $ 1,760,000.00 |
| | **SUBTOTAL D** (sum of Subtotal C and Line 7) | $20,800,617.40 |

**The following is subtracted:**

| | | |
|---|---|---|
| 8. | **MDI Phase II Progress Retainage (FAR 49.406)** | ($ 3,456,906.37) |
| | **SUBTOTAL E** (sum of line 8) | ($ 3,456,906.37) |

**TOTAL ASSESSED** (subtotal D minus subtotal E) **$17,343,711.03**

Sincerely,

Georgann Butler 8/9/07

Georgann Butler
Contracting Officer
Construction Acquisition Branch I
Project Management Division
Public Buildings Services (6PCA-I)

cc: Seaboard Surety Company (Bond No. 320442-95)
One Tower Square
Hartford, CT 06183

American Home Assurance Company (Bond No. 16-07-23)
70 Pine Street
New York, NJ 10270

Steven W. Schoenhaar
St. Paul Fire & Marine Insurance Company
385 Washington St.
St. Paul, MN 55102

James D. Wareham, Esq.
Paul Hastings Janofsky & Walker, LLP
875 15th Street, NW
Washington, DC 20005

Concur/Approved for Legal Sufficiency:

Regional Counsel (6L) Date AUG 9, 2007

Concur:

Cy Houston
Director, Project Management Division (6PC) Date 8/9/07

Concur:

for Mary Ruwwe
Assistant Regional Administrator (6P) Date 8/9/07

cc:
Official File: 6PCA-I
Reading Files: LR(T. Hawkins/D. Phillips/C. Crow) 6L(Warnick) 6A 6P 6PC 6PCE(L. Phillips)
6ADB(K. Poole) DOJ(Kirchner/Hilmer)
6PCA-I:GButler:816-823-4918:6-23-08 GB/Stlcthse/Litigation/Final Decision – Excess Reprocurement Costs

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

JUL - 2 2008

David Leonard, President
AMEC Construction Management, Inc.
2200 Fletcher Ave.
Fort Lee, New Jersey 07025

**Re: Thomas F. Eagleton United States Courthouse, St. Louis, MO**
**Contract No. GS06P95GZC0501 – Phase II (NMO37113) –**
**Recomputation of Final Decision**

Dear Mr. Leonard:

Upon further review of my documents, I discovered additional needed revisions and, therefore, am making revisions in the computation of the costs assessed against AMEC in my final decision dated March 21, 2006, which is currently the subject of litigation in case number 06-867C before the U.S. Court of Federal Claims.

A copy of the spreadsheet with the changed cells identified and the list of the changes with the reasons for such are attached.

My recomputation is as follows:

**Sum of Expenditures to Complete Project:**

1. **Sum of all Phase III contracts** $51,240,152.86

   During Phase III, GSA completed AMEC's remaining Phase II contract work. This figure accounts for all costs incurred during Phase III, including excess reprocurement costs and the costs to fix defective work and reprocure missing materials.

2. **Estimated Cost to Repair Curtainwall Mullion** $342,955.06

   SUBTOTAL A (sum of Lines 1 and 2) $51,583,107.92

**Of the total Phase III and estimated costs, the following are not charged to AMEC:**

| | | |
|---|---|---|
| 3. | **Cash Recovered Phase III Overpayments from Audits** | ($170,554.42) |
| 4. | **GSA Initiated Changes** | ($6,770,328.04) |
| 5. | **Other**<br><br>Issues and/or modifications between MDI and subcontractor only | ($403,593.56) |
| | **SUBTOTAL B** (subtotal A minus lines 3-5) | $44,238,631.90 |
| 6. | **MDI Phase II Contract Balance** | ($24,540,463.49) |
| | **SUBTOTAL C** (subtotal B minus line 6) | $19,698,168.41 |

**The following was assessed for liquidated damages:**

| | | |
|---|---|---|
| 7. | **Liquidated Damages (6/1/99-5/17/00)** | $ 1,760,000.00 |
| | **SUBTOTAL D** (sum of Subtotal C and Line 7) | $21,458,168.41 |

**The following is subtracted:**

| | | |
|---|---|---|
| 8. | **MDI Phase II Progress Retainage (FAR 49.406)** | ($ 3,456,906.37) |
| | **SUBTOTAL E** (sum of line 8) | ($ 3,456,906.37) |
| | **TOTAL ASSESSED** (subtotal D minus subtotal E) | **$18,001,262.04** |

Sincerely,

Georgann Butler 7/2/08

Georgann Butler
Contracting Officer
Construction Acquisition Branch I
Project Management Division
Public Buildings Services (6PCA-I)

2 Atchs:
1. Changed Spreadsheet
2. Reasons for Spreadsheet Changes

cc: Seaboard Surety Company (Bond No. 320442-95)
One Tower Square
Hartford, CT 06183

American Home Assurance Company (Bond No. 16-07-23)
70 Pine Street
New York, NY 10270

Steven W. Schoenhaar
St. Paul Fire & Marine Insurance Company
385 Washington St.
St. Paul, MN 55102

James D. Wareham, Esq.
Paul Hastings Janofsky & Walker, LLP
875 15th Street, NW
Washington, DC 20005

Concur/Approved for Legal Sufficiency:

_______________________________ Date JULY 2, 2008
Regional Counsel (6L)

Concur:

_______________________________ Date 7-2-08
Cy Houston
Director, Project Management Division (6PC)

Concur:

for _______________________________ Date 7/2/08
Mary Ruwwe
Assistant Regional Administrator (6P)