IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMEC CONSTRUCTION MANAGEMENT, INC.,)
)
Plaintiff, )
)
v. ) No. 06-867C
)
THE UNITED STATES, ) (Judge Braden)
)
Defendant. )

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

In accordance with Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant provides the following responses to plaintiff's first set of interrogatories.

GENERAL OBJECTIONS:

1. Defendant objects to the "instructions" and "definitions" contained in plaintiff's first set of interrogatories to the extent that they seek to impose upon defendant any requirements beyond those established by the Rules of this Court.

2. Defendant objects to plaintiff's first set of interrogatories to the extent that they seek to discover information that extends beyond the U.S. General Services Administration and its employees or agents. Defendant objects to the plaintiff's definition of "defendant" or "Government" as meaning the United States Government, and its employees and agents as being overly broad.

3. Defendant objects to plaintiff's first set of interrogatories to the extent that they seek legal conclusions and/or disclosure of any information protected by the attorney-client privilege, the investigatory privilege, the deliberative process or executive privilege, the attorney work-product doctrine, and Rule 26(b)(2).

4. Defendant objects to plaintiff's first set of interrogatories to the extent that they

The following persons were involved in either drafting, reviewing, revising, calculating, commenting on, concurring with, approving, or approving for legal sufficiency the **August 9, 2007 contracting officer letter** recalculating the costs assessed against AMEC:

(1) Georgann Butler, GSA contracting officer. Sandra Hadley of David Cotton & Company assisted Ms. Butler with the formulation of an excel spread sheet that was used by Ms. Butler in making the calculation. Ms. Butler completed the spread sheet, with the assistance of Terry Page and Brent Daubach.

(2) Mark Warnick, GSA attorney, concurred

(3) Cy Houston, concurred

(4) Brian McDevitt, Deputy Assistant Regional Administrator, concurred for Mary Ruwwe, Assistant Regional Administrator

(5) Dalton Phillips, GSA attorney, review and drafting

(6) Catherine Crow, GSA attorney, review and drafting

(7) Domenique Kirchner, DOJ attorney, review

11. State all facts forming the basis for the amounts, and the changes in the amounts, claimed in the GSA Contracting Officer decisions and/or repayment demands dated August 9, 2007, October 10, 2006; May 1, 2006; and March 21, 2006, and detail all discussion regarding the same.

RESPONSE: Defendant incorporates its general objections stated above. Defendant also objects to detailing the attorney-client discussions regarding these demands and decisions on grounds of the attorney-client and work-product privileges. See defendant's response to interrogatory number 10 above incorporated herein by reference. Defendant also objects to the interrogatory to

the extent that it seeks information relating to the October 10, 2006 repayment demand, the May 1, 2006 repayment demand, and the March 21, 2006 decision. Defendant has rejected the calculation made by Mr. Hom in the March 21, 2006 decision and related demands because it resulted in double counting of amounts, and such discovery is not reasonably calculated to lead to the discovery of relevant evidence. Defendant also objects because plaintiff's interrogatory number 11 has more than 25 discrete subparts and is unduly burdensome.

Without waiving our objections, the calculations contained in the May 1, 2006 decision differ from the March 21, 2006 decision as follows:

(a) The amount of damages caused by Fan Terminal Unit ("FTU") hose was changed erroneously from $466,654.97 to $468,654.97, due to a typographical error.

(b) The total amount was changed from $30,031,700.39 to $30,031,699.39 (a $1 difference) and labeled Final Decision Corrected Amount. The $30,031,699.39 was calculated using the correct amount of $466,654.97 for damages caused by FTU hose, despite $468,654.97 being listed in the document for that item. It also included GSA's second demand for debt repayment in the amount of $1,534,968.34, although it was not on the list on page 2.

The calculations contained in the October 10, 2006 decision differ from the May 1, 2006 decision as follows:

(a) The amount of damages caused by FTU hose failure was corrected back to $466,654.97.

(b) The Final Decision Corrected Amount was changed from $30,031,699.39 to $28,496,731.05 and labeled "Demand Amount." The $28,496,731.05 did not include GSA's second demand for debt repayment in the amount of $1,534,968.34, which was not listed.

The calculations contained in the August 9, 2007 letter differ from all of the previous

calculations because they use an excel spread sheet to perform the calculation. The calculations contained in the March 21, 2006 contracting officer's decision were made by Martin Hom, who drafted that decision for the contracting officer. The calculation may be explained by Mr. Hom, who is being deposed by plaintiff.

The Government has rejected Mr. Hom's calculation contained in the March 21, 2006 contracting officer's decision because it resulted in double counting. Sandra Hadley, an accountant with David Cotton & Company, assisted GSA contracting officer Georgann Butler with the formulation of an excel spread sheet that was used by Ms. Butler in her August 9, 2007 calculation. The use of the excel spread sheet ensured that amounts were not counted twice in the calculation. The spread sheet was completed by Ms. Butler, with the assistance of Terry Page and Brent Daubach.

Subsequently, Ms. Butler corrected various entries in the excel spread sheet and also inserted into the spreadsheet the amounts that make up the entries in columns 1-18 of the spreadsheet. She also made hand written notes and compiled documentation which traces amounts in the spread sheet to amounts in supporting documents, with the assistance of Terry Page and Brent Daubach. The revised spread sheet, list of revisions, and supporting documentation was provided to plaintiff's counsel on three CDRoms on May 28, 2008. In addition, on May 27, 2008, defendant's counsel provided plaintiff's counsel with a copy of the Jacobs Fan Terminal Unit ("FTU") report on a CDRom, which details the deficiencies with the FTUs, and includes numerous photographs. The state of the building as of the time of termination for default is also detailed in the documents contained on the discs provided to plaintiff's counsel with defendant counsel's letters dated September 8, 2006 and December 15, 2006, the CRSS August 11, 1999 Phase II Termination Building Status Assessment, photographs

and videos.

12. State the basis for claiming actual damages in addition to the liquidated damages contemplated by the St. Louis Contracts.

RESPONSE: Defendant incorporates its general objections stated above. Without waiving our objections, actual damages are based upon FAR 52.249-10--Default (Fixed Price Construction) (APR 1984) and FAR 52.246-12–Inspection of Construction (JUL 1986), which were included in the Phase II contract. Liquidated damages are based upon FAR 52.212-5--Liquidated Damages–Construction (APR 1984), which is also included in the Phase II contract.

13. Identify and describe in detail, including all bates numbers of supporting documents, all information and discussions relating to correspondence or discussions between GSA and any persons at the following offices regarding construction of the St. Louis Courthouse from the beginning of the St. Louis Contracts in September 1995 until completion of the project: the Administrative Office of the United States Courts, the Office of the Circuit Executive of the United States Court of Appeals for the Eighth Circuit, the Office of the Clerk of Court of the United States District Court for the Eastern District of Missouri, the Office of the Clerk of Court of the United States Bankruptcy Court for the Eastern District of Missouri, any other agency of the Judicial Branch of the Government, or any Justice, Judge, Magistrate Judge, Bankruptcy Judge, or other Judicial Officer of the Judicial Branch of the Government.

RESPONSE: Defendant incorporates its general objections stated above. Defendant also objects to describing any attorney-client correspondence or discussions regarding such matters. Defendant also objects because the interrogatory is over board and not reasonably calculated to

6-22-07

# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MORSE DIESEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Docket No.: 99-279C |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT UNDER SEAL

Pages: 1 through 29

Place: Washington, D.C.

Date: June 22, 2007

**HERITAGE REPORTING CORPORATION**

*Official Reporters*

1220 L Street, N.W., Suite 600

-4018

hrc@concentric.net