C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→ § 16.21 Purpose and scope.**

(a) This subpart sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status:

(1) In all federal and state proceedings in which the United States is a party; and

(2) In all federal and state proceedings in which the United States is not a party, including any proceedings in which the Department is representing a government employee solely in that employee's individual capacity, when a subpoena, order, or other demand (hereinafter collectively referred to as a "demand") of a court or other authority is issued for such material or information.

(b) For purposes of this subpart, the term employee of the Department includes all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials.

(c) Nothing in this subpart is intended to impede the appropriate disclosure, in the absence of a demand, of information by Department law enforcement agencies to federal, state, local and foreign law enforcement, prosecutive, or regulatory agencies.

(d) This subpart is intended only to provide guidance for the internal operations of the Department of Justice, and is not intended to, and does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

SOURCE: Order No. 919-80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156-98, 63 FR 29593, June 1, 1998; Order No. 2258-99, 64 FR 52226, Sept. 28, 1999, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 552b(g), 553; 18 U.S.C. 4203(a)(1); 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717, 9701.

28 C. F. R. § 16.21, 28 CFR § 16.21

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→§ 16.22 General prohibition of production or disclosure in Federal and State proceedings in which the United States is not a party.**

(a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

(b) Whenever a demand is made upon an employee or former employee as described in paragraph (a) of this section, the employee shall immediately notify the U.S. Attorney for the district where the issuing authority is located. The responsible United States Attorney shall follow procedures set forth in § 16.24 of this part.

(c) If oral testimony is sought by a demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand as summarized in such statement.

(d) When information other than oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding.

28 C. F. R. § 16.22, 28 CFR § 16.22

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→§ 16.23 General disclosure authority in Federal and State proceedings in which the United States is a party.**

(a) Every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after consultation with the "originating component" as defined in § 16.24(a) of this part, to reveal and furnish to any person, including an actual or prospective witness, a grand jury, counsel, or a court, either during or preparatory to a proceeding, such testimony, and relevant unclassified material, documents, or information secured by any attorney, or investigator of the Department of Justice, as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties: *Provided*, Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a) of this part: *And further provided*, An attorney shall not reveal or furnish any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without the express prior approval by the Assistant Attorney General in charge of the division responsible for the case or proceeding, the Director of the Executive Office for United States Trustees (hereinafter referred to as "the EOUST"), or such persons' designees.

(b) An attorney may seek higher level review at any stage of a proceeding, including prior to the issuance of a court order, when the attorney determines that a factor specified in § 16.26(b) exists or foresees that higher level approval will be required before disclosure of the information or testimony in question. Upon referral of a matter under this subsection, the responsible Assistant Attorney General, the Director of EOUST, or their designees shall follow procedures set forth in § 16.24 of this part.

(c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

SOURCE: Order No. 919-80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156-98, 63 FR 29593, June 1, 1998; Order No. 2258-99, 64 FR 52226, Sept. 28, 1999, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 552b(g), 553; 18 U.S.C. 4203(a)(1); 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717, 9701.

**28 C. F. R. § 16.23, 28 CFR § 16.23**

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→§ 16.24 Procedure in the event of a demand where disclosure is not otherwise authorized.**

(a) Whenever a matter is referred under § 16.22 of this part to a U.S. Attorney or, under § 16.23 of this part, to an Assistant Attorney General, the Director of the EOUST, or their designees (hereinafter collectively referred to as the "responsible official"), the responsible official shall immediately advise the official in charge of the bureau, division, office, or agency of the Department that was responsible for the collection, assembly, or other preparation of the material demanded or that, at the time the person whose testimony was demanded acquired the information in question, employed such person (hereinafter collectively referred to as the "originating component"), or that official's designee. In any instance in which the responsible official is also the official in charge of the originating component, the responsible official may perform all functions and make all determinations that this regulation vests in the originating component.

(b) The responsible official, subject to the terms of paragraph (c) of this section, may authorize the appearance and testimony of a present or former Department employee, or the production of material from Department files if:

(1) There is no objection after inquiry of the originating component;

(2) The demanded disclosure, in the judgment of the responsible official, is appropriate under the factors specified in § 16.26(a) of this part; and

(3) None of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure.

(c) It is Department policy that the responsible official shall, following any necessary consultation with the originating component, authorize testimony by a present or former employee of the Department or the production of material from Department files without further authorization from Department officials whenever possible: *Provided*, That, when information is collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of the Department or by the EOUST, the Assistant Attorney General in charge of such a division or the Director of the EOUST may require that the originating component obtain the division's or the EOUST's approval before authorizing a responsible official to disclose such information. Prior to authorizing such testimony or production, however, the responsible official shall, through negotiation and, if necessary, appropriate motions, seek to limit the demand to information, the disclosure of which would not be inconsistent with the considerations specified in § 16.26 of this part.

(d)(1) In a case in which the United States is not a party, if the responsible U.S. attorney and the originating component disagree with respect to the appropriateness of demanded testimony or of a particular disclosure, or if they agree that such testimony or such a disclosure should not be made, they shall determine if the demand involves information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department or the EOUST. If so, the U.S. attorney shall notify the Director of the EOUST or the Assistant Attorney General in charge

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

of the division responsible for such litigation or investigation, who may:

(i) Authorize personally or through a Deputy Assistant Attorney General, the demanded testimony or other disclosure of the information if such testimony or other disclosure, in the Assistant or Deputy Assistant Attorney General's judgment or in the judgment of the Director of the EOUST, is consistent with the factors specified in § 16.26(a) of this part, and none of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure;

(ii) Authorize, personally or by a designee, the responsible official, through negotiations and, if necessary, appropriate motions, to seek to limit the demand to matters, the disclosure of which, through testimony or documents, considerations specified in § 16.26 of this part, and otherwise to take all appropriate steps to limit the scope or obtain the withdrawal of a demand; or

(iii) If, after all appropriate steps have been taken to limit the scope or obtain the withdrawal of a demand, the Director of the EOUST or the Assistant or Deputy Assistant Attorney General does not authorize the demanded testimony or other disclosure, refer the matter, personally or through a Deputy Assistant Attorney General, for final resolution to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(2) If the demand for testimony or other disclosure in such a case does not involve information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department, the originating component shall decide whether disclosure is appropriate, except that, when especially significant issues are raised, the responsible official may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part. If the originating component determines that disclosure would not be appropriate and the responsible official does not refer the matter for higher level review, the responsible official shall take all appropriate steps to limit the scope or obtain the withdrawal of a demand.

(e) In a case in which the United States is a party, the Assistant General or the Director of the EOUST responsible for the case or matter, or such persons' designees, are authorized, after consultation with the originating component, to exercise the authorities specified in paragraph (d)(1)(i) through (iii) of this section: *Provided*, That if a demand involves information that was collected, assembled, or prepared originally in connection with litigation or an investigation supervised by another unit of the Department, the responsible official shall notify the other division or the EOUST concerning the demand and the anticipated response. If two litigating units of the Department are unable to resolve a disagreement concerning disclosure, the Assistant Attorneys General in charge of the two divisions in disagreement, or the Director of the EOUST and the appropriate Assistant Attorney General, may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25(b) of this part.

(f) In any case or matter in which the responsible official and the originating component agree that it would not be appropriate to authorize testimony or otherwise to disclose the information demanded, even if a court were so to require, no Department attorney responding to the demand should make any representation that implies that the Department would, in fact, comply with the demand if directed to do so by a court. After taking all appropriate steps in such cases to limit the scope or obtain the withdrawal of a demand, the responsible official shall refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(g) In any case or matter in which the Attorney General is personally involved in the claim of privilege, the responsible official may consult with the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Attorney General and proceed in accord with the Attorney General's instructions without subsequent review by the Deputy or Associate Attorney General.

SOURCE: Order No. 919-80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156-98, 63 FR 29593, June 1, 1998; Order No. 2258-99, 64 FR 52226, Sept. 28, 1999, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 552b(g), 553; 18 U.S.C. 4203(a)(1); 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717, 9701.

28 C. F. R. § 16.24, 28 CFR § 16.24

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→§ 16.25 Final action by the Deputy or Associate Attorney General.**

(a) Unless otherwise indicated, all matters to be referred under § 16.24 by an Assistant Attorney General, the Director of the EOUST, or such person's designees to the Deputy or Associate Attorney General shall be referred (1) to the Deputy Attorney General, if the matter is referred personally by or through the designee of an Assistant Attorney General who is within the general supervision of the Deputy Attorney General, or (2) to the Associate Attorney General, in all other cases.

(b) All other matters to be referred under § 16.24 to the Deputy or Associate Attorney General shall be referred (1) to the Deputy Attorney General, if the originating component is within the supervision of the Deputy Attorney General or is an independent agency that, for administrative purposes, is within the Department of Justice, or (2) to the Associate Attorney General, if the originating component is within the supervision of the Associate Attorney General.

(c) Upon referral, the Deputy or Associate Attorney General shall make the final decision and give notice thereof to the responsible official and such other persons as circumstances may warrant.

SOURCE: Order No. 919-80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156-98, 63 FR 29593, June 1, 1998; Order No. 2258-99, 64 FR 52226, Sept. 28, 1999, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 552b(g), 553; 18 U.S.C. 4203(a)(1); 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717, 9701.

28 C. F. R. § 16.25, 28 CFR § 16.25

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→§ 16.26 Considerations in determining whether production or disclosure should be made pursuant to a demand.**

(a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:

(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and

(2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

(b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:

(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),

(2) Disclosure would violate a specific regulation;

(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,

(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,

(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,

(6) Disclosure would improperly reveal trade secrets without the owner's consent.

(c) In all cases not involving considerations specified in paragraphs (b)(1) through (b)(6) of this section, the Deputy or Associate Attorney General will authorize disclosure unless, in that person's judgment, after considering paragraph (a) of this section, disclosure is unwarranted. The Deputy or Associate Attorney General will not approve disclosure if the circumstances specified in paragraphs (b)(1) through (b)(3) of this section exist. The Deputy or Associate Attorney General will not approve disclosure if any of the conditions in paragraphs (b)(4) through (b)(6) of this section exist, unless the Deputy or Associate Attorney General determines that the administration of justice requires disclosure. In this regard, if disclosure is necessary to pursue a civil or criminal prosecution or affirmative relief, such as an injunction, consideration shall be given to:

(1) The seriousness of the violation or crime involved,

(2) The past history or criminal record of the violator or accused,

(3) The importance of the relief sought,

(4) The importance of the legal issues presen- ted,

(5) Other matters brought to the attention of the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Deputy or Associate Attorney General.

(d) Assistant Attorneys General, U.S. Attorneys, the Director of the EOUST, U.S. Trustees, and their designees, are authorized to issue instructions to attorneys and to adopt supervisory practices, consistent with this subpart, in order to help foster consistent application of the foregoing standards and the requirements of this subpart.

SOURCE: Order No. 919-80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156-98, 63 FR 29593, June 1, 1998; Order No. 2258-99, 64 FR 52226, Sept. 28, 1999, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 552b(g), 553; 18 U.S.C. 4203(a)(1); 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717, 9701.

28 C. F. R. § 16.26, 28 CFR § 16.26

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

C

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 28. Judicial Administration
Chapter I. Department of Justice
Part 16. Production or Disclosure of Material or Information (Refs & Annos)
Subpart B. Production or Disclosure in Federal and State Proceedings (Refs & Annos)

**→§ 16.27 Procedure in the event a department decision concerning a demand is not made prior to the time a response to the demand is required.**

If response to a demand is required before the instructions from the appropriate Department official are received, the responsible official or other Department attorney designated for the purpose shall appear and furnish the court or other authority with a copy of the regulations contained in this subpart and inform the court or other authority that the demand has been or is being, as the case may be, referred for the prompt consideration of the appropriate Department official and shall respectfully request the court or authority to stay the demand pending receipt of the requested instructions.

SOURCE: Order No. 919-80, 45 FR 83210, Dec. 18, 1980; 51 FR 16677, May 6, 1986; 52 FR 33231, Sept. 2, 1987; Order No. 2156-98, 63 FR 29593, June 1, 1998; Order No. 2258-99, 64 FR 52226, Sept. 28, 1999, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301, 552, 552a, 552b(g), 553; 18 U.S.C. 4203(a)(1); 28 U.S.C. 509, 510, 534; 31 U.S.C. 3717, 9701.

28 C. F. R. § 16.27, 28 CFR § 16.27

Current through August 7, 2008; 73 FR 45885

Copr. © 2008 Thomson Reuters/ West

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Code of Federal Regulations Currentness
Title 41. Public Contracts and Property Management
Subtitle C. Federal Property Management Regulations System
Chapter 105. General Services Administration
Part 105-60. Public Availability of Agency Records and Informational Materials (Refs & Annos)
→ Subpart 105-60.6 Production or Disclosure by Present or Former General Services Administration Employees in Response to Subpoenas or Similar Demands in Judicial or Administrative Proceedings

**§ 105-60.601 Purpose and scope of subpart.**

(a) By virtue of the authority vested in the Administrator of General Services by 5 U.S.C. 301 and 40 U.S.C. 486(c) this subpart establishes instructions and procedures to be followed by current and former employees of the General Services Administration in response to subpoenas or similar demands issued in judicial or administrative proceedings for production or disclosure of material or information obtained as part of the performance of a person's official duties or because of the person's official status. Nothing in these instructions applies to responses to subpoenas or demands issued by the Congress or in Federal grand jury proceedings.

(b) This subpart provides instructions regarding the internal operations of GSA and the conduct of its employees, and is not intended and does not, and may not, be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against GSA.

**Subpart 105-60.6 Production or Disclosure by Present or Former General Services Administration Employees in Response to Subpoenas or Similar Demands in Judicial or Administrative Proceedings**

**§ 105-60.602 Definitions.**

For purposes of this subpart, the following definitions apply:

(a) Material means any document, record, file or data, regardless of the physical form or the media by or through which it is maintained or recorded, which was generated or acquired by a current or former GSA employee by reason of the performance of that person's official duties or because of the person's official status, or any other tangible item, e.g., personal property possessed or controlled by GSA.

(b) Information means any knowledge or facts contained in material, and any knowledge or facts acquired by current or former GSA employee as part of the performance of that person's official duties or because of that person's official status.

(c) Demand means any subpoena, order, or similar demand for the production or disclosure of material, information or testimony regarding such material or information, issued by a court or other authority in a judicial or administrative proceeding, excluding congressional subpoenas or demands in Federal grand jury proceedings, and served upon a present or former GSA employee.

(d) Appropriate Authority means the following officials who are delegated authority to approve or deny responses to demands for material, information or testimony:

(1) The Counsel to the Inspector General for material and information which is the responsibility of the GSA Office of Inspector General or testimony of current or former employees of the Office of the Inspector General;

(2) The Counsel to the GSA Board of Contract Appeals for material and information which is the responsibility of the Board of Contract Appeals or testimony of current or former Board of Contract Appeals employees;

(3) The GSA General Counsel, Associate General Counsel(s) or Regional Counsel for all

material, information, or testimony not covered by paragraphs (d)(1) and (2) of this section.

**§ 105-60.603 Acceptance of service of a subpoena duces tecum or other legal demand on behalf of the General Services Administration.**

(a) The Administrator of General Services and the following officials are the only GSA personnel authorized to accept service of a subpoena or other legal demand on behalf of GSA: The GSA General Counsel and Associate General Counsel(s) and, with respect to material or information which is the responsibility of a regional office, the Regional Administrator and Regional Counsel. The Inspector General and Counsel to the Inspector General, as well as the Chairman and Vice Chairman of the Board of Contract Appeals, are authorized to accept service for material or information which are the responsibility of their respective organizations.

(b) A present or former GSA employee not authorized to accept service of a subpoena or other demand for material, information or testimony obtained in an official capacity shall respectfully inform the process server that he or she is not authorized to accept service on behalf of GSA and refer the process server to an appropriate official listed in paragraph (a) of this section.

(c) A Regional Administrator or Regional Counsel shall notify the General Counsel of a demand which may raise policy concerns or affect multiple regions.

**§ 105-60.604 Production or disclosure prohibited unless approved by the Appropriate Authority.**

No current or former GSA employee shall, in response to a demand, produce any material or disclose, through testimony or other means, any information covered by this subpart, without prior approval of the Appropriate Authority.

**§ 105-60.605 Procedure in the event of a demand for production or disclosure.**

(a) Whenever service of a demand is attempted in person or via mail upon a current or former GSA employee for the production of material or the disclosure of information covered by this subpart, the employee or former employee shall immediately notify the Appropriate Authority through his or her supervisor or his or her former service, staff office, or regional office. The supervisor shall notify the Appropriate Authority. For current or former employees of the Office of Inspector General located in regional offices, Counsel to the Inspector General shall be notified through the immediate supervisor or former employing field office.

(b) The Appropriate Authority shall require that the party seeking material or testimony provide the Appropriate Authority with an affidavit, declaration, statement, and/or a plan as described in paragraphs (c)(1), (2), and (3) of this section if not included with or described in the demand. The Appropriate Authority may waive this requirement for a demand arising out of proceedings to which GSA or the United States is a party. Any waiver will be coordinated with the United States Department of Justice (DOJ) in proceedings in which GSA, its current or former employees, or the United States are represented by DOJ.

(c)(1) Oral testimony. If oral testimony is sought by a demand, the Appropriate Authority shall require the party seeking the testimony or the party's attorney to provide, by affidavit or other statement, a detailed summary of the testimony sought and its relevance to the proceedings. Any authorization for the testimony of a current or former GSA employee shall be limited to the scope of the demand as summarized in such statement or affidavit.

(2) Production of material. When information other than oral testimony is sought by a demand, the Appropriate Authority shall require the party seeking production or the party's attorney to provide a detailed summary, by affidavit or other statement, of the information sought and its relevance to the proceeding.

(3) The Appropriate Authority may require a plan or other information from the party seeking testimony or production of material of all demands reasonably foreseeable, including, but not limited to, names of all current and former GSA employees from whom testimony or production is or will likely be sought, areas of inquiry, for current employees the length of time away from duty anticipated, and identification of

© 2008 Thomson

g. US Gov. Works.

documents to be used in each deposition or other testimony, where appropriate.

(d) The Appropriate Authority will notify the current or former employee, the appropriate supervisor, and such other persons as circumstances may warrant, whether disclosure or production is authorized, and of any conditions or limitations to disclosure or production.

(e) Factors to be considered by the Appropriate Authority in responding to demands:

(1) Whether disclosure or production is appropriate under rules of procedure governing the proceeding out of which the demand arose;

(2) The relevance of the testimony or documents to the proceedings;

(3) The impact of the relevant substantive law concerning applicable privileges recognized by statute, common law, judicial interpretation or similar authority;

(4) The information provided by the issuer of the demand in response to requests by the Appropriate Authority pursuant to paragraphs (b) and (c) of this section;

(5) The steps taken by the issuer of the demand to minimize the burden of disclosure or production on GSA, including but not limited to willingness to accept authenticated copies of material in lieu of personal appearance by GSA employees;

(6) The impact on pending or potential litigation involving GSA or the United States as a party;

(7) In consultation with the head of the GSA organizational component affected, the burden on GSA which disclosure or production would entail; and

(8) Any additional factors unique to a particular demand or proceeding.

(f) The Appropriate Authority shall not approve a disclosure or production which would:

(1) Violate a statute or a specific regulation;

(2) Reveal classified information, unless appropriately declassified by the originating agency;

(3) Reveal a confidential source or informant, unless the investigative agency and the source or informant consent;

(4) Reveal records or information compiled for law enforcement purposes which would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would be impaired;

(5) Reveal trade secrets or commercial or financial information which is privileged or confidential without prior consultation with the person from whom it was obtained; or

(6) Be contrary to a recognized privilege.

(g) The Appropriate Authority's determination, including any reasons for denial or limitations on disclosure or production, shall be made as expeditiously as possible and shall be communicated in writing to the issuer of the demand and appropriate current or former GSA employee(s). In proceedings in which GSA, its current or former employees, or the United States are represented by DOJ, the determination shall be coordinated with DOJ which may respond to the issuer of the subpoenas or demand in lieu of the Appropriate Authority.

**§ 105-60.606 Procedure where response to demand is required prior to receiving instructions.**

(a) If a response to a demand is required before the Appropriate Authority's decision is issued, a GSA attorney designated by the Appropriate Authority for the purpose shall appear with the employee or former employee upon whom the demand has been made, and shall furnish the judicial or other authority with a copy of the instructions contained in this subpart. The attorney shall inform the court or other authority that the demand has been or is being referred for the prompt consideration by the Appropriate Authority. The attorney shall respectfully request the judicial or

administrative authority to stay the demand pending receipt of the requested instructions.

(b) The designated GSA attorney shall coordinate GSA's response with DOJ's Civil Division or the relevant Office of the United States Attorney and may request that a DOJ or Assistant United States Attorney appear with the employee in addition to or in lieu of a designated GSA attorney.

(c) If an immediate demand for production or disclosure is made in circumstances which preclude the appearance of a GSA or DOJ attorney on the behalf of the employee or the former employee, the employee or former employee shall respectfully make a request to the demanding authority for sufficient time to obtain advice of counsel.

**§ 105-60.607 Procedure in the event of an adverse ruling.**

If the court or other authority declines to stay the effect of the demand in response to a request made in accordance with § 105-60.606 pending receipt of instructions, or if the court or other authority rules that the demand must be complied with irrespective of instructions by the Appropriate Authority not to produce the material or disclose the information sought, the employee or former employee upon whom the demand has been made shall respectfully decline to comply, citing these instructions and the decision of the United States Supreme Court in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

**§ 105-60.608 Fees, expenses, and costs.**

(a) In consultation with the Appropriate Authority, a current employee who appears as a witness pursuant to a demand shall ensure that he or she receives all fees and expenses, including travel expenses, to which witnesses are entitled pursuant to rules applicable to the judicial or administrative proceedings out of which the demand arose.

(b) Witness fees and reimbursement for expenses received by a GSA employee shall be disposed of in accordance with rules applicable to Federal employees in effect at the time.

(c) Reimbursement to the GSA for costs associated with producing material pursuant to a demand shall be determined in accordance with rules applicable to the proceedings out of which the demand arose.

Current through July 31, 2008; 73 FR 44670
END OF DOCUMENT



© 2008 Thomson R US Gov. Works.