UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMEC CONSTRUCTION MANAGEMENT, INC., f/k/a Morse Diesel International, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 06-867<br>(Judge Braden) |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR A RULING ON PLAINTIFF'S CHALLENGE TO THE JUNE 1999 TERMINATION FOR DEFAULT**

Pursuant to RCFC 56(d)(1), the United States respectfully submits the following Proposed Findings of Uncontroverted Fact in support of our Motion for a Ruling on Plaintiff's Challenge to the June 1999 Termination for Default.

1. Plaintiff, AMEC Construction Management, Inc., f/k/a Morse Diesel International, Inc. (Morse Diesel or ACMI) was awarded the Phase II contract of the Eagleton Courthouse in St. Louis, on or about September 28, 1995 (the "Phase II contract"). Morse Diesel III, 74 Fed. Cl. at 605-07.

2. On about November 29, 1995, ACMI submitted its first application for payment (dated November 28, 1995) on the Phase II contract to the GSA. Morse Diesel III, 74 Fed. Cl. at 613. The pay application included a request for payment of $923,900 for bond premiums. Morse Diesel III, 74 Fed. Cl. at 613. The pay application was accompanied by stamped "Paid" bond invoices. Morse Diesel III, 74 Fed. Cl. at 613.

3. Upon behalf of Morse Diesel, Morse Diesel Vice President and Operations Manager, William Lyons, signed the two certifications – one dated November 27, 1995, the other

dated November 28, 1995 – in support of Morse Diesel's first pay application on the Phase II contract. Morse Diesel III, 74 Fed. Cl. at 613. Upon behalf of plaintiff, Mr. Lyons, Morse Diesel Vice President, signed a certification, dated November 28, 1995, on GSA Form 2419, stating that "the amounts requested 'are only for performance in accordance with the specifications, terms and conditions of the contract[.]'" Morse Diesel III, 74 Fed. Cl. at 613.

4. On December 12, 2000, Morse Diesel entered a guilty plea in U.S. District Court for the Eastern District of Missouri in the matter United States v. Morse Diesel International, Inc., No. 4:00CR00552 (E.D. Mo.) ("the E.D. Mo. plea"). Morse Diesel III, 74 Fed. Cl. at 614, 618-19, 627; A6-20.[1] The factual basis for the E.D. Mo. plea, in pertinent part, is as follows:

(a) On or about November 21, 1995, an employee of ACMI in the insurance and bonding department of ACMI's New York Office, called a representative of Rollins, Hudig, Hall, ACMI's bonding and insurance agent, and asked that representative to stamp an invoice for the Phase II bond premium as paid when, in fact, the bond premium had not been paid up to that date, and to deliver the invoice stamped "paid" to ACMI's office. A17 (Guilty plea at 7 ¶ 1); Morse Diesel III, 74 Fed. Cl. at 613.

(b) Thereafter, on or about November 28, 1995, another employee of ACMI in St. Louis attached the falsely stamped "paid" invoice to a Progress Payment Voucher and certified the accuracy of the "paid" invoice and made a claim upon the United States pursuant to contract number GS06P95G2C0501, through the GSA, for payment from the United States to ACMI for this "paid" bond premium. A17 (Guilty plea at 7 ¶ 2); Morse Diesel III, 74 Fed. Cl. at 613.

[1] "A__" refers to the appendix to our motion .

(c) Based upon the "paid" bond invoice and the certification (which were material to the GSA in its determination to pay), GSA paid ACMI the amount of the "paid" invoice on or about December 18, 1995. A18 (Guilty plea at 8 ¶ 3); Morse Diesel III, 74 Fed. Cl. at 614.

(d) ACMI, in fact, paid the Rollins, Hudig, Hall invoice for the Phase II bond premium on or about February 6, 1996, and was not entitled to be reimbursed by the Government for this amount under the contract until after the premium was in fact paid. A18 (Guilty plea at 8 ¶ 4); Morse Diesel III, 74 Fed. Cl. at 613.

5. The Court granted the Government's motion for summary judgment under the False Claims Act ("FCA") on the grounds that ACMI's certifications in the first Phase II pay application and the stamped "paid" bond invoices constituted a false or fraudulent claim for payment of bond premiums of $923,900 that were not yet due to ACMI. Morse Diesel III, 74 Fed. Cl. at 612-14, 625, 627, 636.

6. The Court determined in its July 15, 2005 decision "as a matter of law, that the fee commission splitting arrangement was 'for the purpose of improperly obtaining or rewarding favorable treatment,'" in violation of the Anti-Kickback Act ("AKA"). Morse Diesel Int'l, Inc. v. United States, 66 Fed. Cl. 788, 800-01 (2005) (Morse Diesel I).

7. The Court determined in its January 26, 2007 decision that "the amounts requested for reimbursement [for bonds on each of the four GSA contracts] were not only for performance of each of the contracts at issue, but were inflated to include the 'rebate' amount that by prearrangement the bond brokers subsequently paid to [ACMI's] parent, AMEC," in violation of the FCA. Morse Diesel III, 74 Fed. Cl. at 625 (emphasis in original).

8. On June 16, 1999, the General Services Administration (GSA) terminated Morse Diesel's Phase II contract for default. A1-5.

9. The Court determined in its January decision that Morse Diesel's challenge to the June 16, 1999 termination of default on the St. Louis Courthouse Phase II contract has been forfeited. Morse Diesel III, 74 Fed. Cl. at 628, 636 n.21.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-1111
Fax: (202) 514-8624
Attorneys for Defendant

Of Counsel:

KENT C. KIFFNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

TRACY L. HILMER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice

ERIC L. MILLER
Office of the Inspector General
General Services Administration

CATHERINE CROW
General Services Administration

August 28, 2008