# EXHIBIT 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMEC CONSTRUCTION MANAGEMENT, INC., )
Plaintiff, )
) Docket No. 06-867C
v. )
UNITED STATES, )
Defendant. )

Thursday,
August 19, 2008

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on August 21, 2008.)

APPEARANCES: (Via Telephone)

For the Plaintiff:
KIRBY BEHRE, Esquire
JAMES WAREHAM, Esquire
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

For the Defendant:
DOMENIQUE KIRCHNER, Esquire
KEN KIFFNER, Esquire
U.S. Department of Justice
Civil Division
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
(202) 307-1111

THE COURT: Was she involved in the termination, in any way?

MS. KIRCHNER: She was not involved with the termination, no.

THE COURT: Was not. And when did she become employed by the government?

MS. KIRCHNER: Your Honor, Ms. Crow is right here. She can tell you when she began working for the GSA.

MS. CROW: Your Honor, I've been working for the GSA since January of 2000. On this particular case, I've been working since, I believe, April of 2006.

THE COURT: But, you were involved in the underlining factual decisions that were made that led to the litigation? In other words, you weren't involved in the contracts, themselves, the administration of the contracts, the termination, in any way, I take it?

MS. CROW: No, Your Honor.

THE COURT: So, you --

MS. CROW: It's been all since litigation.

THE COURT: You have been only working on it in litigation?

MS. CROW: Yes, Your Honor.

THE COURT: All right. What is the need to have her deposed, counsel?

MR. WAREHAM: Your Honor, just somewhat of a

background. The need is -- and we don't take this lightly. We didn't notice these depositions lightly. But, what led to these notices of deposition was a massive privilege waiver by the government relating to the six different numbers, if I have the number correct, regarding excess cost re-procurement. This case is all about the excess cost re-procurement --

THE COURT: What is this witness going to tell you about that?

MR. WAREHAM: What is that?

THE COURT: What is this witness going to tell you about that?

MR. WAREHAM: The privilege waiver documents indicate that Ms. Crow, and I know you are focusing in on her, was directly involved in numerous of the calculations that range between $10 and $30 million.

THE COURT: That she did the calculations, is that what you're saying?

MR. WAREHAM: The calculations, yes, including one where Ms. Crow instructed at the very end of this six different numbers, the methodology that will be used, as reflected in the spreadsheet.

THE COURT: Ms. Crow, what about that?

MS. CROW: Your Honor, I did not do any calculations for the contracting officer. I revised her

calculations, but I did not do any of the calculations.

THE COURT: All right.

MR. WAREHAM: If you give us a chance to brief this, I can show the Court the documents we're talking about that relate to this issue.

THE COURT: Well, I'm not prohibiting you from briefing anything you want, but I'm not going to rule that you can take her deposition today. But, I am ruling that you may not take Ms. Kirchner's deposition. You haven't made any of the showings that are required.

MR. WAREHAM: Well, we would like an opportunity to do that in these pleadings, Your Honor. It's the same analysis. The massive privilege waiver relates to Ms. Kirchner. As a matter of fact, the government --

THE COURT: Well, whose massive privilege waiver? I haven't ruled that there have been any privilege waivers.

MR. WAREHAM: I think -- well, obviously, you have not seen the documents. We have not provided them to you. I am confident that the Court will conclude that these were privileged documents, at least in some cases, and that they've been waived. We've asked the government if they were inadvertently produced. We've asked them the claw back, save one document. They haven't done it.

THE COURT: All right. Well, I will look forward to hearing what you have to say. But, there is no basis for