# EXHIBIT 26

UNITED STATES COURT OF FEDERAL CLAIMS

---------------------x

AMEC CONSTRUCTION MANAGEMENT, INC.,
f/k/a Morse Diesel International, Inc.,

Plaintiff,

-against- Case No. 06-867

(Judge Braden)

THE UNITED STATES,

Defendant.

---------------------x

June 25, 2008

8:50 a.m.

Videotaped deposition of MARTIN HOM, taken by attorneys for Plaintiff, pursuant to subpoena, held at the offices of Paul, Hastings, Janofsky & Walker, LLP, 3579 Valley Centre Drive, San Diego, California, before Helen Mitchell, a Shorthand Reporter and Notary Public.

WINTER REPORTING, INC. 212.953.1414

(Hom - 6/25/08)

costs at any time?

A I believe Brent was identifying issues and backup documents, and I was there to assist him, to ensure adequate documentation was copied out of the files.

(E-mail marked Hom Exhibit 16 for identification.)

Q I'm showing you next what's been marked as Hom Exhibit No. 16.

Could you look at that exhibit, please, and see if you can identify it.

(Pause)

A Yes, I've seen this document before.

Q When was the last time you saw this exhibit?

A Probably in May of this year.

Q And for what purpose were you reviewing it in May of this year?

A In response to your subpoena.

Q Does this e-mail relate to the meetings that you testified previously occurred in April of '07, which were reflected in your time entries for April 17th, 18th and 19th

(Hom - 6/25/08)

of 2007?

MS. KIRCHNER: Objection, ambiguous.

A I think the Department of Justice has exercised its right for attorney/client privilege for that meeting.

Q You have able counsel with you to address that if she's going to invoke that.

MS. KIRCHNER: I think you -- why don't you read the question back for him.

(Record read)

MS. KIRCHNER: Objection, ambiguous, compound.

THE WITNESS: Do you want me to answer?

A Yes.

Q And do you recall attending those meetings?

A Yes.

Q What was discussed during those meetings?

MS. KIRCHNER: I'm going to instruct him not to answer as to the

(Hom - 6/25/08)

meeting with -- that he attended that I'm present and Catherine Crow was also present.

MR. BEHRE: Well, unfortunately, that's been waived tenfold.

MS. KIRCHNER: It's not been waived.

MR. BEHRE: You're producing all these privileged documents. I've called your attention to it and I've asked you whether it's inadvertent production. You have not asserted that, you've waived.

MS. KIRCHNER: I have not waived, and I'm instructing him not to answer as to what was discussed at the meeting where I was present and Catherine Crow was present.

MR. BEHRE: You produced agendas, you produced billing records, you produced this document. I guess we'll have it out before the judge, but --

MS. KIRCHNER: You can do whatever you --

(Hom - 6/25/08)

MR. BEHRE: -- it's an incredible waiver in my mind, and I've --

MS. KIRCHNER: It's no waiver.

MR. BEHRE: -- asked you multiple times whether you wanted to take it back. You didn't.

MS. KIRCHNER: There is no waiver as to the meeting he attended and his conversations -- at conversations in the meeting where I'm present and Catherine Crow is present.

Q Mr. Hom, were you retained pursuant to a privilege that you understood existed at the time of your retention by the government?

A Say again.

Q Were you retained pursuant to a privilege?

A I don't quite understand your question.

Q Was your retention by the GSA pursuant to a privilege, or were you retained as any expert would be in an unprivileged situation?