# EXHIBIT 38

UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - -x

AMEC CONSTRUCTION MANAGEMENT, INC.,
f/k/a Morse Diesel International, Inc.,

Plaintiff,

-against- Case No. 06-867
(Judge Braden)

THE UNITED STATES,

Defendant.

- - - - - - - - - - - - - - - - - - - - -x

June 25, 2008
8:50 a.m.

Videotaped deposition of MARTIN HOM, taken by attorneys for Plaintiff, pursuant to subpoena, held at the offices of Paul, Hastings, Janofsky & Walker, LLP, 3579 Valley Centre Drive, San Diego, California, before Helen Mitchell, a Shorthand Reporter and Notary Public.

WINTER REPORTING, INC. 212.953.1414

(Hom - 6/25/08)

A That would be a safe assumption.

Q So then it couldn't have been at the April 17 and 18 meetings in St. Louis; correct?

A I didn't say that it was.

Q I'm not -- I didn't say you did--

A Oh.

Q -- I'm just asking.

A Correct.

Q Directing your attention to Exhibit 21 at page 10513 --

A Yes.

Q -- towards the lower half of the page, under the heading five, "Corrective work after October 2000," the text of this letter reduces the amount to charge MDI, and under Johnson Controls and LB&B Associates there's a notation, a description or an explanation that reads, "Change due to my determination MDI might not be responsible for all costs."

Do you see those two notations?

A I see them.

Q During the course of your work under your engagement letter with the GSA and

(Hom - 6/25/08)

the Department of Justice, did you ever engage in discussions about what work MDI might not be responsible for?

A As I've testified this morning, yes, there were general discussions regarding -- and the best example I can give, it's not limited to that, is owner-caused changes.

Q And do you know whether the reductions in the amount with regard to Johnson Controls, which went from $8,300 to zero, and for LB&B Associates, which went from 33,000 to 10,000, do you know whether those reductions were the result of change orders issued by the government?

A I do not know.

Q Do you have any explanation as to why this draft demand letter and final decision seeks only $10 million instead of 17 or 30 or 28 in the other final decisions?

A No.

(Series of e-mails marked Hom Exhibit 22 for identification.)

Q I'm showing you what has now been marked as Hom Exhibit No. 22.

(Hom - 6/25/08)

Could you look at that exhibit and see if you can identify it.

(Pause)

A Yes, I've seen this before.

Q When's the last time you saw this exhibit?

A I think yesterday.

Q Looking at the back of the document first, on page 5, the document which is Bates labeled 10193, and moving forward, the first e-mail that sets off this string is an e-mail from Georgann Butler forwarding a draft of her final decision; correct?

A That's what it states, yes.

Q And she's seeking comments from Miss Kirchner, Dalton Phillips, John Walsh, John Casey.

Who is he?

A Mr. Casey was in a supervisory position at GSA region six, I believe, at that time.

Q And you receive it as well, as does Karen Poole and Sam Skare; correct?

A That's the way it appears from

**Martin A. Hom**

From: karen.poole@gsa.gov
Sent: Friday, February 17, 2006 12:45 PM
To: Georgann.Butler@GSA.gov
Cc: johnf.walsh@gsa.gov; sam.skare@gsa.gov; Martin A. Hom
Subject: RE: Fw: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision

Thank you, Marty.

Georgann - See below my comments in "red.". Please check for spelling/grammar errors. Please advise if you have further questions or concerns.

Karen Poole
Program Evaluation Officer
Director, Program Evaluation & Finance
GSA Federal Technology Service - Heartland Region (6T)
Phone: (816) 823-2309
Fax: (816) 823-5935
Karen.Poole@gsa.gov

CREATING A SUCCESSFUL FUTURE AT GSA
by living our values everyday and working together to achieve our goals.
Achiever Developer Individualization Input Maximizer

"Martin A. Hom" <MHom@aalrr.com>

02/17/2006 11:11 AM

To: sam.skare@gsa.gov, georgann.butler@gsa.gov

cc: johnf.walsh@gsa.gov, karen.poole@gsa.gov

Subject: RE: Fw: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision

One more thing.....

The LDs were addressed separately in the COFD because they are not technically excess reprocurement costs.

-----Original Message-----
From: Martin A. Hom
Sent: Friday, February 17, 2006 9:09 AM
To: 'sam.skare@gsa.gov'; georgann.butler@gsa.gov
Cc: johnf.walsh@gsa.gov; karen.poole@gsa.gov
Subject: RE: Fw: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision



EXHIBIT
Hom 22 ID
6/25/08

AALRR 10189

Hi All-

Perhaps I can shed a little bit of light on Dom's questions.

The first demand (6P95501A) is addressed in footnote 3. Demand #2
(6P95501B) sought extended
costs for JFI ($903,908) and HOK ($631,060.34) for PIII. Those costs were basically from the date of termination 6/99 through substantial completion 5/00. The individual items of corrective work listed in the COFD include CM costs for JFI. Although we did issue both demands, AMEC requested, and we agreed, to defer collection of payment until after litogation was resolved for both Demand 1 and Demand 2.

Next, the retainage amount of $5,799,143 is broken down as follows:

$2,239,656.00 for list of FONS
$ 100,000.00 sub retainage
$ 2,580.63 interest on sub
retainage
$3,456,906.37 MDI retainage

Since this was earned, but retained monies, it was still accounted for in the contract balance of $24,540,463.49 at the time of termination. The "obligated" monies on the project within the $24M contract balance (unearned or monies earned but owed to subcontractors), were deobligated from Phase II and redistributed into Phase III contracts throughout Phase III. So, when the contract balance is subtracted from the total PIII costs of $42,570,838.09 those retained amounts are accounted for. Does this make sense?

-----Original Message-----
From: sam.skare@gsa.gov [mailto:sam.skare@gsa.gov]
Sent: Friday, February 17, 2006 8:54 AM
To: georgann.butler@gsa.gov
Cc: johnf.walsh@gsa.gov; karen.poole@gsa.gov; Martin A. Hom
Subject: Re: Fw: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision

Do you all want to get together?

Samm

This email message and any attachments to this email message may contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity to whom it is addressed. Please do not forward this message without permission. If you are not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone or return email and delete and destroy the original email message, any attachments thereto and all copies thereof.

Samuel E. Skare, Regional Counsel
Office of Regional Counsel (6L)
United States General Services Administration
1500 East Bannister Road
Kansas City, Missouri 64131-3088
(816) 926-7212 (Office Telephone)
(816) 823-5267 (Direct)
(816) 926-1347 (Facsimile)
(816) 507-4966 (Cell)
sam.skare@gsa.gov

CREATING A SUCCESSFUL FUTURE AT GSA
by Living our values everyday and working together to achieve our goals.

| | | |
|---|---|---|
| To | Georgann Butler/6PC/R06/GSA/GOV<br><br>02/17/2006 10:51 AM | Karen A. Poole/6T/R06/GSA/GOV, mhom@aalrr.com, Samuel E. Skare/6L/R06/GSA/GOV@GSA, John F. Walsh/JA-6/CO/GSA/GOV@GSA |
| cc | | |
| Subject | | Fw: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision |

See Domenique's comments below. She says she wants a call back. I need help answering her questions.

Georgann Butler
GSA (6PCA)
Phone: 816-823-4918
Fax: 816-823-5931 or 816-926-3571
email: georgann.butler@gsa.gov Restorative/Consistency/Harmony/Learner/Focus
----- Forwarded by Georgann Butler/6PC/R06/GSA/GOV on 02/17/2006 10:47 AM -----

| | | |
|---|---|---|
| To | "Domenique.Kirchner@usdoj.gov" <Domenique.Kirchn | "georgann.butler@gsa.gov" |



AALRR 10191

er@usdoj.gov> <georgann.butler@gsa.gov>

cc

02/17/2006 08:57 AM

Subject

RE: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision

Questions:
There were two GSA demands for payment. You have dealt with the first (liquidated damages) in your decision. What about the second, claim 6P95501B? What exactly was that for? Does it cover some of the costs that are part of your final decision? If so, you need to clarify the decision to explain how the second demand for payment relates to this decision.

What about the retainage of $5,799,143 that was withheld on the contract as of the time of termination? Where did that money go? We still have it, correct? What is the status of the retainage?

I would appreciate a telephone call with regard to these matters. 202-307-1111. -----Original Message-----
From: georgann.butler@gsa.gov [mailto:georgann.butler@gsa.gov]
Sent: Tuesday, February 14, 2006 3:33 PM
To: Kirchner, Domenique (CIV); dalton.phillips@gsa.gov; johnf.walsh@gsa.gov
Cc: john.casey@gsa.gov; MHom@aalrr.com; karen.poole@gsa.gov; sam.skare@gsa.gov
Subject: AMEC - Draft Excess Reprocurement Contracting Officers Final Decision

Here's my draft COFD but before I send this out to AMEC, I would really appreciate it if you would please review and provide comments by the close of business on 2-22-06 to me. Thanks!!!

Georgann Butler
GSA (6PCA)
Phone: 816-823-4918
Fax: 816-823-5931 or 816-926-3571
email: georgann.butler@gsa.gov Restorative/Consistency/Harmony/Learner/Focus

Georgann Butler
GSA (6PCA)

Phone: 816-823-4918
Fax: 816-823-5931 or 816-926-3571
email: georgann.butler@gsa.gov Restorative/Consistency/Harmony/Learner/Focus